IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**<br><br><br>Case No: 2:07-CV-37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

This matter was referred by United States District Judge Tena Campbell pursuant to 28 U.S.C. § 636 (b)(1)(A).  Plaintiff's Motion for Leave to Conduct Expedited Discovery[1] is currently before the court.  After careful consideration of the motion, memoranda and other materials submitted by the parties, the court GRANTS the Motion for Expedited Discovery. Although Defendants have suggested mutual discovery is necessary,[2] they have not filed a motion for such discovery and therefore the court declines to address that request.

---

[1]Docket no. 12.

[2]Biamp's Memorandum in Opposition at 10, docket no.29.

# ORDER

IT IS HEREBY ORDERED that the Motion for Expedited Discovery is GRANTED and Plaintiff may serve or take the following discovery:

1. One interrogatory to WideBand Defendants and one interrogatory to Defendant Biamp, in conformity with the interrogatory proposed by Plaintiff in their memorandum;[3]

2. Request for Production of Documents, in conformity with the document requests proposed by Plaintiff as exhibits A and B in the memorandum.[4]  However, Biamp may redact the source code or other proprietary elements of the TrueSound source code, but produce those documents that otherwise support independent development of the TrueSound product.

3. One deposition of WideBand Defendants' Rule 30(b)(6) witness and one deposition of Defendant Biamp's Rule 30(b)(6) witness.

    A. To minimize any burden, Plaintiff will travel to Defendants' places of business, or conduct the deposition by videoconference, and will limit the deposition to the following topics:

        1. The documents produced by Defendants in response to the above-mentioned requests for production;

        2. The process of acquiring and/or developing the WideBand Code;

        3. The licensing of the WideBand Code, whether to or from any of the Defendants in this case, or to or from a non-party;

        4. Defendants' past, current, and ongoing efforts to manufacture, market, distribute, and/or license products that have included the WideBand Code, whether or not such products currently include the WideBand Code and/or were developed using the WideBand Code or any assistance from the WideBand defendants.

---

[3]Memorandum in Support of Motion to Conduct Expedited Discovery at 12, docket no. 13.

[4]*Id.*, exhibits A and B.

4. **Deadlines**

    A.    All discovery responses are due on or before **March 30, 2007.**

    B.    Inspection and copying of documents shall be completed by **April 6, 2007.**

    C.    Depositions of Rule 30(b)(6) witnesses shall be completed by **April 13, 2007.**

5. Counsel should promptly confer and agree on dates and times for inspection, copying and 30(b)(6) depositions.

March 7, 2007.

                              BY THE COURT:

                              _____
                              David Nuffer
                              U.S. Magistrate Judge