IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING BIAMP MOTION TO RECONSIDER**<br><br><br>Civil No. 2:07-CV-37 TC<br><br>District Judge Tena Campbell<br><br><br><br>Magistrate Judge David Nuffer |

　　　Defendant Biamp Systems Corporation ("Biamp") has moved for reconsideration[1] of this court's order[2] permitting Plaintiff ClearOne Communications, Inc. ("ClearOne") to engage in expedited discovery.

　　　Biamp suggests that that discovery is improper on that on Biamp's TrueSound product since ClearOne recently filed documents stating that it makes no claim that TrueSound is an infringing product. The briefing demonstrates the way a case evolves in the early stages. In this case Biamp has not filed an answer; just a motion to dismiss. Discovery is needed because preliminary relief is sought, but the parameters of the case are less than specific. The papers filed since the briefing of the motion for expedited discovery do show that ClearOne has stated

---

[1] Biamp's Motion to Reconsider Discovery Ruling, docket no. 70, filed March 8, 2007.
[2] Docket no. 67, filed March 7, 2007.

that Biamp's TrueSound software was not "the subject" of this litigation, and has clarified that its position is "that the TrueSound software did not contain, at least to ClearOne's knowledge (at least not yet), ClearOne's trade secrets, and was not the subject of the particular misappropriation cited in the complaint."[3] However, ClearOne claims that "it was Biamp that put TrueSound at-issue in this case. It was Biamp that chose to assert independent creation as a defense to the claim of threatened misappropriation of ClearOne's trade secrets."[4] ClearOne says it "need not file a new claim directed specifically to the TrueSound software . . . because . . . Biamp has brought TrueSound into the lawsuit. . . . ClearOne seeks verification that such software was not developed through misappropriation of ClearOne secrets."[5]

At this preliminary stage of the case, when all that is plead is misappropriation of ClearOne's technology -- when ClearOne does not know enough to make a Rule 11 certified statement that TrueSound is implicated -- discovery about TrueSound as a separate product is not appropriate.

Discovery is limited to matters relevant to the claim or defense of a party. Biamp has satisfied the court that its reference to TrueSound was no admission of its inclusion in the scope of the complaint, and ClearOne admits as much. The parties do not specifically show the court how TrueSound is implicated in the current proposed discovery. And the court does not intend to exclude TrueSound categorically. However, it appears that the objectionable request seeking information about TrueSound even if it is not an infringing product is part of Request No. 5 to Biamp. And it appears that this objectionable portion can be severed by the following edit:

---

[3] Memorandum in Opposition to Biamp's Motion to Reconsider Discovery Ruling at 5, docket no. 75, filed March 9, 2007.
[4] *Id.*
[5] *Id.* at 8.

REQUEST NO. 5: All documents reflecting or relating to any Defendant's past, current, and/or ongoing efforts to manufacture, market, distribute, and/or license products that have included the WideBand Code~~, whether or not such products currently include the WideBand Code. This response should include, without limitation, documents reflecting the development of technology to replace the WideBand Code, whether or not such technology replaced the WideBand Code~~.[6]

If TrueSound otherwise falls within the ClearOne expedited discovery (after the foregoing edit), then those questions must be answered.  It may be at a later date that ClearOne will be able to make an affirmative allegation that will bring TrueSound as a product category into this lawsuit.  But that is not the case at present.

## ORDER

IT IS HEREBY ORDERED that Biamp's motion to reconsider[7] is GRANTED.  Biamp's obligation to respond to discovery is modified only by striking the indicated language from Request No. 5.

Dated this 19th day of March 2007.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[6] The proposed requests are attached as Exhibit B to Memorandum in Support of Motion to Conduct Expedited Discovery, docket no. 13, filed February 7, 2007.

[7] Biamp's Motion to Reconsider Discovery Ruling, docket no. 70, filed March 8, 2007.