IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER REGADING WIDEBAND MOTION TO RECONSIDER**<br><br><br>Civil No. 2:07-CV-37 TC<br><br>District Judge Tena Campbell<br><br><br><br>Magistrate Judge David Nuffer |

Defendants Andrew Chiang, Jun Yang, WideBand Solutions, Inc. ("WideBand") has moved for reconsideration[1] of this court's Order[2] permitting Plaintiff ClearOne Communications, Inc. ("ClearOne") to engage in expedited discovery.

WideBand seeks reconsideration of the Order because it appears to not address three documents WideBand has filed:

- the WideBand Motion for Protective Order[3];
- Motion to . . . Stay Discovery on the Issue of Damages;[4] and
- Defendants' Preliminary Objections to Plaintiff's First Request for Production of Documents and Interrogatory to Defendants Andrew Chiang, Jun Yang, and WideBand Solutions, Inc. (WideBand's Objections).[5]

---

[1] Docket no. 79, filed March 12, 2007.
[2] Docket no. 67, filed March 7, 2007.
[3] Docket no. 34, filed February 20, 2007.
[4] Docket no. 40, filed February 20, 2007.
[5] Docket no. 40, filed February 20, 2007.

**WideBand Motion for Protective Order**

WideBand is correct that the Order does not specifically address the substance of the WideBand motion for protective order.[6] The footnote reference to that motion in the later Confidentiality Order[7] (in the footnote on page 1) reflects that the magistrate judge read materials submitted on that motion as of the date the Confidentiality Order was filed, which included the memorandum in support and opposition, and that the Confidentiality Order was a partial response to those concerns. But by stipulation, briefing will not be complete on the WideBand motion for protective order until March 29, 2007.[8] That motion is not finally resolved.

Because the Confidentiality Order was unclear, the clerk has terminated (treated as resolved) WideBand's motion for protective order. The clerk will be directed to administratively re-open WideBand's motion for protective order so that it is not terminated.

The principal thrust of WideBand's motion for protective order is substantive: that there is no infringement for various technical reasons which may be proved to be sound at the hearing on a preliminary injunction.[9] But ClearOne disputes those statements,[10] and feels its proof will persuade the court otherwise. The facts on this motion are the facts of the case. One stage in resolution of these facts will be aided by expedited discovery. That discovery is subject to protections, which will be amplified later in this order, to meet concerns WideBand expressed to

---

[6] Docket no. 34, filed February 20, 2007.
[7] Docket no. 74, filed March 9, 2007.
[8] Docket no. 87, filed March 16, 2007.
[9] Memorandum of Law in Support of Motion for Protective Order at 3-5, docket no. 35, filed February 20, 2007.
[10] Plaintiff's Opposition to Wideband Defendants' Motion for Protective Order at 4-9, docket no. 58, filed under seal February 28, 2007.

some degree in the motion for protective order but more clearly in the motion to bifurcate or stay.

## Motion to Bifurcate or Stay Discovery on Damages

WideBand moved to bifurcate the trial and stay discovery, proposing that the court should first decide whether "outdated ClearOne Trade Secrets are protected under the law, [and whether] the WideBand Defendants actually took this information and somehow applied it to the development of the WideBand Technology."[11]  This motion is before the district judge.

In the motion to bifurcate and stay, WideBand expressed concern that ClearOne's proposed interrogatory and requests nos. 5 and 6[12] "seek the disclosure of every aspect of WideBand's relationship with each of its customers."[13]  It claims this is egregious given the fact that ClearOne has not identified the trade secrets alleged to be incorporated in WideBand's product or how they could have come to be incorporated in WideBand's product.[14]  Dangers feared by WideBand include "the disclosure of confidential commercial information that might be used to WideBand's detriment, even if disclosed under the protection of a confidentiality order . . . and the threat that ClearOne will, in turn, contact the customers identified" and thus

---

[11] Memorandum of Law in Support of Motion to . . . Stay Discovery on the Issue of Damages (Stay Memorandum) at 6, docket no. 37, filed February 20, 2007.

