IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY AND MOTION FOR PROTECTIVE ORDER**<br><br><br>Civil No. 2:07-CV-37 TC<br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge David Nuffer |

　　　Defendants Andrew Chiang, Jun Yang, WideBand Solutions, Inc. ("WideBand") have moved for a protective order[1] and to stay a portion of the case.[2]  Both these motions seek to keep some issues in reserve.  The magistrate judge has already ordered expedited discovery,[3] entered a protective order,[4] and placed further restrictions on ClearOne's use of Wideband's discovery information.[5]  A status conference is set before the district judge on April 3, 2007.[6]

---

[1] Motion for Protective Order, docket no. 34, filed February 20, 2007.
[2] Motion to Bifurcate Trial and Stay Discovery on the Issue of Damages, docket no. 42, filed February 20, 2007. WideBand's document also moves to bifurcate the proceedings.  The district judge will determine that issue.
[3] Docket no. 67, filed March 7, 2007.
[4] Docket no. 74, filed March 9, 2007.
[5] Docket no. 90, filed March 19, 2007.
[6] Docket no. 99, filed March 21, 2007.

## Motion to Bifurcate or Stay Discovery on Damages

WideBand moved "to bifurcate trial between the issues of liability and damages and to defer discovery on the issue of damages until after the adjudication of the liability phase of the litigation."[7] In the first phase of the case, Wideband suggests the court should only decide whether "outdated ClearOne Trade Secrets are protected under the law, [and whether] the WideBand Defendants actually took this information and somehow applied it to the development of the WideBand Technology."[8]

WideBand says that information it provides to ClearOne beyond that needed to decide the above issues will harm it. First, there is the risk "that any disclosures will be put to commercial use, despite the terms of any confidentiality order . . . . Second, these discovery requests carry with them the threat that ClearOne will . . . contact the customers identified, notify them of ClearOne's untested allegations, subpoena them, or even threaten litigation over their use of the WideBand Technology."[9]

## WideBand Motion for Protective Order

In its motion for protective order, WideBand urges that before the court requires "compulsory disclosure of the WideBand Trade Secrets," "Plaintiff should be required to make a showing . . . that it is feasible for Plaintiff's alleged trade secrets to have been utilized in the development of the WideBand Technology."[10] WideBand suggests that "Plaintiff must first disclose its trade secrets with reasonable particularity (and thereby give the defendants an opportunity to challenge the requested discovery), and then make a showing of need for the

---

[7] Motion to Bifurcate Trial and Stay Discovery on the Issue of Damages at 2.
[8] Memorandum of Law in Support of Motion to . . . Stay Discovery on the Issue of Damages (Stay Memorandum) at 6, docket no. 37, filed February 20, 2007.
[9] *Id.* at 7.

2

discovery of the defendants' trade secrets."[11]  In other words, before any detailed technical information about WideBand's product would be delivered, ClearOne would be required to show all its trade secrets and that WideBand's product could possibly incorporate some of that material.

As a prior order[12] has noted, the principal thrust of WideBand's motion for protective order is that there is no infringement for various technical reasons.[13]  ClearOne disputes WideBand's arguments that infringement is not technically feasible,[14] and feels its proof will persuade the court.  The facts underlying this motion are the facts of the case.  One stage in resolution of these facts will be aided by expedited discovery.  That discovery is subject to adequate protections.

WideBand also urges that customer information should not be provided because ClearOne is a direct competitor.  That issue has already been addressed by an order restricting access to and use of this sensitive WideBand information.[15]

The magistrate judge is very aware of the potential misuses of information obtained in litigation and the imposition litigation may represent to an ultimately vindicated defendant.  However, the system of civil dispute resolution depends on the flow of information.  And in a case in which provisional remedies are sought, an early flow is essential to enable the court to make decisions.  The magistrate judge has attempted to formulate requirements which meet the

---

[10] Motion for Protective Order at 3.
[11] Memorandum of Law in Support of Motion for Protective Order at 8, docket no. 35, filed February 20, 2007.
[12] Docket no. 90, filed March 19, 2007.
[13] Memorandum of Law in Support of Motion for Protective Order at 3-5.
[14] Plaintiff's Opposition to Wideband Defendants' Motion for Protective Order at 4-9, docket no. 58, filed under seal February 28, 2007.
[15] Docket no. 90, filed March 19, 2007.

opposing requirements of development of a record and protection of parties and does not see the need for further modifications.

## ORDER

IT IS HEREBY ORDERED that the motion for stay[16] and motion for protective order[17] are DENIED.

Dated this 2nd day of April 2007.

**BY THE COURT:**

_____
David Nuffer
United States Magistrate Judge

---

[16] Wideband also moved to bifurcate the proceedings. The district judge will determine that issue. Docket no. 42, filed February 20, 2007.

[17] Docket no. 34, filed February 20, 2007.