# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual; JUN YANG, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts corporation; BIAMP SYSTEMS CORPORATION, an Oregon corporation; and HARMAN MUSIC GROUP, INC., a Utah corporation;<br><br>Defendants. | **MEMORANDUM DECISION and ORDER REGARDING DESIGNATION OF DOCUMENTS UNDER CONFIDENTIALITY ORDER**<br><br>Civil No. 2:07cv00037TC<br>Honorable Tena Campbell<br><br><br><br>Magistrate Judge David Nuffer |

This order deals with three motions by ClearOne,[1] all seeking to modify WideBand Defendants' designation of documents as "Confidential" or "Highly Confidential" under the Confidentiality Order[2] in effect in this case.

The Confidentiality Order was entered on the authority of Fed. R. Civ. P. 26(c)(7) which allows a district court to enter an order "which justice requires to protect a party or person from annoyance, embarrassment, or oppression or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a designated way." The Confidentiality Order permits parties producing

---

[1] Motion to Modify Confidentiality Designation of Certain Documents, docket no. 198, filed June 12, 2007; Expedited Motion to Re-Designate Certain Documents as Confidential, docket no. 319, filed under seal July 30, 2007; Expedited Motion to Re-Designate Paragraphs 6-13 of Lonny Bowers' June 8, 2007, Declaration as "Confidential," docket no. 305, filed July 26, 2007.

[2] Order Granting in Part Motions for Confidentiality Order (Confidentiality Order), docket no. 74, filed March 9, 2007.

documents or testimony to protect information by designating it " 'HIGHLY CONFIDENTIAL' or 'CONFIDENTIAL' [if] the designating party believes in good faith that the designated material is Protected Information entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure."[3] "Further, the designating party may designate the Protected Information as 'HIGHLY CONFIDENTIAL' with respect to certain parties to the litigation, while designating that same Protected Information as 'CONFIDENTIAL' with respect to other parties to the litigation, in appropriate circumstances and in good faith."[4]

Outside counsel for the parties may have access to all protected information,[5] but parties may not have access to "HIGHLY CONFIDENTIAL" information. Limited access to "CONFIDENTIAL" information is permitted for party executives or technical advisors, but only after advance notice to the producing and designating party.[6] Independent technical experts may have access to "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information, but only after notice to the producing party.[7]

The Confidentiality Order permits parties to challenge the designations made by another party, first between themselves and then involving the court. "The designating party shall bear

---

[3] *Id.* ¶ 4.
[4] *Id.*.
[5] *Id.* ¶ 7.
[6] Protected information designated as "CONFIDENTIAL" may be received, subject to the provisions of paragraphs 13 and 14 below, by up to two (2) representatives or employees of the receiving party who are either an officer, general legal counsel, or an executive responsible for policy with reference to this action; two (2) representatives or employees of the receiving party who are technical persons who may only receive technical information; and one (1) person of a staff or clerical nature, such as a legal assistant or secretary, who assists or maintains files for the aforementioned four representatives. The parties shall provide written notification, to and through their respective counsels of record, of the name and title of each person to whom such Protected Information and material will be shown or communicated pursuant to this provision, five business days before the same is so shown or communicated.
*Id.* ¶ 12.
[7] *Id.*

the burden of establishing the need for the 'HIGHLY CONFIDENTIAL' or 'CONFIDENTIAL' designation."[8]

In determining how to protect confidential information in the context of a suit, "the court should balance the [discovering party's] interests in full disclosure of relevant information and reasonable protection [of the disclosing party] from economic injury. In making this determination, the court is required to exercise its sound discretion to implement the philosophy of full disclosure of relevant information during discovery, while at the same time affording the parties reasonable protection against harmful side effects." [9] This balancing helps determine how protection should be implemented.

In this case, the parties have used the a common mechanism to accomplish the interchange of information necessary for litigation, while reducing the risk of mis-use of that information (or the litigation process) to the competitive disadvantage of a producing party. Access to some information is limited to outside counsel and experts. Under this method, a party may not know all the facts in the case, but must rely on professional advisers outside the realm of competition with the producing party. However, "that [approach] risks excluding the parties themselves from the litigation."[10] The need for a party to effectively participate must be considered.

The court must also consider that confidentiality orders are in derogation of the public right of access to the business of the courts.

> There is a strong presumption toward public disclosure of court files and documents, as the "public at large pays for the courts and therefore has an interest

---

[8] *Id.* ¶ 25.
[9] *Davis v. AT&T Corp,* No. 98-CV-0189S(H), 1998 WL 912012, at *2 (W.D.N.Y. December 23 ,1998) (citing *Safe Flight Instrument Corporation v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 23 (D. Del. 1988) and quoting *E.I. du Pont de Nemours & Company v. Phillips Petroleum Company*, 219 U.S.P.Q. (BNA) 37, 38 (D. Del.1982)). *See also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).
[10] Reply in Support of Motion to Modify Confidentiality Designation of Certain Documents (ClearOne Reply 284) at 2 n.1, docket no. 284, filed July 11, 2007.

in what goes on at all stages of a judicial proceeding." Public disclosure is justified further by the First Amendment.[11]

Thus, a court's examination of confidential protection is more broad than the parties' interests.

