# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual; JUN YANG, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts corporation; BIAMP SYSTEMS CORPORATION, an Oregon corporation; and HARMAN MUSIC GROUP, INC., a Utah corporation;<br><br>    Defendants. | **MEMORANDUM DECISION and ORDER GRANTING MOTIONS TO AMEND and FINDING OTHER MOTIONS MOOT**<br><br><br>Civil No. 2:07cv00037TC<br><br>Honorable Tena Campbell<br><br><br><br><br><br>Magistrate Judge David Nuffer |

The district judge has referred two motions to amend[1] the complaint to the magistrate judge under 28 U.S.C. § 636(b)(1)(A).[2] The court granted leave to amend to add claims against Harman Music Group, Inc., and an amended complaint was filed.[3]

Futility arguments are raised against each amendment. Amendment will not be permitted if the complaint would still not state a claim.

> The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court; however, since Rule 15(a) requires that leave to amend be "freely given when justice so requires", the trial court generally must justify its denial of such a motion. One of the reasons which will justify the denial of leave to amend is "futility of amendment".[4]

---

[1] Docket no. 166, filed June 4, 2007; docket no. 336, filed August 9, 2007.
[2] Transcript of Hearing August 24, 2007, at 4-7, docket no., 399, filed under restriction August 31, 2007; Minute Entry August 24, 2007, docket no. 384.
[3] Second Amended Complaint, docket no. 395, filed under seal August 30, 2007.
[4] *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)(citations omitted).

But the doctrine is meant to apply in cases where a party clearly cannot state a claim. Usually, the doctrine is raised when a party is attempting amendment to prevent dismissal or summary judgment.[5]

Because the doctrine of futility bars a claim even before it is filed, cases make it clear that the merits of the complaint are examined only in a limited manner on a motion to amend – which is not a motion to dismiss or motion for summary judgment.

> As a general rule the court will not pass upon the sufficiency of an amended complaint upon motion for leave to file.  However, it is a matter within the court's discretion to consider and pass upon the sufficiency of an amended pleading on motion for leave to file.
> [O]n this appeal we must accept as true the facts alleged in the amended complaint.
> The proposed amended complaint must be viewed in the light most favorable to the plaintiff; it should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of its claims. No matter how likely it may seem that a plaintiff may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it.[6]

A futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims. The massive amount of factual information presented[7] in objection to the proposed amendments persuades the court that the claims raise issues worthy of more attention than can be given on a motion to amend.

Objections[8] to the third motion to amend raise the issue of jurisdiction over Mr. Bowers and Harman Music Group.  Jurisdictional issues are more properly raised in a motion to dismiss

---

[5] *Anderson v. Suiters,* No. 06-6134, 2007 WL 2421765, *9 (10th Cir. August 28, 2007); *Curley v. Perry*, 246 F.3d 1278, 1281-1282 (10th Cir. 2001).
[6] *Peterson Steels v. Seidmon,* 188 F.2d 193, 194-195 (7th Cir. 1951)(citations omitted).
[7] Biamp's Memorandum in Opposition to ClearOne's Second Motion for Leave to Amend, docket no. 207, filed June 12, 2007.
[8] Biamp's Memorandum in Opposition to ClearOne's Third Motion for Leave to Amend, docket no. 400, filed under seal September 4, 2007; WideBand Defendants' Opposition to Plaintiff's Third Motion for Leave to Amend, docket no., 401, filed September 4, 2007.

where full briefing is allowed rather than in the motion to amend. And the issues are more properly before a district judge with authority to deal with dispositive issues.

## ORDER

IT IS HEREBY ORDERED that the motions to amend[9] are GRANTED.

IT IS FURTHER ORDERED that related motions[10] are MOOT.

Dated this 5th day of September, 2007.

David Nuffer
United States Magistrate Judge

---

[9] Docket no. 166, filed June 4, 2007; docket no. 336, filed August 9, 2007.
[10] Stipulated Motion for Extension of Time . . . , docket no. 250, filed June 26, 2007; Motion for Leave to File Sur-Reply . . . , docket no. 291, filed July 17, 2007; Motion for Expedited Consideration of Plaintiff's Third Motion for Leave to Amend, docket no. 351, filed August 15, 2007.