IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual; JUN YANG, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts corporation; and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>　　Defendants. | **MEMORANDUM DECISION and ORDER GRANTING [407] MOTION TO COMPEL IN PART and DENYING [484] MOTION TO COMPEL and [483] MOTION TO EXPEDITE**<br><br>Civil No. 2:07cv00037TC<br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　The WideBand Defendants[1] have moved[2] to compel discovery from ClearOne. Two categories of information are sought:

> Specific identification of ClearOne's trade secrets ClearOne claims WideBand Defendants are using; and

> Broad information about development of new ClearOne products which could be comparable to the WideBand product which ClearOne claims uses ClearOne's trade secrets.

　　On the first point, WideBand Defendants have posed one interrogatory.[3] On the latter point, the WideBand Defendants posed three interrogatories and three corresponding requests for production seeking information on:

---

[1] Andrew Chiang, Juan Yang, and Wideband Solutions, Inc.,

[2] WideBand's Motion to Compel Discovery, docket no. 407, filed September 6, 2007.

[3] 　　INTERROGATORY NO. 1. Please identify and describe with reasonable particularity any and all of the trade secrets (and/or confidential and proprietary information) that Plaintiff alleges the WideBand Defendants misappropriated, and also identify and describe how and by whom the same were developed.

   a. ClearOne development of products that handle multiple channel Acoustic Echo Cancellation (AEC) on a single Digital Signal Processor (DSP) chip;[4]

   b. The economic benefit of such development;[5] and

   c. ClearOne development of products that can sustain the performance of acoustic echo cancellation throughout the 20 hertz to 20 kilohertz frequency response range.[6]

## Identification of Trade Secrets

ClearOne insists that it has already identified its trade secrets. ClearOne points to "its original complaint, its answer to WideBand Defendants' first interrogatory, its Rule 30(b)(6)

---

Reproduced in WideBand Defendants' Memorandum in Support of Motion to Compel (Supporting Memorandum) at 9, docket no. 410, filed September 6, 2007.

[4] INTERROGATORY NO.2. Please identify and describe with reasonable particularity any and all efforts by the Plaintiff (and/or by anyone from whom Plaintiff acquired DSP technology) to develop one or more products that can perform multiple channels of acoustic echo cancellation on a single DSP chip.

REQUEST FOR PRODUCTION NO.5. Produce any and all documents that constitute, reflect, document, refer, or relate to any and all efforts by the plaintiff (and/or by anyone from whom plaintiff acquired DSP technology) to develop one or more products that can perform multiple channels of acoustic echo cancellation on a single DSP chip.

Supporting Memorandum at 9.

[5] INTERROGATORY NO. 3. Please identify and describe with reasonable particularity any analysis, and an accounting of, the economic benefits that would be realizable by Plaintiff if its product(s) could perform multiple channels of acoustic echo cancellation on a single DSP chip.

REQUEST FOR PRODUCTION NO.6. Produce any and all documents that constitute, reflect, document, refer, or relate to the plaintiffs analysis of the economic benefits that would be realizable by the plaintiff if its product(s) could perform multiple channels of acoustic echo cancellation on a single DSP chip.

Supporting Memorandum at 9-10.

[6] INTERROGATORY NO. 4. Please identify and describe with reasonable particularity any and all efforts by Plaintiff (and/or by anyone from whom Plaintiff acquired DSP technology) to develop one or more products that can sustain the performance of acoustic echo cancellation algorithms throughout the 20 hertz to 20 kilohertz frequency response under all conditions of operation.

REQUEST FOR PRODUCTION NO. 7. Produce any and all documents that constitute, reflect, document, refer, or relate to any and all efforts by the plaintiff (and/or by anyone from whom plaintiff acquired DSP technology) to develop one or more products that can sustain the performance of acoustic echo cancellation algorithms throughout the 20 hertz to 20 kilohertz frequency response under all conditions of operation.

Supporting Memorandum at 9-10.

deposition testimony, its document productions, and its expert declarations in support of, among other papers filed with the Court, its motion for a temporary restraining order and for a preliminary injunction." However, scattered references to trade secrets do not provide a court or opponent with a clear summary of the actual intellectual property in dispute.

ClearOne also claims that "WideBand Defendants have had direct, and unfettered, access to the source code for . . . almost five months."[7] This also begs the issue. Certainly all of the source code is not trade secret,[8] and ClearOne argues that there are many trade secrets in the code. The trade secrets should be specifically identified, so that point by point analysis made be made to determine whether improper use occurs.

ClearOne says WideBand's counsel chose not to examine a ClearOne designee at deposition about specific trade secrets and that this decision was made to "set up" this motion to compel.[9] But a deposition is not be best way to map such critical information as the trade secrets at issue. And given the many issues to be discussed in a deposition, that lengthy review of trade secrets might not be the best use of limited deposition time.

