IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual; JUN YANG, an individual; LONNNY BOWERS, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts corporation; and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF SEARCH PROTOCOL ORDER**<br><br>Civil No. 2:07cv00037TC<br><br>Honorable Tena Campbell<br><br><br>Magistrate David Nuffer |

　　　ClearOne's Motion for Sanctions and to Compel Immediate Backup and Imaging of WideBand Defendants' Computers[1] was granted in two orders.[2] The object of the orders, in the court's view, was the preservation of evidence. The magistrate judge does not review imaging of opposing parties' computers as routine, but neither is it completely extraordinary. Preservation of evidence serves the courts and litigants, by making evidence available and by avoiding later disputes about spoliation and what constitutes "routine" deletion of data.

　　　The orders were crafted to balance the need for preservation of data and the need for minimal invasion of privacy. The first order required that a third party engaged by ClearOne

---

[1] Docket no. 165, filed June 4, 2007.
[2] Docket no. 195, filed June 12, 2007, and docket no. 282, filed July 6, 2007.

create and maintain custody of images of certain of WideBand Defendants' computers, while the second order provided that a third party retained by WideBand create and maintain custody of certain images of other of WideBand Defendants' computers. Neither of the orders gave ClearOne direct access to the images or data. However, all this information is subject to existing discovery requests.[3]

The second order sought to establish "a protocol for searching the mirror images . . . to identify relevant and responsive documents."[4] The order therefore provided for (1) development of protocol for searching hard drive images (including key word and other criteria) by agreement if possible;[5] (2) searching the electronic data using the criteria;[6] (3) creation of *reports* listing information *about* data files identified by the searches;[7] (4) review of *reports* for privilege by WideBand;[8] (5) ClearOne review of *reports* for responsiveness;[9] (6) WideBand review of *documents* for privilege and other objections;[10] and (7) production of *documents* to ClearOne in native format.[11]

While the procedure was established to identify "relevant and responsive" documents, ClearOne has taken the procedure to mean that it is entitled to "production of the non-privileged results" of a search conducted according to "ClearOne's proposed key words" because that

---

[3] *See* docket no. 282 ¶2(g).
[4] *Id.* ¶¶ 2(j)(i) and (ii)
[5] *Id.*
[6] *Id.* ¶¶ 2(k) and (l).
[7] *Id.* ¶ 2(m).
[8] *Id.* ¶ 2(n)
[9] *Id.*
[10] *Id.* ¶ 2 (o)
[11] *Id.*

2

search will "lead to the discovery of admissible evidence . . . ."[12] ClearOne asserts the order provides a substitute for the standard discovery process because "the Court ordered mirror imaging of WideBand Defendants' computer hard drives and imposed a search protocol to examine those mirrored drives only after ClearOne requested sanctions against WideBand Defendants . . . ."[13] ClearOne feels that the imaging was in part a sanctions order. This is not suggested in either imaging order. But due to its assumption that imaging was in part a sanction, ClearOne claims that the order authorizes discovery separate and apart from any requests: "[T]he [second order] contains no requirement that ClearOne link each keyword to a particular document request."[14]

WideBand vigorously objects: "As to your proposed omnibus mega-search, let's be clear, you are attempting to create over 170 de facto new document requests with your search, rather than proposing word searches intended to discover documents responsive to your current document requests."[15] "Simply because we are dealing with electronic documents instead of paper documents does not mean we have abandoned the firmly established procedure of document request, objection, and production."[16]

The issue presented on the motion is whether the 170 word search protocol ClearOne proposes should be adopted, in the context of ClearOne's vision of a procedure which is

---

[12] Letter from James Magleby to Paul Gilmore (September 12, 2007) attached as Exhibit D to Memorandum in Support of Motion for Entry of Search Protocol Order (Supporting Memorandum), docket no. 497, filed under seal October 3, 2007.
[13] Reply Memorandum in Support of Motion for Entry of Search Protocol Order at 1, docket no. 556, filed under seal October 22, 2007.
[14] *Id.* at 3.
[15] Letter from Paul Gilmore to James Magleby (September 14, 2007), attached as Exhibit E to Supporting Memorandum.
[16] *Id.*

independent of discovery requests. Clearly, the motion must be denied, because the order does not contemplate that ClearOne have carte blanche access to the electronic data filtered only by keyword searching and privilege objections. Imaging was for preservation, not a sanction and the procedure for dealing with the electronic data does not did not create any extraordinary rights. The procedure is meant to accommodate the production of "relevant and responsive" information.

**ORDER**

IT IS HEREBY ORDERED that the motion for entry of search protocol order[17] is DENIED.

IT IS FURTHER ORDERED that paragraphs 2 (n) and (o) of the second order are amended in part to read:

n.  The reports resulting from these searches shall be first provided to and reviewed by counsel for WideBand Defendants for privilege before production, after which the reports, except for those portions subject to stated privilege objections, shall be provided to ClearOne which shall review the reports to ~~determine~~ identify which documents it believes ~~are~~ may be responsive.

o.  WideBand Defendants shall review the identified documents to determine which are responsive to document requests, and which are subject to claims of ~~for~~ privilege, after which the identified non-privileged documents, which are not the

---

[17] Docket no. 486, filed October 3, 2007.

subject of ~~a~~ discovery objections by the WideBand Defendants~~,~~ will then be produced in native format to ClearOne, together with a privilege log.

IT IS FURTHER ORDERED that the parties shall meet and confer in light of this order, and attempt, again, to reach agreement on search criteria. In any further motion to establish criteria, the party seeking a criterion shall bear the burden of its justification.

DATED this 5th day of November 2007.

**UNITED STATES DISTRICT COURT**

_/s/ David Nuffer_
David Nuffer
United States Magistrate Judge
