IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual; JUN YANG, an individual; LONNNY BOWERS, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts  corporation; and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR LEAVE TO SERVE SUBPOENA DUCES TECUM**<br><br><br>Civil No. 2:07cv00037TC<br>Honorable Tena Campbell<br><br><br><br>Magistrate David Nuffer |

Plaintiff ClearOne has moved[1] for leave to serve a subpoena duces tecum on Conference Technology Group (CTG), a company in which Defendant Lonny Bowers participated many years ago.  ClearOne claims it seeks information similar to that which would be responsive to a request for production it promulgated to WideBand Defendants about computer code used in WideBand products.[2]  WideBand objects to the subpoena because it claims it has always objected to discovery about the specified products which it claims are not at issue in this case.

More importantly, WideBand objects because CTG is a customer and the service of the subpoena may damage business relations.  On March 19, 2007, this Court entered an order

---

[1] Motion for Leave to Serve Subpoena Duces Tecum, docket no. 539, filed October 19, 2007.
[2] Memorandum in Support of Motion for Leave to Serve Subpoena Duces Tecum (Supporting Memorandum) at 3, docket no. 554, filed under seal October 19, 2007.

preventing ClearOne from contacting any customers of WideBand to avoid collateral damage to customer relationships.[3]  WideBand also objects to the discovery being conducted so late, so close to the fact discovery deadline – but that deadline has just been extended.[4]

The essential facts are not in dispute.[5]  Defendant Bowers co-founded the company CTG in 1995.  Bowers left CTG in 2003 to start WideBand with Defendants Andrew Chiang and Jun Yang.  In 2002, before leaving CTG and before founding WideBand, Bowers entered into discussions with Defendant Biamp Systems Corporation regarding the possibility of licensing acoustic echo cancellation (AEC) technology (the type of technology at issue in this suit).  Bowers' e-mail communications with Biamp during this period of time occurred through his company email account at CTG.

ClearOne also suggests that Bowers probably used his work e-mail account at CTG to conduct discussions with Chiang and Yang about the possibility of Bowers leaving CTG to start a new company, WideBand, to develop AEC.[6]  This seems likely.

CTG is now a customer of WideBand, though the invoices produced show a relatively small commercial relationship to date.[7]  However, this is a relationship entitled to protection in these battles between competitors.  Protection can be afforded by limiting the scope of discovery, and ensuring that some discoverable information is available before permitting more probing

---

[3] Memorandum Decision and Order Regarding WideBand Motion to Reconsider at 5-6, docket no. 90, filed March 19, 2007.
[4] Docket no. 594, filed November 5, 2007.
[5] Supporting Memorandum at 2 and WideBand Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Serve Subpoena Duces Tecum (Opposition Memorandum) at 3, docket no. 566, filed October 29, 2007.
[6] Supporting Memorandum at 4.
[7] Invoices are attached to Doug Dubitsky's letter to James Magleby dated October 12, 2007, attached as Exhibit G to Supporting Memorandum and as Exhibit C to Opposition Memorandum.

discovery.  It is not clear whether CTG will have any archives of email of a former employee

from five or more years ago.  Therefore, while a subpoena will be permitted, it will be narrow.  If

information is generated meriting more discovery, leave for additional discovery may be granted.

### ORDER

IT IS HEREBY ORDERED that the motion for leave to issue subpoena[8] is GRANTED

IN PART in that ClearOne is permitted, not sooner than ten days after providing a copy of a new

proposed subpoena to WideBand Defendants, to send a subpoena for service on CTG which shall

be in substantially the form attached to the Supporting Memorandum as Exhibit F except that

there shall only be one paragraph of Documents Requested which shall read:

> All documents created between 1995 and 2003 relating to any communications by Lonny
> Bowers with Biamp, Chiang, Yang, WideBand, InterVision, ClearOne Communications,
> Inc. or Gentner, including without limitation all email communications.

> IT IS FURTHER ORDERED that no other discovery shall be promulgated to CTG

without prior stipulation of counsel for ClearOne and WideBand Defendants or court approval.


DATED this 5th day of November 2007.

UNITED STATES DISTRICT COURT

David Nuffer
United States Magistrate Judge

---

[8] Docket no. 539, filed October 19, 2007.