IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>　　　　Defendants. | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO COMPEL IN PART**<br><br>Case No: 2:07cv00037TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　　The Plaintiff, ClearOne Communications, Inc., has moved to compel discovery against Defendant Biamp Systems Corporation.[1] Three categories of information are sought:

1.　　Documents related to the marketing, sale, and profits from ClearOne's WideBand technology that Biamp allegedly misappropriated;

2.　　Documents related to the performance testing, first shipment, and maintenance of security for TrueSound, a Biamp product; and

3.　　Documents that would reveal potential witnesses within Biamp's organization.

---

[1] Motion to Compel Against Biamp Systems Corporation, docket no. 451, filed Sept. 26, 2007. Memorandum in Support of Motion to Compel Against Biamp Systems Corporation ("Memorandum in Support"), docket no. 480, filed Sept. 26, 2007.

**Meet and Confer Rules**

Biamp argues that ClearOne's Motion to Compel must be denied for a failure to comply with the meet and confer rules.[2] The court finds that ClearOne met its obligation to meet and confer with Biamp in its letter regarding Biamp's response to ClearOne's first request for production of documents (dated April 3, 2007); ClearOne's letter regarding Biamp's response to ClearOne's second request for production of documents (dated June 5, 2007); and ClearOne's letter regarding Biamp's response to ClearOne's third request for production of documents (dated June 5, 2007).[3] ClearOne perhaps should have conducted telephone or in-person conferences in an attempt to "break the ice," but ClearOne's decision to insist only on written communication (e-mail of Sept. 15, 2007)[4] does not violate the letter of the meet and confer rule. The temporal gap between Biamp's request for a telephone conference (June 7, 2007)[5] and ClearOne's reply that it would prefer a written response (Sept 15, 2007)[6], roughly three months, adds even more credence to the possibility that a phone conversation or in-person meeting might have narrowed the gap between the parties given the changes that had occurred in this case over that time period. However, despite deficiencies in ClearOne's efforts to meet and confer rule, its motion will not

---

[2] Biamp's Opposition to ClearOne's Motion to Compel ("Biamp's Opposition") at 3, docket no. 494, filed Oct. 4, 2007.  2006 DUCivR 37-1 (a) says that the "court will not entertain any discovery motion [subject to exceptions] . . . unless counsel for the moving party . . . Has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion."

[3] Memorandum in Support, Exhibits E, H, and N.

[4] Biamp's Opposition, Exhibit B.

[5] Biamp's Opposition, Exhibit A.

[6] *Supra* note 4.

be denied for failure to do more to comply with meet and confer rules.

### Biamp Objection to Discovery of Documents Prior to Service of Complaint

Although Biamp's Opposition to the Motion to Compel did not raise this point, in prior communications with ClearOne Biamp objected to any discovery of documents dated prior to the service date of the Complaint, arguing that ClearOne's claim was for threatened future misappropriation, not past activity.[7]  ClearOne reacted to this, and the Third Amended Complaint has been amended so that it pleads, and provides support for, "actual misappropriation because Biamp knew (or should have known) that the code it received from WideBand contained misappropriated ClearOne trade secrets."[8]  Therefore, it is appropriate for Biamp to provide relevant information prior to the service date of the Complaint.

### Information Related to Biamp's Use of the WideBand technology

ClearOne's motion to compel includes eight requests that relate to Biamp's alleged misappropriation of WideBand's technology, which is alleged to infringe on ClearOne's technology.  In general, Biamp complained that many of the requests used the phrase "reflecting" or "relating", which were omnibus terms that made the request overly broad.[9]  Biamp also argued that even if a request did not use such an omnibus term, many of ClearOne's requests were still

---

[7]*See, e.g.*, Biamp Systems Corp.'s Response to Plaintiff's Second Request for Production of Documents at 11, Apr. 30, 2007, attached as Exhibit G to Memorandum in Support (. . . . this request relates to Biamp's use of the WideBand Executable before service of the Complaint.  But, ClearOne has alleged only threatened future misappropriation of Biamp from use of the WideBand Executable.").

