IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING IN PART MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY HARMAN MUSIC GROUP INC.**<br><br>Case No: 2:07cv00037TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Non-Party Harman Music Group Inc.("Harman") has moved to quash a subpoena duces tecum that was issued to it on September 19, 2007 by ClearOne Communications Inc. ("ClearOne").[1] The Court grants Harman's Motion to Quash in part by modifying the scope of the subpoena.

Since January 2007, ClearOne has been pursuing this suit against Andrew Chian, Jun Yang, Lonny Bowers and WideBand Solutions, Inc. (WideBand Defendants) and Biamp Systems Corporation, alleging their misappropriation of ClearOne technology. ClearOne claims Biamp obtained ClearOne technology from WideBand Defendants.

---

[1] Motion to Quash Subpoena Duces Tecum to Non-Party Harman Music Group Inc., docket no. 498, filed Oct. 5, 2007. Memorandum in Support of Motion to Quash Subpoena Duces Tecum to Non-Party Harman Music Group Inc. ("Memorandum in Support"), docket no. 499, filed Oct. 5, 2007.

The subpoena at issue was proposed in late July 2007 when ClearOne suspected Harman had received ClearOne technology through the WideBand Defendants. The WideBand Defendants filed an emergency motion to preclude service of the subpoena on Harman, its customer.

In early August of 2007, ClearOne attempted to add Harman as a defendant. Judge Campbell gave leave to amend to include Harman[2] and the magistrate judge then gave leave for service of the subpoena.[3]

But circumstances changed when Judge Campbell reversed[4] her order allowing Harman to be a party because the addition of Harman would destroy diversity jurisdiction. ClearOne immediately filed suit against Harman in state court and served the subpoena on Harman.

This motion filed on behalf of Harman is the first time the magistrate judge has considered Harman's objections to the subpoena.

In its subpoena, ClearOne asked Harman for "[a]ll documents relating to any communications with or about" the WideBand Defendants.[5] ClearOne follows this broad request with five other document requests that probe into agreements and drafts; Harman products using intellectual property supplied by WideBand Defendants; payments and documents reflecting sales by WideBand Defendants to Harman; and sales of products by Harman.[6]

---

[2] Docket no. 384, filed August 24, 2007.

[3] Docket nos. 392 and 393, filed August 30, 2007.

[4] Docket no. 438, filed September 18, 2007.

[5] Memorandum in Support, Exhibit A at 8. This is Request No. 1 of 6.

[6] *Id.* at 8-9.

Harman objects to the discovery as designed to assist more in ClearOne's state litigation against it, than in this litigation against the WideBand Defendants.  Harman says the state court should manage this discovery[7] and that allowing ClearOne to take this discovery from Harman will give ClearOne power to move ahead quicker in the state case.[8]  Harman also complains that ClearOne has access to many documents in this case that Harman will not receive in the state case[9] and that ClearOne should pursue the WideBand Defendants for all the documents sought from Harman.[10]

Harmon also objects that the subpoena is burdensome to it, as a non party in this case.[11] The courts generally examine requests against third parties with more scrutiny than those directed against parties.[12]

The court does not believe that the existence of the state case makes it wrong for ClearOne to obtain discovery via subpoena from Harman, but that is a consideration as the court fulfills its duty "to avoid imposing undue burden or expense on a person subject to [a] subpoena."[13]  The court may order, "for the convenience of parties and witnesses and in the

---

[7]Memorandum in Support at 4-5.

[8]*Id*. at 5.

[9]*Id*.

[10]*Id*. at 8.

[11]*Id*. at 6.

[12]*Echostar Communications Corp. v. The News Corp. Ltd.*, No. 97-Z-960,180 F.R.D 391 (D. Colo. January 13,1998).

[13]Fed. R. Civ. P. 45(c)(1).

interests of justice, [order that] methods of discovery may be used in . . . sequence,"[14] or "be had only on specified terms and conditions . . . ."[15]

The requests[16] are very broad and clearly seek information that is more centrally relevant to the state action, though there is certainly much information that ClearOne is entitled to discover from Harman related to ClearOne's claims against the WideBand Defendants. ClearOne is not required to rely on the WideBand Defendants for information needed in this case but ClearOne is not entitled to use this case as a means of discovery of material solely relevant to the state case.

The subpoena will therefore be modified[17] to limit its scope. The subject matter of requested communications and agreements will be limited to more closely approximate the claims of ClearOne against the WideBand Defendants. Broad language seeking documents "relating to" subjects will be removed. The request seeking information about sales by Harman

---

[14] Fed. R. Civ. P. 26(d).

[15] Fed. R. Civ. P. 26(c)(2).

[16]   1. All documents relating to any communications with or about WideBand, Bowers, Chiang, or Yang.
2. To the extent you believe not included in Request No. 1, all documents relating to any communications regarding the License Agreement.
3. To the extent you believe not included in Request No. 1, all documents relating to any agreements and/or draft agreements between you and WideBand, Bowers, Chiang, or Yang.
4. To the extent you believe not included in Request No. 1, documents sufficient to identify any product which includes, or is proposed to include, any acoustic echo cancellation or related software, computer code, or algorithm provided by or derived with the assistance of WideBand, Bowers, Chiang, or Yang.
5. To the extent you believe not included in Request No. 1, all documents relating to or including the date, time, and dollar amount of any monies paid by you, or which you anticipate will be paid, to WideBand, Bowers, Chiang, or Yang.
6. To the extent you believe not included in Request No. 1, all documents relating to or reflecting the sale of any product which includes any acoustic echo cancellation or related software, computer code, or algorithm provided by or derived with the assistance of WideBand, Bowers, Chiang, or Yang.
Memorandum in Support, Exhibit A at 8-9.

[17] Fed. R. Civ. P. 45(c)(3)(A)(iv).

will be removed.

## ORDER

Therefore, the motion to quash[18] is GRANTED IN PART in that the subpoena is MODIFIED so that the requests read as follows:

1. All documents evidencing any communications between you and WideBand, Bowers, Chiang, or Yang regarding the License Agreement or acoustic echo cancellation technology software, computer code, or algorithms.
2. All documents evidencing any agreements and/or draft agreements between you and WideBand, Bowers, Chiang, or Yang regarding acoustic echo cancellation technology software, computer code, or algorithms.
3. Documents sufficient to identify any product which includes, or is proposed to include, any acoustic echo cancellation software, computer code, or algorithm provided by or derived with the assistance of WideBand, Bowers, Chiang, or Yang.
4. All documents evidencing the date, time, and dollar amount of any monies paid by you, or which you anticipate will be paid, to WideBand, Bowers, Chiang, or Yang, in consideration of the License Agreement, or any acoustic echo cancellation software, computer code, or algorithm provided by or derived with the assistance of WideBand, Bowers, Chiang, or Yang.

Dated this 28th day of November, 2007.

       ___s/David Nuffer_____
       David Nuffer
       United States Magistrate Judge

---

[18] Motion to Quash Subpoena Duces Tecum to Non-Party Harman Music Group Inc., docket no. 498, filed Oct. 5, 2007.