IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CLEARONE COMMUNICATIONS, INC.,** a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ENFORCE CONFIDENTIALITY ORDER AND DENYING MOTION FOR CLARIFICATION REGARDING THE TREATMENT OF COMPUTER CODE** <br><br> Case No. 2:07 CV 37 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

The parties have filed cross motions on the same subject. ClearOne's Motion for Clarification Regarding the Treatment of Computer Code (Motion for Clarification)[1] and WideBand Defendants' Motion for Enforcement of Confidentiality Order[2] both ask the court to rule on the propriety of ClearOne's expert placing a working copy of WideBand computer source code[3] onto a "Clean Computer" for analysis.

---

[1] Docket no. 650, filed December 12, 2007.

[2] Docket No. 656, filed under seal December 12, 2007.

[3] "A computer program's source code is the collection of files needed to convert from human-readable form to some kind of computer-executable form." http://en.wikipedia.org/wiki/Source_code (last visited December 29, 2007).

> Engineers develop software in source code which is readable by most programmers. Before sharing or licensing the source code, it is converted object code which other programmers cannot decipher. Because object code is essentially unreadable, it acts solely as an executable file, keeping the underlying algorithms and commands undisclosed. See 2 Melvin F. Jager, Trade Secrets Law § 9:11 (2007) ("[T]he machine-readable 'object code' is very difficult, if not impossible, to comprehend by visual inspection. The object code can be used with a compatible computer, but the user is unaware of its inner workings and cannot alter or correct the program.").

Order and Memorandum Decision at 2, docket no. 654, filed December 13, 2007.

The source code is a special form of information treated distinctly in paragraph 17 of the protective order in this case.[4] That provision is attached in full to this order. The precautionary language at the start of that paragraph is helpful to understand the extremely sensitive nature of source code. "A special type of Protected Information in this action is computer code or software, including, but not limited to, source code, object code, or machine code. Special precautions should be taken when using, analyzing, or otherwise inspecting this type of Protected Information."[5] Most commercial source code is treated as a "holy grail" object because it is so central to the ultimate commercial product and usually never available to anyone outside a select group of persons, even within the organization which owns it.[6]

Under the Confidentiality Order, when source code is produced to another party it may only be used, analyzed or inspected on a computer which is in physically restricted isolation, has no objectionable software, is not connected to any network or other computer; and on which any mechanisms for creating portable copies are disabled. A printer may be connected but no more than 25% of the proprietary source code may be printed.

The most fundamental special precaution for source code under the Confidentiality order is that no copies may be made, except as permitted by the adverse party. That is, source code may be delivered by one party to another, but it is Protected Information *and* subject to a special restriction on copying that does not apply to other protected materials.[7] "Any person or entity

---

[4] Order Granting in Part Motions for Confidentiality Order ("Confidentiality Order"), docket No. 74, filed March 9, 2007.

[5] *Id.* ¶ 17 at 12-13.

[6] An entirely different treatment is given "open source" software which is not only made available in its executable form but has freely available source code. http://www.opensource.org/docs/osd (last visited December 29, 2007).

[7] *Compare Id.* ¶ 19 at 24 for a provision generally allowing copying of Protected Information.

authorized by this Confidentiality Order to have access to such Protected Information shall ensure that no electronic copies of such computer code be made, locally or otherwise, in violation of this provision."[8]  The only provision for copies of source code is by permission of the producing party.

> Furthermore, authorized persons may, from time to time, find it necessary to electronically copy protected computer code for their own use in preparing for litigation, as well as the use of other authorized persons. Any necessary electronic copies of such protected computer code shall only be made with the prior written authorization of the producing party . . . .[9]

## Motion for Clarification

ClearOne asked that the court "clarify, and if need be, to modify, the Confidentiality Order to ensure that experts in this case may place working copies onto a "Clean Computer" for analysis."[10]  In support of its claim for *clarification*, ClearOne claims the Confidentiality Order

> only prohibits the electronic copying of source code produced in this case onto local computers, i.e. workstations connected to a network.  So long as ClearOne's expert conducts his analysis on an isolated (i.e., the "clean") computer, dedicated solely to work performed in this litigation, he may place a working copy on the hard drive of this computer.[11]

However, ClearOne is blurring the concept of the permitted *workstation* (Clean Computer") where information must be analyzed with the separate concept of permitted *activities*.  No copying is permitted, except with the permission of the producing party.  Nothing in the Confidentiality Order authorizes *copying* to a "Clean Computer."  The language of the Confidentiality Order does not support ClearOne's position.

---

[8] *Id.* ¶ 17.

[9] *Id.*

[10] Motion for Clarification at 3-4.

