IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CLEARONE COMMUNICATIONS, INC.,** **a Utah corporation**, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER REGARDING THIRD INTERROGATORY REQUEST** <br><br> Case No. 2:07 CV 37 TC <br><br> District Judge Tena Campbell <br><br><br> Magistrate Judge David Nuffer |

The WideBand Defendants moved for a protective order[1] against ClearOne's Third

Interrogatory Request which asks them to

> identify and describe with reasonable particularity any and all of the trade secrets (and/or confidential and proprietary information) found in the WideBand Code, the Other WideBand Code, or the Harman Code that WideBand Defendants allege were developed by any of the WideBand Defendants, identifying and describing how and by whom the same were developed.[2]

In this suit in which *Plaintiff ClearOne's* trade secrets are at issue, nothing has yet made

the WideBand trade secrets discoverable.  ClearOne summarizes its argument as follows:

> WideBand Defendants have represented to this Court that WideBand and/or Yang have certain trade secrets. However, WideBand Defendants continue to refuse to identify the same, claiming that such inquiry is beyond the scope of this matter. If the Court finds any merit in WideBand Defendants' position, and decides to grant the instant protective order, then evidence of these purported trade secrets should

---

[1] Docket no. 538, filed October 19, 2007.

[2] Memorandum in Support of Motion for Protective Order at 2, docket no. 553, filed under seal October 19, 2007.

also be precluded from going to the jury as part of WideBand Defendants' defense in this case.[3]

The issue in this case is whether the WideBand Defendants have appropriated ClearOne's trade secrets. This can be shown by the source code comparisons and other means now underway, and does not depend on existence of any WideBand trade secrets. WideBand's product could be entirely public domain. That would be a complete defense against ClearOne's claims and create other problems for Wideband but those would be outside the concern of this case. On the other hand, WideBand code could be chock full of WideBand trade secrets. But that would have nothing to do with ClearOne's allegations that WideBand has used ClearOne's trade secrets. How WideBand achieves its product performance is only relevant in this case if the achievement is based on *ClearOne's* trade secrets.

Even if there were some arguable relevance to the existence and listing of WideBand's trade secrets, the court would have to consider whether to permit discovery of such sensitive material. The only reason ClearOne's trade secrets are in the hands of WideBand's outside counsel is because those trade secrets are the essence of the case. Otherwise, if they were only of tangential relevance (which is more than the relevance of WideBand's trade secrets), they would not be subject to discovery at all. Certainly, there is no merit to the argument that fair play requires WideBand reveal its trade secrets.

---

[3] Opposition to Motion for Protective Order at 2, docket no. 607, filed November 6, 2007.

## ORDER

IT IS HEREBY ORERED that WideBand Defendants motion for protective

order[4] is GRANTED.

Dated this 2nd day of January, 2008.

BY THE COURT

Magistrate Judge David Nuffer

---

[4] Docket no. 538, filed October 19, 2007.