IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CLEARONE COMMUNICATIONS, INC.,** a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS REVIEWED BY DEFENDANT JUN YANG IN PREPARATION FOR HIS DEPOSITION** <br><br> Case No. 2:07 CV 37 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

Clear One has moved to compel production of documents reviewed by Jun Yang in preparation for his deposition.[1]  The documents are sought under Federal Rule of Evidence 612[2] which provides that "if a witness [before testifying] uses a writing to refresh memory for the

---

[1] Docket no. 510, filed October 8, 2007.

[2]   Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either--

   (1) while testifying, or

   (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

   an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

Fed. R. Evid. 612.

purpose of testifying . . . if . . . it is necessary in the interests of justice, an adverse party is entitled to have the writing produced . . . ."[3]  The rule applies to conduct of depositions.[4]

Pertinent deposition testimony follows:

Q       And Dr. Yang, what did you do to prepare for this deposition?
. . . .
A       Meet Paul [Gilmore].
. . . .
Q       And did you look at any documents during that meeting?

A       Yes.
. . . .
Q.      Can you tell me what those documents were?

MR. GILMORE: Hold on for a second.

(Off-the-record discussion.)

Mr. GILMORE: I object to that. I think you're seeking to invade the attorney/client privilege with respect to that inquiry.

[By Mr. MAGLEBY]
Q       Let me ask you a slightly different question. Did any of the documents you reviewed refresh your recollection as to any facts or events related to this case?
. . . .
A       Related to. I think, yes. Related to this.

Q       And did they help remind you of certain things, facts or events that had taken place?

A       You said, what, events?

Q       Yes.

A       I'm not sure if it is events or not. Of course it reminded me of some facts.[5]

---

[3] *Id.*

[4] Fed. R. Civ. P. 30(c)(1).

[5] Deposition of Jun Yang. October 1, 2007, at 7:19-21; 8:7-20; 9:1-9:9.  Copy of transcript attached as Exhibit A to Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents Reviewed by Jun Yang in Preparation for His Deposition (Opposition Memorandum), docket no. 549, filed October 24, 2007.

>\*\*\*
>MR. MAGLEBY: Is it safe to say that if I asked Dr. Yang to tell me what documents he reviewed, you'll instruct him not to answer?
>
>MR. DUBITSKY: Well, yes, I will at this point.[6]

It is clear from the transcript that Mr. Yang looked at documents that helped him prepare for his deposition and that efforts by ClearOne to inquire further into the documents were obstructed by WideBand's counsel. Therefore, WideBand's inability to identify the documents (as case law cited by WideBand requires)[7] is excused.

It is still necessary for the other requirements of Rule 612 to be met. "If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto."[8] In addition, claims of privilege may apply.[9]

## ORDER

IT IS HEREBY ORDERED that the motion to compel[10] is GRANTED IN PART.

IT IS FURTHER ORDERED that on or before January 18, 2007, WideBand Defendants shall identify and produce all documents reviewed by Jun Yang in preparation for his deposition. Any documents as to which privilege is claimed or as which WideBand claims excision is

---

[6] Deposition of Jun Yang October 2, 2007, at 3:8-15.

[7] Opposition Memorandum at 5-9.

[8] Fed. R. Evid. 612.

[9] Deposition of Jun Yang October 2, 2007, at 4:8-14.

[10] Docket no. 510, filed October 8, 2007.

appropriate shall be delivered to the magistrate judge for in camera review.

Dated this 2nd day of January, 2008.

        BY THE COURT

        _____
        Magistrate Judge David Nuffer