IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CLEARONE COMMUNICATIONS, INC.,** a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PART III OF [641] CLEARONE'S MOTION TO COMPEL AGAINST WIDEBAND DEFENDANTS** <br><br><br> Case No. 2:07 CV 37 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

ClearOne has moved to compel[1] WideBand Defendants to produce "algorithms for performing line echo cancellation ('LEC'), automatic gain control ('AGC'), and automatic level control ('ALC'), in addition to acoustic echo cancellation ('AEC') and noise reduction ('NR')" which have already been produced.[2] However, the only reference to these three "new" types of algorithms in ClearOne's disclosure of trade secrets was in a footnote – of a very long disclosure document.[3] ClearOne provided a supplemental disclosure claiming its LEC and AGC algorithms are at issue in this case[4] but did so well after this motion was filed.

---

[1] Motion to Compel against Wideband Defendants, docket no. 641, filed December 7, 2007. The current order only deals with PART III of the motion. See docket no. 680.

[2] Memorandum in Support of Motion to Compel against Wideband Defendants at 10, docket no. 645, filed under seal December 10, 2007.

[3] Sealed Supplemental Answer to Interrogatory No. 1 per the Court's October 5, 2007 Order at 5 n.2, docket no. 559, filed under seal October 25, 2007.

[4] Letter, January 2, 2008, attached as Exhibit A to Reply in Support of Section III of Memorandum in Support of Motion to Compel against Wideband Defendants, docket no. 702, filed under seal January 7, 2008.

The Revised Third Amended Complaint is plead broadly enough to include these algorithms by referring generally to ClearOne's "audio DSP technology,"[5] and defining ClearOne's trade secrets as "certain proprietary and trade secret computer code, computer code architecture and digital audio processing algorithms for purposes of improving and maximizing the performance and clarity of audio conferencing . . . ."[6]  In one instance, ClearOne refers to its "trade secret audio DSP technology."[7]

So, the discovery is relevant to the claims or defenses of a party,[8] but at the time of the discovery request and certainly at the time the motion to compel was filed, WideBand Defendants were not on clear notice that these algorithms were at issue.  The overwhelming focus of this case has been on acoustic echo cancellation and noise reduction.  An order compelling the production of these other algorithms is not appropriate on this record.

## ORDER

IT IS HEREBY ORDERED that Part III of ClearOne's motion to compel[9] is DENIED.

Dated this 9th day of January, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[5] Revised Third Amended Complaint ¶¶ 7, 12, 14, 20, 41, 56, 59, 64-66, 75, 78, 79, and 83, docket no. 492, filed October 4, 2007.

[6] *Id.* ¶48.

[7] *Id.* ¶75.

[8] Fed. R. Civ. P. 26(b).

[9] Docket no. 641, filed December 7, 2007.