IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING FOURTH MOTION FOR LEAVE TO AMEND [711]**<br><br><br>Case No. 2:07 CV 37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff ClearOne Communications, Inc. (ClearOne) moves to make the fourth amendment to its complaint,[1] this time to add a corporate entity which receives "half of the royalty payments, and perhaps also a portion, if not all, of the non-recurring engineering fees, associated with the license agreement between Defendant WideBand Solutions, Inc. (WideBand) and Defendant Biamp Systems Corporation (Biamp),"[2] and also to omit claims against Biamp, which were recently dismissed with prejudice by stipulation.[3]  The entity to be added is Versatile

---

[1] Docket no. 711, filed January 10, 2008.

[2] Memorandum in Support of Plaintiff's Fourth Motion for Leave to Amend at 2, docket no. 713 filed January 10, 2008.

[3] *Id.*

DSP, Inc. (Versatile).[4]  There is no real opposition to the amendments deleting the Biamp allegations.[5]

Defendants Andrew Chiang, Jun Yang, Lonny Bowers, and WideBand (collectively, the WideBand Defendants) object to the amendment because it is not timely,[6] having been filed months after the scheduled deadline for filing motions to amend.[7]  The parties disagree in placing the blame for this delay, ClearOne claiming WideBand Defendants' discovery responses should have revealed the entity's existence,[8] and WideBand claiming ClearOne never asked a question pertaining to royalties until after the deadline for amendment of pleadings.[9]

WideBand Defendants also claim that they will be prejudiced by the amendment.  "[I]f leave to amend is granted, ClearOne will seek to conduct discovery on them, even though the discovery deadline has passed."[10]  ClearOne responds that it "does not believe that the addition of Versatile will require any new discovery, as it has already served timely requests for production to WideBand Defendants in order to obtain information about Versatile."[11]

WideBand Defendants assert that a two part test, timeliness and good cause, applies to

---

[4] *Id.*

[5] WideBand Defendants' Memorandum in Opposition to Plaintiff's Motion to Amend (Opposition Memorandum) at 6 n.2, docket no. 727, filed January 28, 2008.

[6] Opposition Memorandum at 5-6.

[7] Docket no. 327, filed August 2, 2007.

[8] Reply in Support of Plaintiff's Fourth Motion for Leave to Amend (Reply Memorandum) at 3-6, docket no. 740 filed February 7, 2008.

[9] Opposing Memorandum at 6.

[10] *Id.* at 7.  *See* discovery requests at 8.

[11] Reply Memorandum at 7.

motions to amend after the scheduled deadline.[12]  This test has been adopted in many circuits[13] and by some district courts in this circuit.[14]  However, the one Tenth Circuit case considering the issue stated that the good cause test under Fed. R. Civ. P. 16(b) for amendment of schedule and the "undue delay" analysis under Fed. R. Civ. P. 15(a) are roughly the same.[15]

Taking this common sense approach, the complaint should be amended to add Versatile. The principal in Versatile is already before the court, the amendment to add Versatile will have a small impact, and the amendment will provide a complete rather than piecemeal resolution.  The Fourth Amended Complaint shall be filed under seal, and the WideBand Defendants shall within ten days inform ClearOne of any objections to unsealing the entire Fourth Amended Complaint. The parties shall meet and confer, and unless the WideBand Defendants file a motion to retain the seal (which must recite the positions of the parties in the meet-and-confer) the Fourth Amended Complaint shall be unsealed after March 28, 2008.

---

[12] Opposing Memorandum at 4.

[13] See, e.g., *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Coleman v. Quaker Oats*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2nd Cir. 2000); *In re Milk Prods. Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999); *Hargett v. Valley Federal Savings Bank*, 60 F.3d 754, 761 (11th Cir. 1996); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[14] *Ice Corporation v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930 *2 (D. Kan. 2007); *Dias v. City and County of Denver*, Civil Action No. 07-cv-00722-WDM-MJW, 2007 WL 4373229 *2 (D. Colo. 2007); *Chaara v. Intel Corp.*, No. CIV 05-278 JB/RLP, 2006 WL 4079030 *4 (D.N.M. 2006).

[15] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 and n.4 (10th Cir. 2006).

## ORDER

IT IS HEREBY ORDERED that the motion to amend[16] is GRANTED.

Dated this 25th day of February, 2008.

                                            BY THE COURT

                                            Magistrate Judge David Nuffer

---

[16] Docket no. 711, filed January 10, 2008