IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [641] CLEARONE'S MOTION TO COMPEL AGAINST WIDEBAND DEFENDANTS**<br><br>Case No. 2:07 CV 37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff ClearOne Communications, Inc. (ClearOne) has moved to compel[1] Defendants Andrew Chiang, Jun Yang, Lonny Bowers, and WideBand Solutions, Inc. (WideBand) (collectively, WideBand Defendants) to produce three categories of information. In this same motion, one other category was discussed, but that issue has been separately resolved.[2]

The categories in dispute are referred to in the briefing by their part numbers in the initial memorandum:[3]

II.  Information about investors, employees and independent contractors of WideBand.

IV.  Certain communications between WideBand Defendants.

---

[1] Motion to Compel against Wideband Defendants, docket no. 641, filed December 7, 2007.

[2] Memorandum Decision and Order Denying Part III of [641] Clearone's Motion to Compel Against Wideband Defendants, docket no. 705, filed January 9, 2008.

[3] Memorandum in Support of Motion to Compel against Wideband Defendants (Supporting Memorandum), docket no. 645, filed under seal December 10, 2007.

V.   Contacts with others about licensing WideBand technology.

## DISCUSSION

**Information about investors, employees and independent contractors of WideBand.**

ClearOne seeks information about WideBand's shareholders, employees and independent contractors.

> Request No. 44: Corporate documents sufficient to demonstrate the creation of WideBand and its owners and the percentage or portion of ownership held by any person or entity.[4]
>
> Interrogatory No. 6: Identify all employees, independent contractors, or other entities or contractors that are, or have been, employed or paid for by services by WideBand Defendants, including name, position(s), dates of hire (and termination if applicable) and contact information.[5]
>
> Request No. 8: Documents sufficient to identify all employees or independent contractors of WideBand Defendants, including name, position(s), dates of hire (and termination if applicable), and contract [sic] information.[6]

WideBand claims it has disclosed its investors, except the "identity of preferred shareholders who do not participate in the management of the company."[7] ClearOne's interest is in discovering whether WideBand said it "was using ClearOne's algorithm . . . in order to raise capital for WideBand."[8] But the potential for undue contact with these individuals is significant, as is the harm that might result from such contact. WideBand's answer that "the preferred

---

[4] Plaintiff's Fourth Request for Production of Documents and Things to Defendants Andrew Chiang, Jun Yang, and WideBand Solutions, Inc. (Fourth Requests), attached as Exhibit S to Supporting Memorandum.

[5] Plaintiff's Second Interrogatories to Andrew Chiang, Jun Yang, and WideBand Solutions, Inc. (Second Interrogatories), attached as Exhibit G to Supporting Memorandum.

[6] Fourth Requests.

[7] Defendants Andrew Chiang, Jun Yang, and WideBand Solutions, Inc.'s Responses to Plaintiff's Second Request for Production of Documents (Responses to Second Requests) at 40, attached as Exhibit C to Supporting Memorandum.

[8] Letter from J. Magleby to WideBand Defendants' Counsel re: Responses to Second Requests at 2 (July 27, 2007), attached as Exhibit D to Supporting Memorandum.

shareholders do not participate in the management of the company and are merely silent investors" who have no "access to . . . source code"[9] misses the point. They have access to information about the company – that is how they became investors.

As to employees and independent contractors, WideBand objected because of potential harassment:

> [T]he plaintiff has had the benefit of deposing all three principals of WideBand as well as conducting a Rule 30(b)(6) deposition. Plaintiff has had ample opportunity to learn whether there are any employees other than those already deposed who may have information germane to this litigation, and to then seek to depose only those persons. The disclosure of anyone and everyone who ever worked at WideBand is simply too invasive of an inquiry. No doubt, plaintiff will seek to depose as many of them as possible, in an effort to make life working at WideBand difficult, or giving present and/or former employees reason to gossip about WideBand and the intensity with which plaintiff is pursuing this litigation, with plaintiff likely employing tactics as to such present and former employees as it did this week with WideBand's president – serving him with legal process at a gathering of friends and family at his home on Halloween (Thanksgiving is just around the corner).[10]

On the other hand, this fear of harassment is not a reason to withhold disclosure of identities. The very legitimate interests of WideBand in protecting its relations with shareholders, employees and independent contractors can be protected even if disclosure is allowed by designating the information as Highly Confidential and prohibiting any contact by ClearOne unless leave of court is obtained on motion. Having the information on identities, ClearOne will have points of reference for discovery direct to WideBand Defendants.

---

[9] Letter from P. Gilmore to J. Magleby at 2 (Nov. 19, 2007), attached as Exhibit E to Supporting Memorandum.

[10] Letter from P. Gilmore to J. Magleby at 2 (Nov. 2, 2007), attached as Exhibit N to Supporting Memorandum.

