IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONSOLIDATE [716]**<br><br>Case No. 2:07 CV 37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

      Plaintiff ClearOne Communications, Inc. (ClearOne) moves to consolidate[1] this case with ClearOne Communications, Inc. v. Jun Yang, WideBand Solutions, Inc., Andrew Chiang, and Lonny Bowers, Civil No. 2:07-cv-832 TS.  The cases have the same parties and involve the same alleged wrongful use of intellectual property, but this case is founded on trade secret theory and the other is founded on copyright theory.  Defendants Andrew Chiang, Jun Yang, Lonny Bowers, and WideBand Solutions, Inc. (WideBand) (collectively, WideBand Defendants) "agree that two cases should be consolidated when doing so would prevent 'substantial duplication of labor or unnecessary Court costs or delay'"[2] but claim that this goal may only be achieved if limitations are placed on ClearOne's discovery in the new case.

---

[1] Motion for Consolidation Pursuant to Federal Rule of Civil Procedure 42(a), docket no. 716, filed January 14, 2008.

[2] WideBand Defendants' Memorandum in Response to Plaintiff's Motion to Consolidate at 4 (WideBand Response), docket no. 734, filed February 1, 2008.

WideBand Defendants say that ClearOne should be precluded from conducting discovery on matters with regard to which this Court has already ruled.[3] The implication of this principle is that no additional discovery should be allowed,[4] except the timing of ClearOne's copyright registration[5] and WideBand Defendants' statute of limitations defense.[6] ClearOne objects to these limitations as entitling WideBand Defendants to discovery and eliminating its rights to discovery. ClearOne says "discovery should be bilateral -- on both the <u>claims</u> and defenses."[7]

The magistrate judge agrees that no duplicative discovery should be permitted. However, that must be determined on real facts in dispute, and not in the abstract. It appears discovery is already propounded raising this very issue,[8] so the opportunity is at hand for concrete decisions to be made regarding the discovery issues.

## ORDER

IT IS HEREBY ORDERED that the motion to consolidate[9] is GRANTED.

Dated this 8th day of March, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[3] *Id.* at 2.

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.* at 4.

[7] Reply in Motion for Consolidation Pursuant to Federal Rule of Civil Procedure 42(a) at 2, docket no. 739, filed February 7, 2008 (emphasis in original).

[8] WideBand Response n.1 at 2.

[9] Docket no. 716.