IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR MODIFICATION OF CONFIDENTIALITY ORDER**<br><br>Case No. 2:07 CV 00037 TC<br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge David Nuffer |

  Plaintiff ClearOne Communications, Inc. ("ClearOne") has moved[1] to modify the Confidentiality Order[2] in this case to permit use of documents produced by defendants in this case in a separate case in Utah state court (State Case), in which ClearOne is also Plaintiff.[3] The two cases are somewhat related because ClearOne claims the WideBand Defendants (WideBand Solutions, Inc., Jun Yang, and Andrew Chiang) delivered ClearOne trade secrets to one of the State Case defendants, Harman Music Group, Inc. (Harman). In fact, the State Case defendants were briefly defendants in this case[4] – until it was discovered their presence would vitiate federal

---

[1] Docket no. 612, filed November 13, 2007.
[2] Docket no. 74, filed March 9, 2007.
[3] *ClearOne Communications, Inc. v. Harman Music Group, Inc.*, Third Judicial District Court, Salt Lake County, Utah, Civil No. 070913483 (Honorable Glenn K. Iwasaki).
[4] Docket no. 384, filed August 24, 2007; docket no. 405, filed September 5, 2007.

diversity jurisdiction.[5]  Now, ClearOne is litigating claims against these two sets of defendants in separate forums.

ClearOne wants to be able to use documents produced by defendants in this case, subject to the Confidentiality Order, in the State Case.  Fortunately, the State Case is subject to a confidentiality order (State Confidentiality Order) nearly identical to the Confidentiality Order entered in this case.[6]  However, ClearOne is the only party common to both cases.  The complications caused by the difference in parties, the presence of multiple defendants in each case, and the existence of two jurisdictions make the drafting task daunting.  ClearOne proposed a short order,[7] and WideBand Defendants responded[8] with a proposal for four orders, three to be entered in the state case and another (identical to the first proposed state court order) to be entered in this case.  ClearOne replied with a single order to be entered in this case.[9]

The court proposed a draft to the parties[10] and Harman Music Group, Inc. ("Harman") and Yung-Jeng "Kevin" Yan ("Yan") were permitted to intervene for the limited purpose of dealing with the protective order modification.[11]  The order permitting intervention required the

---

[5] Docket no. 438, filed September 18, 2007; docket no. 444, filed September 18, 2007.
[6] November 8, 2007 Confidentiality Order, attached as Exhibit C to Memorandum in Support of Motion for Expedited Modification of Confidentiality Order (Supporting Memorandum), docket no. 613, filed November 13, 2007.  A comparison of the State Confidentiality Order and the Confidentiality Order is made in the Supporting Memorandum at 5.
[7] Attached as Exhibit E to Supporting Memorandum.
[8] Objection to Expedited Motion for Expedited Modification of Confidentiality Order (Opposition Memorandum), docket no. 640, filed December 3, 2007.
[9] Reply in Support of Motion for Expedited Modification of Confidentiality Order (Reply Memorandum) at 3-6, docket no. 664, filed December 17, 2007.
[10] Email from David Nuffer to counsel (Jan. 2, 2008),  docket no. 764, filed under seal March 10, 2008.
[11] Order January 22, 2008, docket no. 722.

parties to meet in person and attempt to work out the document, and submit a proposed agreed order – or file their respective positions after February 8, 2008.[12]

An agreement was not reached so proposals were filed by ClearOne[13] and Biamp (with the concurrence of Yan and all the WideBand Defendants).[14] The position of the parties other than ClearOne is summarized by Harman.

