IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO QUASH**<br><br>Case No. 2:07 CV 00037 TC<br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge David Nuffer |

Non-party Harman Music Group, Inc. (Harman) filed a motion to quash[1] two deposition subpoenas,[2] one for a deposition of the corporation under Fed. R. Civ. P. 30(b)(6) and another seeking to depose Rex Reed, an employee of Harman.[3] The magistrate judge has previously limited a subpoena seeking documents from Harman in a prior order.[4] That order outlines the factual relationship between Harman and ClearOne Communications Inc. (ClearOne) which is Plaintiff in this litigation.

---

[1] Motion to Quash Federal Rule of Civil Procedure 30(b)(6) Deposition of Non-Party Harman and Deposition of Rex Reed, docket no. 706, filed January 9, 2008.
[2] Notice of Deposition of Harman Music Group, docket no. 803; Notice of Deposition of Rex Reed, docket no. 804.
[3] Opposition to Motion to Quash Federal Rule of Civil Procedure 30(b)(6) Deposition of Non-Party Harman and Deposition of Rex Reed, at 12, docket no. 726, filed January 28, 2008
[4] Memorandum Decision and Order Granting in Part Motion to Quash Subpoena Duces Tecum to Non-Party Harman Music Group Inc., docket no. 634, filed November 28, 2007.

For the reasons the prior order was issued, which are repeated in Harmon's memorandum in support of this motion,[5] a similar result will be imposed as to these deposition notices. ClearOne is entitled to seek discovery from Harman in this litigation that is relevant to the subject matter of this litigation.  Since state litigation is pending between ClearOne and Harman, there is no need – and it is undesirable – for discovery in this litigation to focus on actions of Harman.  Rather the focus is on actions of the Defendants and Harman's relationship with them.

The result is easy to define for the 30(b)(6) deposition of Harman, but since Reed is an individual, there is no requirement for ClearOne to specify in advance the scope of deposition topics.  However, a protective order will issue "to avoid imposing undue burden or expense on [Reed as] a person subject to [a] subpoena."[6]  The protective order is issued "for the convenience of parties and witnesses and in the interests of justice, [that] methods of discovery may be used in . . . sequence,"[7] and "be had only on specified terms and conditions . . . ."[8]

**ORDER**

IT IS HEREBY ORDERED that the Motion to Quash is GRANTED IN PART.  Topics Upon Which Rule 30(b)(6) Testimony Will Be Given for the Federal Rule of Civil Procedure

---

[5] Memorandum in Support of Motion to Quash Federal Rule of Civil Procedure 30(b)(6) Deposition of Non-Party Harman and Deposition of Rex Reed at 3-4, docket no. 707, filed January 9, 2008.
[6] Fed. R. Civ. P. 45(c)(1).
[7] Fed. R. Civ. P. 26(d).
[8] Fed. R. Civ. P. 26(c)(2).

30(b)(6) Notice of Deposition of Harman Music Group, Inc. are amended to read as in the attachment to this order, and

    IT IS FURTHER ORDERED that the deposition of Rex Reed shall be limited to the same topics.

    Dated this 31st day of March, 2008.

                                   BY THE COURT

                                   _____
                                   Magistrate Judge David Nuffer