IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>           Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>           Defendants. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION TO DENY MOTION FOR REFERENCE TO MEDIATION AND ARBITRATION**<br><br>Case No. 2:07 CV 00037 TC<br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge David Nuffer |

The WideBand Defendants moved to submit to mediation and arbitration[1] (ADR Motion) the claims in the case formerly known as *ClearOne Communications Inc. v. Jun Yang, an individual, Wideband Solutions, Inc., a Massachusetts corporation, Andrew Chiang, an individual, and Lonny Bowers, an individual*, Case No. 2:07 CV - 832 TS (Copyright Case). That case is now consolidated in this case.[2] This case (Trade Secret and NDA Case) was filed in January 2007. This case is referred to the magistrate judge, but a complete decision on this motion is arguably proper only for the district judge under DUCivR16-3(b) which permits only a district judge to refer a case for settlement. Therefore, this Report and Recommendation is submitted.

---

[1] Defendants' Motion for Reference to Mediation and Arbitration, docket no. 767, filed December 12, 2007.
[2] Memorandum Decision and Order Granting Motion to Consolidate, docket no. 766, filed March 10, 2008.

**REPORT**

The Court may refer the parties to mediation and arbitration pursuant to either [DUCivR 16-2(e)](#) (through the Court's ADR program) or [DUCivR 16-3(a)](#) (through a settlement conference with a judge of the Court). ClearOne cannot be ordered to arbitrate without its consent, which it will not give,[3] and ordering parties to mediate seems inconsistent with a process which depends on agreement. ClearOne says it is not opposed to mediation, but believes the process should be initiated by agreement of the parties.

Yang moves for mediation and arbitration based on a Confidentiality, Non-Competition and Invention Assignment Agreement for Employees he and Clear One (operating under a prior name) executed in 2000. The agreement provides for alternative dispute resolution of certain disputes.

> 5.3 **Dispute Resolution.** Except for those [injunctive] matters contemplated by Section 5.2, all disputes hereunder shall be resolved first by mediation, or if unsuccessful after thirty (30) days of a request by one party, then by binding arbitration before a single arbitrator in Salt Lake City, UT, in accordance with the applicable rules of the American Arbitration Association then in effect. Judgment of the arbitrator may be entered in any court of competent jurisdiction.

The reference to "disputes hereunder" limits the scope of the clause to the obligation of confidentiality with regard to Yang's obligations to disclaim any ownership in and not disclose to others ClearOne's "information of a confidential or secret nature which has commercial value;"[4] and "any inventions, improvements, original works of authorship, formulas, processes, computer

---

[3] Opposition to Motion for Reference to Mediation and Arbitration (Opposition) at 2, docket no.769, filed December 31, 2007.

[4] Exhibit A at 1, attached to Memorandum Supporting Motion for Reference to Mediation and Arbitration, docket no. 768, filed December 12, 2007.

programs, techniques, know-how, or data" conceived or learned during his employment with ClearOne.[5]

As the fact of consolidation suggests, there are two sets of claims between these same parties. The cases were both filed by Plaintiff ClearOne and both involve the same alleged wrongful use of intellectual property, but the case in which this motion was filed is based on copyright theory (because the copyright was only registered in October of 2007)[6] while the original case is founded on trade secret theory – and heavily based on the agreement between Yang and ClearOne. In fact, in the Order and Memorandum Decision[7] granting a preliminary injunction, the district judge relied heavily on the Yang-ClearOne agreement as the foundation for relief.[8] "Defendant Yang has never moved the Court in the Trade Secret and NDA Case for relief under the dispute resolution paragraph of the Yang NDA."[9] Now, he has made the motion for ADR in the Copyright Case after a year of litigation under the NDA in the Trade Secret and NDA Case.

Yang has waived his right to use of the ADR Clause by his extensive participation in the Trade Secret and NDA Case without invoking the clause. The Tenth Circuit examines the following factors to determine whether a party has waived its right to arbitration:

(1) whether the party's actions are inconsistent with the right to arbitrate;

---

[5] *Id.* at 3.
[6] Opposition at 4.
[7] Docket no. 572, filed October 30, 2007.
[8] *Id.* at 4-5 and 9-10.
[9] Opposition at 4.

(2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate;

(3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;

(4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;

(5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and

(6) whether the delay affected, misled, or prejudiced the opposing party.[10]

Yang's actions have been entirely inconsistent with the intent to arbitrate – only failing to satisfy some of the indicators (such as filing a counterclaim) because they are not likely to occur in the context of this suit. As ClearOne points out,

"Yang has been litigating this action for over ten months, without mention of the Dispute Resolution paragraph;"

"There has been substantial participation by all the parties . . . , as evidenced by the 680 docket entries;"

A "preliminary injunction order [has been] entered against Defendant Yang;"

"Yang has filed multiple answers to ClearOne's amended complaint;"

"Yang participated in the attorney planning meeting;"

"Yang has engaged in substantial discovery;" and

Yang has "filed numerous motions by which . . . Yang has joined the substance of the lawsuit, consented to jurisdiction, and put the case at issue in the Court."[11]

---

[10] *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1489 (10th Cir. 1994) (paragraph formatting modified; internal quotations and citations omitted).
[11] Opposition at 11.

4

These actions by Yang also show the parties are well into the judicial process; that the judicial machinery is substantially invoked; that the request was delayed for a long period; and that many intervening steps have been taken.

## RECOMMENDATION

The magistrate judge recommends that the motion[12] be denied. Objections to to this report and recommendation may be filed and determined under Fed. R. Civ. P. 72(b).

Dated this 1st day of April, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[12] Docket no. 767, filed December 12, 2007.