IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART SECOND MOTION FOR ENTRY OF SEARCH PROTOCOL ORDER [673]**<br><br><br>Case No. 2:07 CV 37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff ClearOne Communications, Inc. (ClearOne) makes a second motion for entry of a search protocol order.[1] This motion follows the denial of a similar motion at the end of 2007.[2] The briefing on this motion was complete when ClearOne requested leave to file a supplemental memorandum.[3] The court permitted[4] ClearOne and WideBand to file supplemental memoranda[5] which are discussed at the end of this order.

---

[1] Plaintiff's Second Motion for Entry of Search Protocol Order, docket no. 673, filed December 26, 2007.

[2] Memorandum Decision and Order Denying Motion for Entry of Search Protocol Order, docket No. 597, filed November 5, 2007.

[3] Motion for Leave to File Supplemental Memorandum in Support of Plaintiff's Second Motion for Entry of Search Protocol Order, docket no. 748, filed under seal February 22, 2008.

[4] Docket no. 761, filed March 4, 2008.

[5] Supplemental Memorandum in Support of Plaintiff's Second Motion for Entry of Search Protocol Order (ClearOne's Supplemental Memorandum), docket no. 763, filed under seal March 4, 2008; WideBand's Supplemental Memorandum Regarding Plaintiff's Second Motion for Entry of Search Protocol Order (WideBand's Supplemental Memorandum), docket no. 797, filed March 19, 2008.

The search protocol is to be used to search the data from computers used by the WideBand Defendants (Andrew Chiang, Jun Yang, Lonny Bowers, and WideBand Solutions, Inc.) which were imaged pursuant to two orders issued last year.[6] The first imaging order required that a third party engaged by ClearOne create and maintain custody of images of certain of WideBand Defendants' computers, while the second order provided that a third party retained by WideBand create and maintain custody of certain images of other of WideBand Defendants' computers. Neither order gave ClearOne direct access to the images or data. However, all that information is subject to existing discovery requests.[7]

The second imaging order sought to establish "a protocol for searching the mirror images . . . to identify relevant and responsive documents."[8] That protocol was refined in a later order.[9] The protocol as it now stands requires key word searches by technical experts; review of search result reports by WideBand Defendants' counsel for facial claims of privilege; delivery of the reports to ClearOne counsel for preliminary assertion of responsiveness; WideBand Defendants' counsel's review for responsiveness and privilege; and delivery of documents and privilege logs.

The issue before the court is establishment of the search terms – and the issue is greatly simplified by the parties' agreement on many search terms. ClearOne has accepted,[10] with five

---

[6] Docket no. 195, filed June 12, 2007, and docket no. 282, filed July 6, 2007.

[7] *See* docket no. 282, ¶ 2(g).

[8] *Id.*, ¶¶ 2(j)(i) and (ii).

[9] Docket no. 597, filed November 5, 2007.

[10] Letter from J. Magleby to P. Gilmore (Nov. 20, 2007)(November 20th Letter), attached as Exhibit A to Memorandum in Support of Plaintiff's Second Motion for Entry of Search Protocol Order (Supporting Memorandum), docket no. 674, filed under seal December 26, 2007.

additions, the search terms proposed by WideBand Defendants in September 2007.[11]  The dispute arises over the conjunctive or disjunctive use of the terms.

**Conjunctive or Disjunctive Search**

"Essentially, there are three categories of search criteria: 'Name' (searching for names of specific individuals); 'Tech' (searching for a particular technological reference); and 'License' terms (searching for terms relating to the licensing of certain source code)."[12]  WideBand Defendants say it is "reasonable to require some connectors that would narrow the search results to subjects relevant to the issues in this lawsuit."[13]  Specifically, WideBand Defendants request "that the 'Name' and 'License' search terms be combined with the 'Tech' terms."[14]

As to the "Name" terms, conjunctive search seems necessary.  Otherwise, every occurrence of the "Name" terms will result in a positive hit, meaning that virtually every document in the electronic media will be identified as potentially responsive.  In a relatively small business such as WideBand, almost every document will refer to one of the key employees in the company.  Requiring a hit of one "Name" term AND one "Tech" term will ensure that more responsive documents are flagged as potentially responsive.

