IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL [775] and DENYING MOTION TO FILE SUPPLEMENTAL MEMORANDUM [810].**<br><br><br>Case No. 2:07 CV 37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

This case is a consolidation of two cases involving the same parties and the same alleged wrongful use of intellectual property, but the original case is founded on trade secret theory while the case consolidated into this one is founded on copyright theory.[1] Defendants Andrew Chiang, Jun Yang, Lonny Bowers, and WideBand Solutions, Inc. (WideBand) (collectively, WideBand Defendants) argued against consolidation claiming discovery might be duplicated.[2] The magistrate judge ordered consolidation, agreeing "that no duplicative discovery should be

---

[1] ClearOne Communications, Inc. v. Jun Yang, WideBand Solutions, Inc., Andrew Chiang, and Lonny Bowers, Civil No. 07-cv-832 TS.

[2] WideBand Defendants' Memorandum in Response to Plaintiff's Motion to Consolidate at 2-3, docket no. 734, filed February 1, 2008.

permitted" but deferring ruling on that issue until presented with "real facts in dispute, and not in the abstract."[3] The opportunity is at hand for a concrete decision.

Plaintiff ClearOne Communications, Inc. (ClearOne) issued discovery[4] in the copyright case that is subject of this motion to compel. ClearOne has moved for an order compelling "(1) Defendants' initial disclosures,[5] and (2) Defendants' responses to ClearOne's first requests for production, in particular the production of certain additional files of source code."[6] In its reply memorandum, ClearOne adds another request for relief – that the court declare that "(3) in the context of the copyright claims, the remaining WideBand source code is not subject to the Court's previous ruling based on trade secret law, and should now be produced as relevant to the copyright claims."[7] As will be seen, the meaning of a previous ruling – in the trade secret case – is significant in this dispute.

WideBand Defendants raise "objections that the discovery is duplicative."[8] This objection is rooted in the consolidation order's statement that "no duplicative discovery should be permitted[9]," and in an earlier order in the trade secret case that WideBand Defendants say

---

[3] Memorandum Decision and Order Granting Motion to Consolidate [716] (Order), docket no. 766, filed March 10, 2008.

[4] Plaintiff's First Request for Production of Documents and Things to Defendants Jun Yang; WideBand Solutions, Inc.; Andrew Chiang; and Lonny Bowers ("First Requests") attached as Exhibit A to Supporting Memorandum, docket no. 776.

[5] WideBand Defendants' Initial Disclosures.

[6] Motion to Compel at 2, docket no. 775, filed February 27, 2008.

[7] Reply in Support of Motion to Compel [Copyright Discovery] (Reply Memorandum) at 11, docket 807, filed March 31, 2008.

[8] WideBand Defendants' Response to Motion to Compel (Doc. No. 775) (Opposition Memorandum) at 2, docket no 787 filed March 17, 2008.

[9] Order at 2.

"ruled that we do not have to produce [computer source] code for LEC, AGC, and ALC" making "any request for those . . . duplicative and already rejected by the court."[10]

It appears that no formal response to the disputed request for production has been made, but the issues are well focused by the briefing, so that a ruling will help the response be meaningful.

The magistrate judge denied[11] a motion to compel[12] production of "algorithms for performing line echo cancellation ('LEC'), automatic gain control ('AGC'), and automatic level control ('ALC'), in addition to acoustic echo cancellation ('AEC') and noise reduction ('NR') which have already been produced."[13] The motion was denied because at the time the discovery was issued, "the only reference to these three 'new' types of algorithms in ClearOne's disclosure of trade secrets was in a footnote – of a very long disclosure document.[14] By the time that motion to compel was decided, the Third Amended Complaint included more than the acoustic echo cancellation technology at the heart of earlier papers by referring generally to ClearOne's "audio DSP technology;"[15] defining ClearOne's trade secrets as "certain proprietary and trade secret computer code, computer code architecture and digital audio processing algorithms for

---

[10] Email from Karra Porter to James Magleby, et al. (March 24, 2008, 11:35 am), attached as Exhibit A to Reply Memorandum.

[11] Memorandum Decision and Order Denying Part III of [641] Clearone's Motion to Compel against Wideband Defendants (January 9th Order), docket no. 705, filed January 9, 2008.

[12] Motion to Compel against Wideband Defendants, docket no. 641, filed December 7, 2007.

[13] Memorandum in Support of Motion to Compel against Wideband Defendants at 10, docket no. 645, filed under seal December 10, 2007.

[14] January 9th Order at 1.

[15] Revised Third Amended Complaint ¶¶ 7, 12, 14, 20, 41, 56, 59, 64-66, 75, 78, 79, and 83, docket no. 492, filed October 4, 2007.

purposes of improving and maximizing the performance and clarity of audio conferencing;"[16] and referring to ClearOne's "trade secret audio DSP technology."[17]

And with the addition of copyright claims, the issues are also changed, as ClearOne points out.[18] Whereas a trade secret is intrinsically valuable information withheld from the public, copyrighted software may be entirely public and have formal, non-functional components that are part of the protected whole. In copyright litigation, presence of identical elements can be highly probative, even if those elements have no intrinsic value and are publicly known. Publicly known, valueless information can never be a trade secret. Further,

> [T]he copying of even unprotected elements can have a probative value in determining whether the defendant copied the plaintiff's work. Where a court first extracts all unprotected elements of a work, and only compares protected elements, it deprives itself of the use of probative, and potentially essential, information on the factual issue of copying.[19]

ClearOne's arguments are correct:

> The remaining WideBand source code is directly relevant to whether copying has occurred, and should now be produced in the context of the copyright claims, irrespective of the Court's previous ruling based on trade secret law, or the prior schedule set for discovery on the trade secret claims.[20]
>
> Further, because these are copyright claims, the discovery of the *entirety* of the WideBand source code is the most important discovery, as the *degree* and *substantiality* of similarity between the Honeybee Code and the WideBand Codes is at issue.[21]

The discovery issued by ClearOne should be answered by the WideBand Defendants.

---

[16] *Id.* ¶ 48.

[17] *Id.* ¶ 75.

[18] Memorandum in Support of Motion to Compel at 7-9, docket no. 776, filed February 27, 2008.

[19] *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 832 n.7 (10th Cir. 1993).

[20] Reply Memorandum at 3.

[21] *Id.* at 8.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[22] is GRANTED IN PART in that the court determines that the source code sought in the discovery is discoverable in this action. WideBand Defendants shall provide a written response to the request for production on or before June 9, 2008. If WideBand Defendants' initial disclosures have not been provided,[23] or if they need to be supplemented to cover the broader view of this case adopted in this order, initial disclosures shall be made on or before June 9, 2008.

IT IS FURTHER ORDERED that WideBand Defendants' motion[24] to file a supplemental memorandum is DENIED.

Dated this 27th day of May, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[22] Docket no. 775, filed February 27, 2008.

[23] WideBand Defendants did not address the issue of disclosures in their Opposition Memorandum.

[24] WideBand Defendants' Motion for Leave to File Supplemental Memorandum re: ClearOne's Motion to Compel [Doc. No. 775], docket no. 810, filed April 1, 2008.