IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ANDREW CHIANG, et al.,<br><br>        Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:07-CV-37 TC |

This matter comes before the court on a Renewed Motion for Summary Judgment by Defendant Biamp Systems Corporation, Inc. ("Biamp") (Dkt. No. 853).[1] Biamp and Plaintiff ClearOne Communications, Inc. ("ClearOne") are well acquainted with the complex facts as evidenced by the labyrinthine docket of this case, so no background is needed in this order. Instead, the court will address various material facts in discussing Biamp's asserted grounds for summary judgment. For the reasons stated below, none of those grounds succeed. Biamp's motion is accordingly DENIED

**ANALYSIS**

"Summary judgment is proper if the evidence submitted by the parties, viewed in the light most favorable to the non-movant, indicates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Faustin v. City and County

---

[1] Because the court understands Biamp's present motion to supersede the motion for summary judgment that Biamp made last year (Dkt. No. 129), the court DENIES that previous motion as moot.

of Denver, Colo., 423 F.3d 1192 (10th Cir. 2005) (citations and internal quotation marks omitted).  See also Fed R. Civ Pro. 56(c).  "A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-moving party based on the evidence presented." Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1216 (10th Cir. 2000).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Biamp claims various grounds to support its motion for summary judgment.  First, Biamp argues that the Honeybee Code is not a trade secret.  Second, Biamp maintains that there is no evidence that Biamp knew that it was misappropriating a trade secret.  Third, Biamp contends that even assuming Biamp gained knowledge of the alleged misappropriation at some point, it innocently changed its position, precluding damages for misappropriation.  Next, Biamp asserts that ClearOne's Utah state unjust enrichment claim is precluded by the trade secret misappropriation claim.  Finally, Biamp argues that ClearOne has offered no evidence to support its Utah state tortious interference claim.  These grounds are addressed in turn below.

**I.      The Honeybee Code's Status as a Trade Secret**

Biamp first offers various reasons why the Honeybee Code was not a trade secret when it was allegedly misappropriated.  Biamp initially emphasizes various shortcomings in Old ClearOne's attempts to protect the code, and argues that these failures mean that the code cannot be considered a secret.  But ClearOne has produced ample evidence that its predecessor took at least some significant steps to keep the code a secret.  Because these measures to protect the Honeybee Code could be found to be reasonable under the circumstances, there is a disputed

material fact on this aspect of the trade secret inquiry.  See Utah Code Ann. § 13-24-2(4)(b).

Next, Biamp argues that trade secrets must have some economic value or advantage. Biamp then contends that ClearOne has presented no facts to show that the Honeybee Code had value.  Relatedly, Biamp maintains that the Honeybee Code is no more than an amalgamation of publicly available concepts and so essentially is in the public domain.

The record does not support these arguments.  As one example of a fact potentially proving the Honeybee Code's economic value, the record reflects that the Honeybee Code was used in a working phone.  While actual sales of that phone are not essential to establish the Honeybee Code's value, even the allegedly "cooked books" produced by ClearOne could be used to infer that some such sales were made.  Moreover, even if there were no actual phone sales, it appears that some of the phones were used by ClearOne's employees, giving the phone some value.  Other facts could be used to reach the same conclusion as well.

Turning to the idea that the Honeybee Code is simply a string of generally known ideas and therefore not a secret, the court already addressed this line of argument in its preliminary injunction order.  (See Dkt. No.572 at 10-12.)  In sum, the court agrees with the cases cited by ClearOne standing for the proposition that putting together public domain concepts in a unique way can make the resulting product something out of the public domain.

Finally, Biamp asserts that ClearOne's discontinuance of the phone that used the Honeybee Code undisputedly establishes that ClearOne had abandoned the Honeybee Code itself.  Biamp then argues that under Massachusetts law, a trade secret must be in continuous use. Even assuming *arguendo* that Massachusetts law applied on this point, Biamp does not give the court enough law or facts to conclude that the Honeybee Code could not have been considered

"in use."[2] The record reflects that ClearOne did not consider the Honeybee Code obsolete, even though ClearOne stopped using that code it its phones. Because ClearOne is in the business of making phones run by code, a jury could conclude that ClearOne retained the Honeybee Code for future use or further development for use in its phones.

In sum, there are disputed material facts precluding a summary judgment that the Honeybee Code was not a trade secret.

## II. Biamp's Knowledge

Biamp next asserts that, assuming the Honeybee Code was a trade secret, Biamp had no knowledge that it might have been acquiring code that contained the Honeybee Code before this action was filed. Initially, Biamp points to the fact that all of its representatives in this case have denied knowing that the code Biamp was acquiring contained a trade secret.