[12] The discovery requests are attached as Exhibit A to Memorandum in Support of Motion to Conduct Expedited Discovery, docket no. 13, filed February 7, 2007and read:
>Interrogatory No. 1: Please identify any person or entity which has received or licensed the WideBand Code, whether in the form of source code, machine code, object code, or otherwise, and whether or not such person or entity received the entire code, or a portion thereof, including the date of all such transfers, the means by which the code was delivered, and the same information for any updates or additional copies of the WideBand Code provided;
>REQUEST NO. 5: All documents reflecting or relating to the licensing of the WideBand Code, whether to or from any of the Defendants in this case, or to or from any non-party; and
>REQUEST NO. 6: All documents reflecting or relating to any Defendants' past, current, and/or ongoing efforts to manufacture, market, distribute, and/or license products that have included the WideBand Code. This response should include, without limitation, documents reflecting the development of technology to replace the WideBand Code, whether or not such technology replaced the WideBand Code.

[13] Stay Memorandum at 4.

harm WideBand's interests.[15] WideBand therefore seeks bifurcation of the case and stay of discovery beyond the issue of existence of trade secrets and infringement.[16]

The issue of bifurcation of trial and discovery is before the district judge. The magistrate judge seeks to ensure that evidence be assembled to enable a meaningfully rapid evaluation of rights; that a future hearing on a preliminary injunction will be meaningful; and that each party can make a fair presentation of evidence at that very important *preliminary stage* of the litigation. WideBand's proposal *as far as the current expedited discovery is concerned*, would mean that the *preliminary injunction hearing* would necessarily proceed in two phases, first determining existence of secrets and infringement liability in a vacuum without consideration of the potential extent of any possible infringement. A provisional remedy would be difficult to fashion in that vacuum. The district judge may feel the overall management of the case should proceed otherwise, but currently there is no bifurcation or stay order.

The magistrate judge has already entered a protective order allowing WideBand to restrict, at its option, sensitive information. The court is also able to impose restrictions on ClearOne's ability to contact WideBand customers, which is entirely appropriate at this time.

### WideBand's Objections to Discovery

WideBand filed objections[17] to the proposed expedited discovery before the court granted the motion permitting it. The magistrate judge did not review or consider the objections prior to

---

[14] *Id.*
[15] *Id.* at 7.
[16] Motion to Bifurcate Trial and to Stay Discovery on the Issue of Damages at 4, docket no. 42, filed February 20, 2007.
[17] WideBand's Objections, docket no. 40, filed February 20, 2007.

entering the Order.[18] After review of those objections, the magistrate judge does not see any reason to alter the existing order other than as already mentioned in this document.

### ORDER

IT IS HEREBY ORDERED that WideBand's motion for reconsideration[19] is GRANTED IN PART

    a.    The clerk shall administratively reflect that WideBand's motion for protective order[20] is still pending decision; and

    b.    Until further order of the court,

        i.    Plaintiff shall not make any use of information regarding WideBand's customers for any purpose outside the pleadings in this litigation;

        ii.    Plaintiff and counsel are specifically prohibited, directly or indirectly, from contacting any of the customers identified in the information or taking any action against them until further order of the court; and

        iii.    Plaintiff's counsel are specifically charged with the obligation to ensure that they do not reveal information tending to permit Plaintiff to identify WideBand's customers.

    c.    Plaintiff and Plaintiff's counsel are specifically warned that the potential damage from violation of this protective order is significant, and that violation of the order may

---

[18] The magistrate judge did not review the objections because they were not expected or referenced. Local rules do not permit filing of responses to discovery (DUCivR 26-1(b)(1)(E)); the discovery was not promulgated by the date the objections were filed; the document was not "linked" to the motion for expedited discovery and the docket text of the filing did not refer to the motion; and the Federal Rules of Civil Procedure provide that such issues raised by these objections are resolved in a motion to compel or motion for protective order. That said, the delivery of objections to opposing counsel at the earliest opportunity is a commendable practice.

[19] [Chiang and WideBand's] Motion to Reconsider Order Granting Motion for Leave to Conduct Expedited Discovery, docket no. 79, filed March 12, 2007.

[20] Docket no. 34, filed February 20, 2007.

include significant remedies, such as damages, contempt remedies, and dismissal of claims. The intention of this order is, pending further order of the court, to completely prohibit Plaintiff, directly or indirectly, from using the provided information to make any contact with or take any other action against or regarding WideBand's customers.

Dated this 19th day of March 2007.

**BY THE COURT:**

_____
David Nuffer
United States Magistrate Judge