The Rule allowing protection of business information requires that "good cause" should be shown for protection of sensitive business information. Allowing mechanical designation by a producer is a convenient and justifiable mechanism to move litigation along, but the WideBand Defendants have the burden of demonstrating "good cause."

### Docket no. 198 - Motion to Modify Confidentiality Designation of Certain Documents[12]

In its first motion, ClearOne says it seeks

> redesignation of a discrete set of documents to the lower designation of "Confidential" so that its representatives under the Confidentiality Order may view the same for purposes of this litigation only. ClearOne further seeks the very limited and controlled disclosure of an even smaller set of documents to ClearOne's Board of Directors for purposes of this litigation only. ClearOne does not seek to make these documents available to the public, nor to members of the audio DSP industry that are not a party to this case . . . .[13]

ClearOne says it seeks this re-designation "so that ClearOne can make informed decisions about this case, and assist its counsel on certain technical issues."[14]

Wideband Defendants strongly object to any reexamination of their designations and claim that ClearOne's improper motives drive the discovery and the litigation. "Plaintiff seeks to have the Court second guess the WideBand Defendants and determine what information of the WideBand Defendants' can appropriately be labeled 'Highly Confidential.'"[15]

---

[11] *In re Bank One Securities Litigation*, 222 F.R.D. 582, 585 -586 (N.D. Ill. 2004) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982) and quoting *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994)).

[12] Docket no. 198, filed June 12, 2007.

[13] ClearOne Reply 284 at 2.

[14] Memorandum in Support of Motion to Modify Confidentiality Designation of Certain Documents (ClearOne Supporting Memorandum 206), at 2, docket no. 206, filed under seal June 12, 2007.

[15] WideBand Defendants' Memorandum in Opposition to Plaintiff's Motion to Modify Confidentiality Designation of Certain Documents (WideBand Opposition 262) at 2, docket no. 262, filed under seal June 27, 2007.

      Since the inception of this litigation, the WideBand Defendants have wondered whether this lawsuit is being driven by a desire to protect alleged trade secrets or a desire to gain information about WideBand and run it out of business.  The WideBand Defendants' concerns about the real motives driving Plaintiff are being confirmed by Plaintiff's latest attempt to gain access to WideBand's confidential information.[16]

      Wideband's concerns are real, and play a large role in all litigation between competitors. However, when a claim is stated, discovery must be permitted, with a balancing of disclosure and protection.

### September 5, 2005 E-Mail

      First, ClearOne seeks to remove the "Confidential" designation from an e-mail dated September 5, 2005.[17]  Therefore, ClearOne seeks to make this information available generally, without restraint.  ClearOne claims this document "does not contain trade secret information, nor other confidential research, development, or commercial information" entitled to special protection under Fed. R. Civ. P. 26(c)(7).[18]  WideBand objects, claiming that the email contains "(1) the nature of [the WideBand – Biamp] business relationship; (2) product capabilities; (3) customer concerns; and (4) experience with certain products."[19]  Careful examination of the e-mail shows that it does address these topics, but except for one paragraph, they are not discussed in such detail as to merit any protection as "a trade secret or other confidential research, development, or commercial information."[20]  The information in the e-mail is probably not normally disclosed to the public, but here in a matter of public interest, the information (except for the one paragraph) is presumptively subject to disclosure.  In addition, there is an additional sentence which should be protected from disclosure to prevent annoyance or embarrassment. After ten days from the date of this order, the redacted version of the September 5, 2005, e-mail

---

[16] *Id.*  See similar comments catalogued in ClearOne Reply 284 at 9-10.
[17] The e-mail is attached as Exhibit C to ClearOne Supporting Memorandum 206.
[18] ClearOne Supporting Memorandum 206 at 2.
[19] Wideband Opposition 262 at 4.
[20] Fed. R. Civ. P. 26(c)(7).

which has been e-mailed to counsel for Wideband Defendants and Clear One shall no longer be protected under the Confidentiality Order.

### WideBand-Biamp Contract Information

ClearOne seeks to reduce the level of protection for other documents relating to the contract between WideBand and Biamp, including contract documents and performance reports. As to these documents, ClearOne seeks to reduce protection to "Confidential" rather than "Highly Confidential." This would permit sharing of information with a few ClearOne executives, technical representatives and others.