ClearOne also claims it satisfied the need to enumerate its trade secrets when it "attached numerous diagrams prepared by ClearOne's independent expert, Thomas Makovicka"[10] to a recent filing.[11] But ClearOne admits the purpose of these filings was to show "that three sets of

---

[7] Opposing Memorandum at 4

[8] ClearOne admits that pieces of code such as interface code would not constitute trade secret information. Opposing Memorandum at 5. The statement was made in reference to WideBand's code but would apply equally to ClearOne's code.

[9] Opposing Memorandum at 6.

[10] *Id.* at 7.

[11] August 10, 2007 Declaration of Thomas Makovicka and accompanying exhibits, attached as Exhibit 3 to Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, within docket no. 346, filed August 13, 2007.

source code obtained from WideBand through ClearOne's discovery efforts . . . have, among other things, the same code architecture, functional blocks, design parameters, and data flow as the Honeybee Code." This identity of form is not the functional equivalent of identifying trade secrets.

ClearOne admits that in identifying trade secrets, "the specificity required varies with the stage of litigation."[12] At this stage of the litigation, it is time for ClearOne to specify with detail what is and what is not trade secret in its code. ClearOne will answer Interrogatory No. 1 within twenty days.

### Information Regarding ClearOne Product Development

WideBand seeks information about ClearOne product development to support its theory that it cannot be using ClearOne's trade secrets because ClearOne's intellectual property cannot be used to enable a single DSP chip to handle multiple channels of acoustic echo cancellation, nor handle a broad frequency range.[13] WideBand says ClearOne cannot develop a product to "perform at the very sophisticated level of WideBand's product in suit."[14] While WideBand acknowledges that ClearOne's experts claim a single DSP chip could theoretically use the ClearOne intellectual property in suit to perform multichannel AEC across a broad frequency range, WideBand wants to impeach[15] this testimony and ClearOne's theory of the case by this discovery.[16]

---

[12] Opposing Memorandum at 3.

[13] Supporting Memorandum at 3.

[14] *Id.*

[15] *Id* at 4 and 5. ("WideBand Defendants are entitled to rebut such contentions of the plaintiff" and "will soundly discredit plaintiff's contention.").

[16] *Id.* at 4.

4

But this quest is a diversion from the issue to be tried in this case. The issue is WideBand's alleged improper use of ClearOne's trade secrets, not whether ClearOne is using the same trade secrets to do what ClearOne claims WideBand is doing. WideBand makes an intriguing and interesting argument, but it assumes that ClearOne *wants* to use a single DSP chip *and* that it would be using its own older technology to support multiple channel AEC across a broad frequency spectrum. It is entirely possible that ClearOne has not pursued using a single DSP chip for reasons totally unrelated to the technology subject of this suit or that ClearOne may be using entirely different technology in its current products. In fact, ClearOne claims "the technology at-issue in this litigation is completely unrelated to ClearOne's other technology [used to develop current products], which was developed independently and never combined or used with" the older technology.[17] Either of those possibilities would make irrelevant any inquiry into ClearOne product development. And these possibilities seem consistent with WideBand Defendants' own claims that the Honeybee code is "outdated."[18]

There is no basis – other than speculation – to conclude that current ClearOne products or projects would involve the same technology that ClearOne claims WideBand illicitly uses. Thus, there is limited probative value in an exploration of ClearOne's current products. The risk of WideBand's exploration of such products is high. As WideBand Defendants repeatedly remind the court, these parties are fierce competitors in a single market. And the diversion of resources into irrelevant paths is unwise. The dangers of the proposed discovery far outweigh the speculative likelihood that ClearOne's current technologies are related to the alleged

---

[17] Opposition to WideBand Defendants' Motion to Compel Discovery (Opposing Memorandum) at 3 n.1, docket no. 439, filed September 17, 2007.

[18] Supporting Memorandum at 6.

misappropriation of trade secrets by the WideBand Defendants. The motion to compel response to interrogatories 2, 3 and 4 and requests for production 5, 6 and 7 is denied.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[19] is GRANTED IN PART as provided herein.

IT IS FURTHER ORDERED, for the reasons stated in this Memorandum Decision, that WideBand Defendants' Expedited Motion to Compel Discovery[20] and Motion for Expedited Consideration of Defendants' Motion to Compel[21] are DENIED.

Dated this 5th day of October, 2007.

_____
David Nuffer
United States Magistrate Judge

---

[19] Motion to Compel Discovery, docket no. 407, filed September 6, 2007.

[20] Docket no. 484, filed October 3, 2007.

[21] Docket no. 483, filed October 3, 2007.