[8]Memorandum in Support at 3.  *See also* Revised Third Amended Complaint at ¶¶ 4, 16, 25, 68-78, 86, 141-49, docket no. 492, filed Oct. 4, 2007.

[9]"Omnibus terms such as "referring to or relating to" are overly broad when combined with vague, undefined, or overbroad categories of documents."  Biamp's Opposition at 7 (citation omitted).

overly broad because they failed to meet the "reasonable particularity" set out in the Federal Rules of Civil Procedure Rule 34.[10] The Court is sympathetic to Biamp's objections to the broad language of the requests. But the requests, as clarified by ClearOne's Reply in Support of Motion to Compel, and by a reasonable interpretation of the words "relating to" do not fail because they are overly broad or burdensome.[11] However, it was only ClearOne's Reply that made many of the requests much clearer.[12] The original requests could have been more clear. In the future, ClearOne should strive to make its requests more precise.

> **Request No. 1-5**[13]**:** "All documents reflecting or relating to any Defendant's past, current, and/or ongoing efforts to manufacture, market, distribute, and/or license produces [sic] that have included the WideBand Code . . . ."[14]

---

[10] "The test for whether a document request meets the 'reasonable particularity' standard of Rule 34 is whether the request places a party upon 'reasonable notice of what is called for and what is not.'" *Id.* at 7-8 (citation omitted).

[11] The use of terms such as "relating to", "pertaining to", or "concerning" does not necessarily make a request overly broad or unduly burdensome as long as these phrases modify a "sufficiently specific type of information." *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 381-82 (D.Kan 2005). Though ClearOne's requests could have been clearer, ClearOne's use of the terms "reflecting" and "relating" did not modify a "very general categor[y] of documents," *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 (D.Kan 2003), but instead modified a reasonably particularized type of information. To support its next argument, that Rule 34 requires that a request for documents be made with "reasonable particularity" (and therefore ClearOne's requests should be denied as overly broad and burdensome), Biamp cites *Bruggeman ex rel. Bruggeman v. Blagojevich,* 219 F.R.D. 430, 436 (N.D.Ill. 2004). Biamp's Opposition to ClearOne's Motion to Compel at 7-8, docket no. 494, Oct. 4, 2007. In *Bruggeman*, the court found that the following request did not meet the standard of reasonable particularity: "all documents that reflect in any manner noncompliance with the ADA or the RA." 219 F.R.D. at 436. An equivalent request in this case might be if ClearOne had asked for all documents that reflect in any manner the misappropriation of ClearOne's trade secrets. Though ClearOne could have been clearer with its requests, none of its requests were as broad as the one in *Bruggeman* and thus they are not deemed to lack reasonable particularity. (Note: Although the *Bruggeman* court said the request was beyond the scope of Rule 34, it still held that "to the extent that Defendants' documents directly state that the Illinois Medicaid Plan and/or Illinois Medicaid Waiver Plan which services the developmentally disabled is not in compliance with ADA or the RA, those documents should be produced." *Id.*).

[12] Reply in Support of Motion to Compel Against Biamp Systems Corporation ("Reply") at 6-10, docket no. 509, Oct. 8, 2007.

[13] The "1" refers to ClearOne's request document, which in this case is ClearOne's First Request. There are three different "request for production of documents" that ClearOne submitted to Biamp. (*See* Memorandum in Support, Exhibits C, F, L).

[14] Memorandum in Support at 4.

Ruling: The request as drafted is excessively broad, but as interpreted by Biamp[15] is permissible, so the motion to compel is granted for this request as to documents regarding the marketing and distribution of the AudiaFlex product – without the time limitation placed by Biamp.

**Request No. 2-21:** "All documents reflecting or relating to any use by Biamp of the WideBand Cards, before and after the service of the Complaint, to replace a card in a customer's product, in response to a request for the "WideBand Executable," or for any other purpose."[16]
Ruling: Biamp's objection that this request fails to call for a category of documents,[17] but rather a function, is overruled. The motion to compel is granted for this request; however, the last phrase ("or for any other purpose ") is stricken. The Defendant will respond within twenty days of this order.