[11] Memorandum in Support of Motion for Clarification Regarding the Treatment of Computer Code (Clarification Memorandum) at 7, docket no. 658, filed December 12, 2007.

**Motion for Modification**

ClearOne has not presented information justifying the modification of the order, except to argue "[s]uch is obviously necessary given the need to manipulate the code to perform the analysis, while maintaining the integrity of the source code originally produced."[12] It is not obvious to the magistrate judge that analysis requires the code must be "manipulated" in a way that would change the integrity of the original code. A book can be read without marking. But WideBand has given permission to copy the code to a USB storage device dedicated to use in this suit only. "Mr. Makovicka is authorized to put the discs [with the source code] in his D drive and review the discs, or alternatively, to copy the discs onto a USB that would be specifically dedicated to this lawsuit and kept secure."[13] Copying to a USB storage device would allow manipulation, including the annotation described in Mr. Makovicka's testimony in an earlier hearing.[14]

WideBand Defendants ask that the Confidentiality Order be enforced and specifically that the court order Mr. Makovicka to destroy all unauthorized copies of any computer code in his possession and conform to Confidentiality Order.[15] This is appropriate.

---

[12] *Id.*.

[13] Letter, December 6, 2007, Paul N. Gilmore to James E. Magleby, attached as Exhibit I to Clarification Memorandum and Exhibit A to objection to Motion for Expedited Consideration of Plaintiff's Motion for Clarification Regarding the Treatment of Computer Code, docket no. 652, filed December 13, 2007.

[14] Transcript of Proceedings on Plaintiff's Motion for Preliminary Injunction at 13, attached to Clarification Memo as Exhibit A.

[15] Memorandum of Law in Support of Motion for Enforcement of Confidentiality Order, docket no. 657, filed under seal December 12, 2007.

## ORDER

IT IS HEREBY ORDERED that ClearOne's Motion for Clarification Regarding the Treatment of Computer Code[16] is DENIED and WideBand Defendants' Motion for Enforcement of Confidentiality Order[17] is GRANTED. Within ten days of the date of this order, Mr. Makovicka shall provide WideBand's counsel, through ClearOne's counsel, (1) proof that he has destroyed all unauthorized copies of any WideBand source code in his possession and (2) his affirmation that he has read this order and that he will conform to Confidentiality Order as interpreted by this order.

Dated this 29th day of December, 2007.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[16] Docket no. 650, filed December 12, 2007.

[17] Docket No. 656, filed under seal December 12, 2007.

**Paragraph 17 from Confidentiality Order,**
docket No. 74, filed March 9, 2007

**Attachment to**
**Memorandum Decision and Order Granting Motion to Enforce Confidentiality Order and Denying Motion for Clarification Regarding the Treatment of Computer Code**

**2:07-cv-00037-TC-DN ClearOne Communications v. Chiang et al**

17. <u>Special Obligations with Respect to Computer Code</u>: A special type of Protected Information in this action is computer code or software, including, but not limited to, source code, object code, or machine code. Special precautions should be taken when using, analyzing, or otherwise inspecting this type of Protected Information. Any person or entity authorized by this Confidentiality Order to have access to such Protected Information shall ensure that no electronic copies of such computer code be made, locally or otherwise, in violation of this provision. When using, analyzing, or otherwise inspecting computer code discovered in this action on a computer (hereinafter a "Clean Computer"), the receiving party shall take precautions, including, but not limited to, ensuring that the Clean Computer is an isolated computer, having no connections to any network, external or internal, including, but not limited to the Internet, the receiving party's company or organization intranet, any phone line, any wireless network, or any other computer; ensuring that the mechanisms for creating portable copies of Protected Information are disabled on the Clean Computer; ensuring that the Clean Computer is not subject to any standard or non-standard back-up procedures at the receiving party's facilities; ensuring that only persons authorized under this Confidentiality Order have physical access to the Clean Computer; and ensuring that the Clean Computer has a "clean" hard drive, so as to avoid any inadvertent access to such code in violation of this Confidentiality Order, among other reasons. The Clean Computer may be used on a computer having a printer directly attached to the computer (but that printer must not have any connections to any network, as described above). However, unless otherwise authorized in writing by the producing party, no more than 25% of the total number of lines of proprietary source code of any software release version may be printed (unless the complete source code from that software release has previously been produced in printed form). Such printed source code shall be treated as Protected Information pursuant to paragraph 2 above, and must be promptly destroyed when it is no longer needed. Furthermore, authorized persons may, from time to time, find it necessary to electronically copy protected computer code for their own use in preparing for litigation, as well as the use of other authorized persons. Any necessary electronic copies of such protected computer code shall only be made with the prior written authorization of the producing party, are Protected Information pursuant to paragraph 2 above, and must be promptly destroyed when they are no longer needed.