**Certain communications between WideBand Defendants.**

ClearOne's Request No. 10 in its Fourth Requests seeks:

Request No. 10: All documents reflecting or relating to any communications about the Other WideBand Code between any of the Defendants, or any person or entity acting as any Defendant's agent. This includes, without limitation, all email, facsimile, or regular mail correspondence and all notes, memos, or other documents relating to any meeting or conversation.[11]

WideBand Defendants object that "if one were to construe this request for any documents relating to communications about products contain the Other WideBand Code, rather than just the Other WideBand Code itself, the request would be overbroad and unduly burdensome."[12] Apparently relying on that construction, WideBand Defendants said they "will not produce any documents responsive to this request without order of the Court."[13]

The parties are speaking in different terms. WideBand Defendants' broad construction of the request led to their refusal to produce. WideBand Defendants should produce documents which refer to the Other WideBand Code itself, and is not required to produce documents which just referring broadly to products that *contain* the Other WideBand Code.

---

[11] Fourth Requests.

[12] Defendants Andrew Chiang, Jun Yang, and WideBand Solutions, Inc.'s Responses to Plaintiff's Fourth Request for Production of Documents (Responses to Fourth Requests), attached as Exhibit W to Supporting Memorandum.

[13] Letter from J. Magleby to WideBand Defendants' Counsel re: Fourth Responses at 2 (July 27, 2007), attached as Exhibit W to Supporting Memorandum.

**Contacts with others about licensing WideBand technology.**

ClearOne says it wants any "representations . . . made to any persons expressing interest in purchasing WideBand, or its assets, that relate to WideBand's technology."[14]  However, the requests for information (an interrogatory and request for production) are much more broad:

> Interrogatory No. 5: Please identify any existing or potential discussions relating to the sale or licensing of acoustic echo cancellation, noise filtering, noise reduction or line echo cancellation software or code software or code, including name of the person or entity, the date(s) of discussions, persons involved in communications, the amount or description of the purchase price or investment amount or consideration to be exchanged, the scope of the purchase or investment, whether discussions are ongoing, and whether any documents were created as a result of the discussions.[15]

> Request No. 13: All documents reflecting or relating to any existing or potential agreements for the licensing of acoustic echo cancellation, noise filtering, , noise reduction, or line echo cancellation software or code, including any documents that would reflect the name of the person or entity, the date(s) of discussions, persons involved in communications, the amount or description of the purchase price or investment amount or consideration to be exchanged, the scope of the purchase or investment, whether discussions are ongoing, and whether any documents were created as a result of the discussions.[16]

As WideBand states, "ClearOne wants all communications with anyone at [any company expressing interest in WideBand], again on speculation that Lonny Bowers made any representations to it about ClearOne's trade secrets."[17]  WideBand says it "confirmed in writing

---

[14] Reply in Support of Motion to Compel Against WideBand Defendants at 8, docket no. 742, filed February 11, 2008.

[15] Second Interrogatories.

[16] Plaintiff's Fifth Requests for Production of Documents and Things to Defendants Andrew Chiang, Jun Yang, and WideBand Solutions, Inc. (Fifth Requests), attached as Exhibit H to Supporting Memorandum.

[17] WideBand Defendants' Memorandum in Opposition to Motion to Compel at 6, docket no. 728, filed January 28, 2008.

the status (or lack thereof) of all such discussions, including discussions with one company that terminated when ClearOne filed this lawsuit."[18]

The parties are talking past each other. In the meet and confer, ClearOne requested that "WideBand Defendants confirm in writing that no such responsive documents . . . exist,"[19] but Wideband responded "WideBand Defendants believe that the disclosure with respect to [a prospective buyer] was adequate."[20] The response did not meet the request.

If WideBand made any representations regarding its technology to any of those persons or entities who expressed an interest, those documents should be provided or the substance of conversations must be disclosed, but the breadth of information requested by ClearOne in its discovery is clearly burdensome compared to the likely yield of evidence. WideBand is not, however, justified in merely confirming the existing of such discussions, but must disclose the documents.

## ORDER

IT IS HEREBY ORDERED that the remainder of ClearOne's motion to compel[21] is GRANTED IN PART.

1.  WideBand Defendants shall respond to requests for information about investors, employees and independent contractors but such information shall be Highly Confidential (and ClearOne's counsel shall have no contact, direct or indirect, with those individuals without leave of court.

---

[18] *Id.*

[19] Letter from J. Magleby to WideBand Defendants' Counsel re: Responses to Fifth Requests at 5 (Oct. 11, 2007), Exhibit Z to Supporting Memorandum.

[20] Letter from P. Gilmore to J. Magleby at 2 (Nov. 2, 2007), Exhibit N to Supporting Memorandum.

[21] Docket no. 641, filed December 7, 2007.

      2.      WideBand Defendants should produce documents responsive to Request No. 10 which refer to the Other WideBand Code itself, and is not required to produce documents which just referring broadly to products that *contain* the Other WideBand Code.

      3.      With regard to Interrrogatory No. 5 and Request No. 13 WideBand shall respond as to any representations that relate to WideBand's technology made to any persons expressing interest in purchasing WideBand, or its assets.

IT IS FURTHER ORDERED that the motion to expedite[22] is MOOT.

Dated this 26th day of February , 2008.

                BY THE COURT

                _____
                Magistrate Judge David Nuffer

---

[22] Docket no. 643, filed December 12, 2007.