> Harman and the Defendants agreed to slight modifications that allow use of witness testimony, including depositions, affidavits, testimony at hearings, and corresponding exhibits in the State Case, and reciprocally allow the Federal Case parties to use deposition transcripts from the State Case. However, Harman and the Defendants did not agree to allow ClearOne's proposed wholesale use of all protected information obtained through the discovery process in the Federal Case in the State Case; instead, Harman and the Defendants all agree that there are already sufficient procedures set forth in the Utah Rules of Civil Procedure that would allow ClearOne and Harman to obtain any necessary information from non-parties Biamp and the Wideband Defendants while simultaneously affording Biamp and the Wideband Defendants the proper non-party protection they desire.[15]

The magistrate believes that sharing deposition testimony and exhibits is not enough, and will require needless expenditure of effort to put documents before the state court that are already before the parties in this case. The magistrate judge desires to permit the sharing of deposition testimony and exhibits from this case in the State Case, *and* to permit sharing of documents from this case in the State Case, on limited terms.[16] This outcome may benefit ClearOne more than the state and federal defendants, because ClearOne is a party to both cases,

---

[12] *Id.*
[13] Docket no. 741, filed February 8, 2008.
[14] Docket no. 743, filed February 11, 2008. Harman also filed a memorandum, docket no. 744, filed February 11, 2008.
[15] Non-Party Harman Music Group, Inc.'s Memorandum in Support of Its Submission of a Modified Confidentiality Order at iii-iv, docket no. 744, filed February 11, 2008.
[16] The magistrate judge believes it is highly desirable that a corresponding order be entered in the State Case, but that is a matter for the judge and parties in that case.

but that fact is not sufficient to bar ClearOne from using documents it already possesses, subject to protections.

On March 10, 2008, the magistrate judge proposed language[17] to amend the Confidentiality Order to allow use in the State Case of documents produced in this case as well as allowing depositions and deposition exhibits in this case to be used in the State Case. The parties were invited to comment on this proposed language. The magistrate judge also invited the parties to comment on his intention not to attempt to draft any provisions of a state order.

Comments were received[18] and have been considered in this order.

**ORDER**

IT IS HEREBY ORDERED that the motion[19] to amend confidentiality order is GRANTED IN PART, in that the Confidentiality Order is amended by adding Paragraphs 33-35 as follows:

> 33.    <u>Witness Testimony Disclosure in the State Case:</u>  All attorneys in the state action styled *ClearOne Communications, Inc. v. Harman Music Group, Inc.*, pending in the Third Judicial District Court, Salt Lake County, Utah, Civil No. 070913483 (Honorable Glenn K. Iwasaki) ("State Case"), shall be given access to any previous witness testimony from this case, including depositions, declarations, affidavits, and testimony at hearings, and copies of all exhibits mentioned or discussed during such testimony (hereinafter "Witness Testimony"), of any witness that is subsequently served with a notice of deposition in the State Case.
>
>     a.    Access to Witness Testimony shall be provided as follows:  Upon service of a notice of deposition on all parties to this case, the party in this case who is producing the witness (ClearOne, Biamp, or WideBand Defendants) shall provide any Witness Testimony from this case of the person to be deposed five

---

[17] Email from David Nuffer to counsel (March 10, 2008), docket no. 765, filed under seal March 10, 2008.
[18] Email from Mark Bettilyon to David Nuffer and counsel (March 14, 2008), docket no.786, filed under seal March 17, 2008; Email from Karra Porter to David Nuffer and counsel (March 14, 2008), docket no. 785, filed under seal March 17, 2008.
[19] Docket no. 612.

(5) calendar days after the notice of deposition is served.  During that 5-day period, counsel in this case may inform counsel for the party in this case who is producing the witness that some portion of the requested Witness Testimony transcripts or documents shall be redacted to preserve confidentiality.  If so informed, the party in this case who is producing the witness shall redact those portions which are requested and shall otherwise provide all other portions of the testimony for use in the State Case.  The party in this case who is producing the witness may also redact portions of the Witness Testimony to preserve confidentiality.  All Witness Testimony so produced shall be treated as "Highly Confidential" under the confidentiality order entered in the State Case on November 8, 2007 (the "State Confidentiality Order").

        b.      If ClearOne is the party making redactions, resolution of disputes concerning such redactions shall be resolved by the State Court in the State Case.  If the redactions are made by Defendants in this case, resolution of disputes concerning such redactions shall be resolved by having Harman Music Group, Inc. (Harman) or ClearOne file an appropriate motion in this case.

        c.      Once Witness Testimony is produced to a party in the State Case pursuant to the terms of this Order, use of the Witness Testimony in the State Case shall be governed by the State Confidentiality Order.