However, as to the "License" terms, conjunctive search could be excessively narrow. Again, because WideBand is a relatively small company, licensing activity would be relatively small.  By comparison, technology is the core of its business, so disjunctive use of the "Tech" terms would probably result in an excessive number of false positives.

---

[11] The WideBand Defendants' September proposal is attached to the Supporting Memorandum as part of Exhibit A.

[12] WideBand's Memorandum Opposing ClearOne's Second Motion for Entry of Search Protocol Order (Opposing Memorandum) at 2, docket no. 718, filed January 14, 2008.

[13] *Id.*

[14] *Id.* at 3.

ClearOne's supplemental memorandum argues for the use of additional terms which it claims come from its Honeybee code, which it claims WideBand Defendants misappropriated.[15] WideBand Defendants claim this code is nothing more than Texas Instrument library code which is freely available and reproducible.[16] WideBand objects that the proposed additional search terms are "extremely broad"[17] and are not linked "to any particular discovery responses."[18] WideBand Defendants also say that use of these terms takes an important issue from the jury.[19]

The newly proposed search terms are not extremely broad. In fact, they are specifically identified by ClearOne as contained within or very closely related to specific code that ClearOne uses. Without deciding whether that specific code is copyrighted or a trade secret of ClearOne, it is clear that the use of these terms, in the disjunctive, will yield evidence that is potentially very significant to this case. No ultimate facts are found or established by the use of words in a protocol, in spite of ClearOne's urgings and WideBand Defendants' protests. This is a discovery order. As WideBand Defendants' Supplemental Memorandum states, "ClearOne is free to ask the jury to draw [inferences], but WideBand is also free to explain to the jury what [WideBand claims] actually happened."[20]

Further, the search protocol is not the "last word" on electronic discovery in this case. The use of key word protocols is one step in the process which contemplates many more steps, including review of search result reports by WideBand Defendants' counsel for facial claims of

---

[15] ClearOne's Supplemental Memorandum at 2-3 and 5-8.

[16] WideBand's Supplemental Memorandum at 5-6.

[17] *Id.* at 3.

[18] *Id.* at 3 and 5.

[19] *Id.* at 3 and 5-6.

[20] *Id.* at 6.

privilege; delivery of reports to ClearOne counsel for preliminary assertion of responsiveness; WideBand Defendants' counsel's review of the reports and documents for responsiveness and privilege; and delivery of documents and privilege logs.

This order is not the last word on key words, either.  If documents are discovered which suggest that other documents exist which were not identified as potentially responsive, or if a surprisingly small or unreasonably large number of documents is identified as potentially responsive, refinement may be needed.  Much of the argument is now speculative, since there is no actual experience with a search.  This first protocol may suffice, or it may in effect be a sampling[21] which reveals the need for more – or less – or different – key words.

---

[21] Fed. R. Civ. P. 34(a)(1).

## ORDER

IT IS HEREBY ORDERED that the second motion for entry of a search protocol order[22] is GRANTED IN PART. The protocol outlined in the November 20, 2007, Letter[23] is adopted with the search terms enumerated and grouped as in the Supporting Memorandum, with the additional requirement that searches shall be conducted (1) for the occurrence of "License" terms, and (2) for the concurrent occurrence of "Name" AND "Tech" terms. In addition, the terms enumerated in ClearOne's Supplemental Memorandum shall be used to search for the occurrence of those terms.

Dated this 1st day of April, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[22] Docket no. 673, filed December 26, 2007.

[23] Attached as Exhibit A to Supporting Memorandum, docket no. 674, filed under seal December 26, 2007.