Biamp's position fails, however, because of the circumstantial evidence that Biamp did know or should have known that the Biamp code possibly contained the Honeybee Code. Biamp extensively argues that the indirect evidence can only be read to imply that Biamp had no knowledge. On summary judgment, however, the court makes reasonable inferences in the non-moving party's favor. Facts such as the so-called "smoking gun" email[3] can be construed to

---

[2]The court did not locate any Massachusetts state cases regarding what exactly it means to have a computer code in "continuous use" and the federal courts appear to have come to differing conclusions. Compare Portfolioscope, Inc. v. I-Flex Solutions, Ltd., 473 F. Supp. 2d 252, 255 (dismissing Massachusetts state trade secret claim where plaintiff failed to allege computer code was in continuous use) with Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Ltd., No. 02-12102, 2006 WL 1766434, *10, (D. Mass. 2006) (questioning vitality of continuous use requirement in Massachusetts, holding that this element could be met when "the information is a standardized set of terms that retains the same meanings over time and is therefore susceptible to 'continuous use.'")

[3]This is a September 7, 2005 email in which Lonny Bowers wrote to a Biamp representative stating that WideBand's "algorithm has functioned successfully in the market for approximately 6 years. Dating back to the ClearOne, Inc. phone . . ." (Ex. 37 to ClearOne's Memorandum Opposition to Biamp's Renewed Motion for Summary Judgment.) Biamp cites a

support a conclusion that Biamp did know or should have known that Biamp was acquiring or had acquired the Honeybee Code. Accordingly, there are disputed facts relevant to Utah Code Ann. § 13-24-2(2), which uses a "knows or has reason to know" standard in defining a person who misappropriates.

Biamp relatedly asserts that it made an innocent change in position by investing in the Biamp code without knowing that it might contain the Honeybee Code. To the extent Biamp made such a change, money damages against it would be inequitable under Utah Code Ann. § 13-24-4(1). A trier of fact could find, however, that Biamp knew or should have know that it was misappropriating the Honeybee Code before Biamp changed its position. A logical conclusion from such a finding is that Biamp's actions were not innocent. Moreover, Utah Code Ann. § 13-24-4(1) states that damages for misappropriation may be inappropriate if a party has made a "material and prejudicial change." A jury could look at the facts on the record and find that Biamp's change in position, even if innocent, did not meet that definition.

For the above reasons, there are disputed material facts as to Biamp's knowledge or imputed knowledge that preclude summary judgment in Biamp's favor on ClearOne's misappropriation claim.

## III. ClearOne's State Law Claims

Finally, Biamp contends that judgment should be entered against ClearOne on ClearOne's Utah state law claims. Looking to the unjust enrichment claim, Biamp asserts that

---

declaration by Mr. Bowers denying that he was referring to the Honeybee Code in this email, but the court does not have to regard such self-serving statements as undisputed. <u>See</u>, e.g., <u>Piercy v. Maketa</u>, 480 F.3d 1192, 1197-98 (10th Cir. 2007) ("When a party relies on affidavit evidence, it may be insufficient to create a triable fact if it is nonspecific or otherwise non-responsive, vague, conclusory, or self-serving.") The court itself has found that this email can be construed to refer to the Honeybee Code. (<u>See</u> Dkt. No. 572 at 13.)

ClearOne cannot maintain both a trade secret claim and an unjust enrichment claim. On ClearOne's toritous interference claim, Biamp denies inducing a breach by Dr. Yang of his contractual duties to ClearOne.

Biamp's arguments fail. It may be true that ClearOne can not sustain a claim of unjust enrichment based on the misappropriation of a trade secret. There is a possibility, however, that the Honeybee Code will not be found to meet the criteria for a trade secret. In such an event, ClearOne has pointed to facts that support a finding that Biamp's alleged use of the Honeybee Code was unjust even if it did not amount to misappropriation of a trade secret.

Turning to ClearOne's tortious interference claim, neither ClearOne or Biamp have hit the mark on what matters in proving this claim. To prove an interference by Biamp, ClearOne must show "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff." Leigh Furniture and Carpet Co. v. Isom, 657 P.2d 293, 304 (Utah 1982) Biamp's argument focuses on the second prong, asserting that ClearOne cannot prove "improper means." According to Biamp, the only possible "improper means" on which ClearOne can rely to support this prong is Biamp's alleged inducement to Dr. Yang to breach his confidentiality agreement with ClearOne. ClearOne counters that whether Dr. Yang breached and whether Biamp induced the breach are disputed factual questions.

If ClearOne meant by this response that it plans to limit its claimed "improper means" to Biamp's alleged inducement to breach a contract, ClearOne has essentially conceded that it cannot prove this claim. See id. at 309 (a deliberate breach of contract alone is not enough to show improper means). But the court will not make this inference against ClearOne, the non-moving party. Instead, the court looks to the record, which reflects another alleged misdeed by

Biamp that could constitute "improper means:" Biamp's alleged misappropriation of the Honeybee Code. If ClearOne proves that Biamp committed this tort, ClearOne can also establish an "improper means." And, as discussed above, ClearOne's misappropriation claim survives. Accordingly, summary judgment on ClearOne's interference claim is inappropriate.

## CONCLUSION

For the foregoing reasons, Biamp's motion for summary judgment is DENIED.

SO ORDERED this 20th day of August, 2008.

BY THE COURT

*Tena Campbell*

TENA CAMPBELL
Chief District Judge