Biamp objects that there is "no litigation reason why licensing terms, licensing fees, product specifications and other confidential information is necessary to ClearOne's litigation case."[21] WideBand asserts that if ClearOne and WideBand ever compete on a contract opportunity, and ClearOne management had access to this information, ClearOne "would know what terms are agreeable to WideBand, WideBand's expected profits and WideBand's ability to meet performance milestones."[22] ClearOne, however, says it "will not be seeking any [future DSP licensing] agreements with third parties . . . ."[23] WideBand states that it "has not made [this information] available to anyone outside of this litigation and holds such information confidential . . . ."[24]

This dispute illustrates the classic challenge in infringement litigation – preventing loss of competitive position while permitting full and complete dispute resolution.

> **WideBand-Biamp Contract**.[25] The first document in dispute is the "WideBand-Biamp Contract which operated as the license agreement for the WideBand Code. This

---

[21] Biamp's Memorandum in Opposition to ClearOne's Motion to Modify Confidentiality Designation of Certain Documents at 6, docket no. 271, filed July 2, 2007.
[22] Wideband Opposition 262 at 6.
[23] ClearOne Supporting Memorandum 206 at 7-8.
[24] Wideband Opposition 262 at 6.
[25] This document is attached to ClearOne Supporting Memorandum 206 as Exhibit D.

document primarily contains three types of information: (1) a brief overview of the specifications to be provided in the WideBand Code, (2) a development schedule, and (3) a description of the money to be provided to WideBand from Biamp as a result of the agreement."[26] If this case were between two parties to the contract, the contract would be central. That centrality illustrates its importance to WideBand's business. The contract is relevant in this litigation to the damages portion of the case, so its eventual relevance to the present dispute is conditional on proof of liability. The designation as "Highly Confidential" is appropriate for the contract; however, the need to have executive input on litigation strategy is affected by damages potential. Therefore, ten days after the date of this order, the Development Cost (and accompanying text in subparagraph 1 of that paragraph) and possible price for a copy of source code (in the paragraph entitled "Availability/Conditions" on the last page) shall be treated as Confidential Information as to ClearOne.

**Purchase Order.**[27] The second document is "the purchase order that was issued from Biamp to WideBand that evidences the amounts paid to WideBand pursuant to the WideBand-Biamp Contract."[28] As to this document only, "ClearOne further requests that special permission be granted to disclose this Purchase Order . . . to ClearOne's Board of Directors"[29] because it bears on "the potential damages in this case."[30] The Purchase Order contains pricing information that is not generally available and important to WideBand's business operations. The price data in the Purchase Order is the same as that contained in the Contract. Ten days after the date of this order, the Purchase Order shall be treated as Confidential Information as to ClearOne.

**Summary of Payments**.[31] "At the 30(b)(6) deposition of Biamp, Gerald Payette, Biamp's Vice President of Finance, brought with him a document summarizing the amounts paid to WideBand for [royalty] fees."[32] ClearOne seeks this document "as evidence of the potential damages in this case."[33] Without the Purchase Order and Summary of Payments, ClearOne says "it would be virtually impossible for ClearOne's attorneys to advise ClearOne on any settlement . . . ."[34] Ten days after the date of this order, this summary information may be treated as Confidential as to ClearOne.

**Biamp Notebook Entries Produced by WideBand**.[35] Two Biamp Project Notebook Entries were produced by WideBand in this case.[36] Clear One says it needs broader access to these materials "in order to obtain the input of ClearOne's 'technical information' representatives . . . ."[37] Given the central nature of the intellectual property

---

[26] ClearOne Supporting Memorandum 206 at 6.
[27] This document is attached to ClearOne Supporting Memorandum 206 as Exhibit G.
[28] ClearOne Supporting Memorandum 206 at 8.
[29] *Id.*
[30] *Id.* at 9.
[31] This document is attached to ClearOne Supporting Memorandum 206 as Exhibit H.
[32] ClearOne Supporting Memorandum 206 at 9.
[33] *Id.*
[34] ClearOne Reply 284 at 6.
[35] These documents are attached to ClearOne Supporting Memorandum 206 as Exhibits I and J.
[36] ClearOne Supporting Memorandum 206 at 9.
[37] *Id.* at 10.

of each party to this litigation and the need to protect their competitive positions – unless adjudication determines infringement exists – this document should remain Highly Confidential.

**IP Agreement**[38]  "Jun Yang produced the agreement by which he purports to have licensed the intellectual property contained in the WideBand Code to WideBand. . . . This document contains three types of information: (1) five definitions, (2) seven relatively-generic licensing provisions, and (3) a description of the money to be provided to Yang from WideBand as a result of the agreement."[39]  WideBand's concern is that this document "discloses sensitive financial information . . . ."[40]  Other than that financial information, the document appears to be very uninformative.  Ten days after the date of this order, the document shall be treated as Confidential Information as to ClearOne.