**Request No. 2-26:** "All documents reflecting or relating to the dates and number of units of product shipped and/or sold which incorporated the Biamp-ClearOne Licensed Code and/or the Biamp-WideBand Licensed Code."[18]
Ruling: The motion to compel is granted for this request, subject to the clarification provided in ClearOne's Reply in Support of Motion to Compel.[19] The Defendant will respond within twenty days of this order. If the production of documents is too burdensome, Biamp may produce representative documents for each customer and a summary of the totals by customer by month, quarter, and year.

**Request No. 2-42:** "All documents reflecting or relating to the financial or economic benefits derived from the WideBand Code, including without limitation all invoices, purchase orders, sales receipts, sales records, and sales summaries."[20]
Ruling: The motion to compel is granted for this request, subject to the clarification provided in ClearOne's Reply in Support of Motion to Compel.[21] The Defendant will respond within twenty days of this order. If the production of documents is too burdensome, Biamp may provide representative invoices, purchase orders, sales receipts,

---

[15]*Id.* at 5.

[16]*Id.* at 12.

[17]Biamp's Opposition at 10.

[18]Memorandum in Support at 6.

[19]Reply at 9.

[20]Memorandum in Support at 8.

[21]Reply at 7.

sales records, and sales summaries.  Biamp should provide one representative document for each customer by type of document for each year and provide the numerical summaries by month, quarter, and year.  Such a representative sampling will prevent Biamp from producing "nearly every financial document in the company."[22]

**Request No. 2-43:** "Any and all documents that reflect or include a specific product-by-product break-down of recognized revenues and those revenues received from the WideBand Code. This request includes, without limitation, any monthly, quarterly, or year-end financial statements."[23]
Ruling: The motion to compel is granted, with the limitation that Biamp need only provide revenue information related to the WideBand Code.  Revenue not related to the WideBand Code is not related to ClearOne's claim. The Defendant will respond within twenty days of this order.

**Request No. 2-44:** "All documents relating to the amounts paid or due to WideBand for use of the Biamp-WideBand Licensed Code, including without limitation documents sufficient to show the number of units sold, the date(s) of each sale, and the dates and amounts of any and all payments."[24]
Ruling: The motion to compel is granted for this request.  The Defendant will respond within twenty days of this order.

**Request No. 2-49:** "All documents reflecting the number of copies of WideBand Code used in Biamp products, and dollars and/or other consideration paid for licensing this use."[25]
Ruling: The motion to compel is granted for this request, subject to the clarification provided in ClearOne's Reply in Support of Motion to Compel.[26]  The Defendant will respond within twenty days of this order.

**Request No. 2-50:** "All documents relating to the royalties or licensing fees paid by Biamp, including without limitation any documents reflecting the dates upon which Biamp incorporated the WideBand Code into its products; the number of units; the marketing and sales and distribution of such units; and the pricing, cost, revenue, and

---

[22] Biamp's Opposition at 8.

[23] Memorandum in Support at 8.

[24] *Id.*

[25] *Id.*

[26] Reply at 9.

other financial data relating to such units."[27]
<u>Ruling</u>: The motion to compel is granted for this request, subject to the clarification provided in ClearOne's Reply in Support of Motion to Compel.[28] The Defendant will respond within twenty days of this order. As ClearOne explains in its Reply,[29] the product specific sales and marketing information need only only be provided for those products that are connected to royalties and licensing for the WideBand Code.

### Information Related to TrueSound

TrueSound is Biamp's newer technology which is not alleged to infringe on ClearOne's products. Biamp is therefore very cautious when offering any responses to this series of questions, and the court is similarly concerned about the dangers of over-expansive discovery.