        34.     <u>Use of Protected Information in the State Case:</u>  In accordance with this paragraph (1) ClearOne, a party to this case and to the State Case, may use Protected Information in the State Case and (2) provided that Harman and Yung-Jeng "Kevin" Yan (Yan) agree to abide by this paragraph WideBand Defendants may in the State Case produce Protected Information to Harman and Yan. "Produce" as used with reference to WideBand Defendants' activities toward Harman shall include voluntary delivery or formal production.

        a.      Protected Information from this case and given either a "Confidential" or "Highly Confidential" designation under the Confidentiality Order may be used in the State Case as provided herein.

        b.      To the extent that any "Confidential" or "Highly Confidential" Protected Information from this case is used in the State Case, it shall also be designated and treated as "Confidential" or "Highly Confidential" under the State Confidentiality Order.

        c.      To the extent that any "Confidential" or "Highly Confidential" Protected Information from this case is used in the State Case, it shall be used in the same form as it was produced in this case, including with the same control numbers and the same confidentiality designations.

        d.      A party in this case which has received Protected Information shall provide the disclosing party with ten (10) calendar days' advance notice of its intention to use or produce Protected Information from this case in the State Case,

including identification of such Protected Information by control number. Notice from the disclosing party disputing the use or production of such information in the State Case shall prevent such use until resolution of the dispute. Resolution of disputes concerning such use shall be resolved by the party which has received Protected Information in this case filing an appropriate motion in this case.

      e.      No one producing, receiving or using Protected Information from this case shall seek in the State Case to change the confidentiality designation of any "Confidential" or "Highly Confidential" Protected Information so designated in this case. If any request in the State Case is made for a change in the confidentiality designation of any "Confidential" or "Highly Confidential" Protected Information from this case, pursuant to paragraph 25 of the State Confidentiality Order, the party to this case which used or produced such information in the State Case shall refuse such request and shall forward the same to the disclosing party in this case on the day such request is made. If a motion is thereafter filed in the State Case pursuant to paragraph 25 of the State Confidentiality Order, the party which used or produced the information in the State Case shall forward the same to the disclosing party in this case on the day such motion is served in the State Case. If the disclosing party in this case seeks to intervene in the State Case to oppose such motion, then no party to this case and no party in the State Case receiving Protected Information may oppose the disclosing party's intervention.

      f.      No one receiving or using Protected Information in the State Case shall seek, pursuant to paragraph 12 of the State Confidentiality Order, to disclose "Confidential" or "Highly Confidential" Protected Information from this case to any party designee without giving notice to the party to this case which disclosed such information. The party in this case which disclosed such information shall be entitled to object to the delivery of information to the designee under paragraph 12 of the State Confidentiality Order, and no party to this case and no party in the State Case using or receiving Protected Information may oppose the disclosing party's intervention in the State Case to resolve any dispute.

      g.      ClearOne shall give notice to Defendants of any motion to modify the State Confidentiality Order in the State Case within twenty-four (24) hours of its filing (if filed by ClearOne) or within twenty-four (24) hours of its service upon ClearOne (if filed by a State Case party other than ClearOne).

      h.      No "Confidential" or "Highly Confidential" Protected Information from this case shall be used in the State Case until twenty (20) days after the entry of this order.

35.   <u>Discovery in the State Case:</u>  Nothing in this Order shall be construed as otherwise limiting the parties in the State Case from pursuing discovery before the State Court under the Utah Rules of Civil Procedure.  ClearOne shall use its best efforts to avoid duplicating the discovery that has been done in this case in the State Case.

Dated this 18th day of March, 2008.

                                BY THE COURT

                                _____
                                Magistrate Judge David Nuffer