### Docket no. 319 - Motion to Modify Confidentiality Designation of Certain Documents[41]

ClearOne seeks to re-designate a "Trip Report" prepared by Lonny Bowers regarding his visit with Harman Music Group, Inc., on November 14, 2006 in which ClearOne claims there was discussion of ClearOne's intellectual property.  The Trip Report was sent to Defendants Chiang and Yang, among others, on November 15, 2006.  ClearOne seeks to reclassify part of the Trip Report from "Highly Confidential" to "Confidential."[42]  "ClearOne does not seek to re-designate the entire Trip Report, but only the date and other indicia about the timing and circumstances of the document, in addition to the language about Lonny Bowers' Meeting with Kevin Yan, and Yan's discussion about ClearOne's [intellectual property]."[43]  ClearOne did not provide a proposed redacted version of the Trip Report.

The portion of the Trip Report relating the Yan discussion is central to issues in this litigation and does not reveal the substance of anyone's "significant technical, marketing, financial, sales, or business information which could be used by the receiving party, or non-

---

[38] This document is attached to ClearOne Supporting Memorandum 206 as Exhibit J.
[39] ClearOne Supporting Memorandum 206 at 10.
[40] Wideband Opposition 262 at 7.
[41] Docket no. 319, filed July 30, 2007.
[42] Expedited Motion to Re-Designate Certain Documents as "Confidential" at 3, docket no.319, filed July 30, 2007.
[43] Reply in Support of Expedited Motion to Re-Designate Certain Documents as "Confidential" at 2, docket no. 389, filed under seal August 27, 2007.  *See also*  Memorandum in Support of Expedited Motion to Re-Designate Certain Documents as "Confidential" at 3 n.3, docket no. 320, filed July 30, 2007.

parties, to obtain a business (not legal) advantage over the producing party."[44] After ten days from the date of this order, the redacted version of the Trip Report emailed by the magistrate judge to counsel for Wideband Defendants and Clear One shall be designated "Confidential."

In connection with this motion, ClearOne asked the magistrate judge to reconsider[45] the court's denial of expedited briefing.[46] That motion to reconsider is moot.

### Docket no. 305 - Motion to Re-Designate Paragraphs 6-13 of Lonny Bowers' June 8, 2007, Declaration as "Confidential."[47]

ClearOne recently discovered a September 2005 e-mail from Lonny Bowers, President of WideBand, to Defendant Biamp, in which Bowers referred to ClearOne's algorithm. In response to ClearOne's arguments about this e-mail, Bowers filed a declaration, explaining what he meant by the e-mail.[48]

The entire Declaration of Lonny Bowers[49] is currently designated Highly Confidential. ClearOne says it needs to use specific paragraphs to depose Biamp to whom the e-mail was directed. Careful review of the paragraphs shows that the information is not of such a character as to be properly designated Highly Confidential. Ten days after the date of this order, Paragraphs 6-13 of Lonny Bowers' June 8, 2007, Declaration shall be treated as Confidential as to ClearOne.

---

[44] Confidentiality Order, ¶ 4.
[45] Sealed Motion to Reconsider Expedited Briefing Schedule, docket no. 333, filed under seal August 9, 2007.
[46] The magistrate judge ordered preliminary briefing on the issue of expediting the motion to re-designate (Minute Entry docket no. 314, filed July 30, 2007, and denied expedited briefing (docket no. 323, filed August 2, 2007) after reviewing WideBand Defendants' Preliminary Response to ClearOne's Expedited Motion to Re-Designate Certain Documents as Confidential, docket no 328, filed under seal August 1, 2007.
[47] Docket no. 305, filed July 26, 2007.
[48] Motion at 2.
[49] Declaration of Lonny Bowers, docket no. 188, filed under seal June 8, 2007. A copy is also attached to Memorandum in Support of Expedited Motion to Re-Designate Paragraphs 6-13 of Lonny Bowers' June 8, 2007, Declaration as "Confidential, docket no. 305, filed July 26, 2007.

**ORDER**

IT IS HEREBY ORDERED that

o   The Motion to Modify Confidentiality Designation of Certain Documents[50] is GRANTED IN PART as provided herein;

o   The Expedited Motion to Re-Designate Certain Documents as Confidential[51] is GRANTED IN PART as provided herein;

o   The Sealed Motion to Reconsider Expedited Briefing Schedule[52] is MOOT;

o   The Expedited Motion to Re-Designate Paragraphs 6-13 of Lonny Bowers' June 8, 2007, Declaration as "Confidential"[53] is GRANTED.

Dated this 5th day of September, 2007.

_____
David Nuffer
United States Magistrate Judge

---

[50] Docket no. 198, filed June 12, 2007.
[51] Docket no. 319, filed under seal July 30, 2007.
[52] Docket no. 333, filed under seal August 9, 2007.
[53] Docket no. 305, filed July 26, 2007.