**Request No. 2-19**: "All documents relating to any performance testing of any version of TrueSound or any other code or product, at any time and in any context, in comparison to either the "WideBand Executable," the WideBand Code, or the "ClearOne Executable," or any portions of any of these codes, including as described in the Kotvis Declaration at ¶ 34."[30]
<u>Ruling</u>: In its Response to Plaintiff's Second Request for Production of Documents, Biamp agreed to produce "documents regarding any performance testing of TrueSound in comparison to the "ClearOne Executable."[31] Apparently the documents were produced but not identified. The motion to compel is granted for this request in that Biamp must identify the documents produced which are responsive to this request. The Defendant will respond within twenty days of this order.

**Request No. 2-29:** "Documents sufficient to show the first date that any product shipped or was sold using the TrueSound Code."[32]
<u>Ruling</u>: The motion to compel is granted for this request. ClearOne contends that the first TrueSound shipment or sale date is important because Biamp has allegedly represented

---

[27]Memorandum in Support at 8.

[28]Reply at 8.

[29]*Id*.

[30]Memorandum in Suppor at 14.

[31]Biamp Systems Corp.'s Response to Plaintiff Second Request for Production of Documents at 11, Apr. 30, 2007, attached as Exhibit G to Memorandum in Support.

[32]Memorandum in Support at 16.

"that it completely replaced the WideBand Code with its TrueSound last year" and thus the date "relates to among other things, the issue of damages."[33]

**Request No. 2-56:** "All documents relating to any efforts by Biamp to maintain the secrecy of the Biamp-ClearOne Licensed Code, the Biamp-WideBand Licensed Code, and/or the TrueSound code, including without limitation any employment, invention-assignment, non competition, or non-circumvention agreements."[34]
Ruling: ClearOne's argument is that Biamp was obligated to treat the ClearOne technology in its possession the same as it would treat its own proprietary information.[35] Therefore, ClearOne "asks Biamp to produce documents that reflect what it has done, what it is doing, and what it will do in the future to keep the technologies listed from becoming publicly known and/or available."[36] The motion to compel is granted for this request. The Defendant will respond within twenty days of this order.

### Information Related to Potential Witnesses within Biamp's Organization

ClearOne seeks organizational information regarding Biamp, which Biamp seeks to restrict in time due to its own interpretation of the time frames that are relevant.[37] These requests were not briefed by Biamp.

**Request No. 3-1:** "Documents sufficient to show the organizational structure of Biamp from January 1, 2002, to the present, including its constituent departments, divisions, units, any parent companies or subsidiaries or related entities, and the identity of all officers, directors, and/or executives of Biamp. This request includes, without limitation, the required production of any and all organizational charts, graphs, or lists."[38]
Ruling: The motion to compel is granted for this request. The Defendant will respond within twenty days of this order.

**Request No. 3-2:** "Documents sufficient to show the organizational structure of any

---

[33]*Id.* at 17.

[34]*Id.* at 18.

[35]*Id.* at 19.

[36]Reply at 10.

[37]Memorandum in Support at 21.

[38]Memorandum in Support at 20.

department that worked on or was involved in the development of the Biamp-ClearOne Licensed Code and/or the Biamp-WideBand Licensed Code, including the name and title of each person who interacted with ClearOne or WideBand."[39]

Ruling: The motion to compel is granted for this request. The Defendant will respond within twenty days of this order.

### Sanctions

In the alternative to obtaining the discovery related to Biamp's profits as requested in its Motion to Compel, ClearOne requests that the Court "enter a preclusion order that Biamp is not allowed to present evidence of its costs to offset the gross sales numbers for the AudiaFlex Product."[40] There is no basis at this time to assume that Biamp will not comply with the discovery order, so no sanctions order will currently issue.

### ORDER

IT IS HEREBY ORDERED that the motion to compel[41] is GRANTED IN PART as provided herein.

Dated this 20th day of November, 2007.

_____
David Nuffer
United States Magistrate Judge

---

[39] *Id.*

[40] *Id.* at 1, 9, 11. ClearOne's sanctions request was limited to Requests 2-42, 2-43, 2-44, 2-49, 2-50. *Id.* at 8.

[41] Motion to Compel Against Biamp Systems Corporation, docket no. 451, filed Sept. 26, 2007.