IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>ANDREW CHIANG, et al.,<br><br>          Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:07-CV-37 TC |

This matter comes before the court on a Motion for Summary Judgment by Defendant Andrew Chiang (Dkt. No. 861). Given the parties' familiarity with this case, the court will only briefly discuss the relevant facts in its analysis. For the reasons stated below, Mr. Chiang's motion is DENIED

**ANALYSIS**

"Summary judgment is proper if the evidence submitted by the parties, viewed in the light most favorable to the non-movant, indicates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Faustin v. City and County of Denver, Colo., 423 F.3d 1192 (10th Cir. 2005) (citations and internal quotation marks omitted). See also Fed R. Civ Pro. 56(c). "A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-moving party based on the evidence presented." Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1216 (10th Cir. 2000). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In its most recent complaint, ClearOne Communications, Inc. ("ClearOne") has alleged several causes of action against Mr. Chiang: misappropriation of trade secrets, conversion, unjust enrichment, breach of fiduciary duty, and tortious interference with business relations.[1] Mr. Chiang's main argument in favor of summary judgment is that there is no evidence that he misappropriated the Honeybee Code. If he did not take the Honeybee Code, Mr. Chiang reasons, none of ClearOne's claims against him stand, since they are all based on the underlying allegation that Mr. Chiang stole that code. ClearOne counters that it has offered facts that would support a finding that Mr. Chiang misappropriated the Honeybee Code.

The court agrees with ClearOne. Mr. Chiang's only direct proof that he did not take any trade secret information from Old ClearOne or know of anyone doing so is his own testimony. But the court is not obliged to believe self-serving statements of parties, even on summary judgment. See, e.g., Piercy v. Maketa, 480 F.3d 1192, 1197-98 (10th Cir. 2007) ("When a party relies on affidavit evidence, it may be insufficient to create a triable fact if it is nonspecific or otherwise non-responsive, vague, conclusory, or self-serving."). The remainder of the evidence to which Mr. Chiang cites is circumstantial. But ClearOne has presented its own circumstantial evidence that goes against Mr. Chiang's position.

---

[1] ClearOne also pled "causes of action" for constructive trust and injunction against Mr. Chiang. As pointed out by Mr. Chiang, however, constructive trust and injunction appear to be remedies and not causes of action under Utah law. ClearOne's pleading error, however, does not bar it from seeking those remedies. Accordingly, the court will not grant judgment on these "causes," but will address any potential confusion caused by ClearOne's mislabeling before the trial in this matter.

For example, Mr. Chiang's position as Chief Operating Officer at Old ClearOne and his statement in his resume that he "developed the two-time award winner audio conferencing phone" could both be used to infer that Mr. Chiang had familiarity with and access to the Honeybee Code while at Old ClearOne.  If it is found that one or more of ClearOne's competitors obtained code derived from the Honeybee Code and that Mr. Chiang had contact with those competitors, a reasonable fact finder could conclude that Mr. Chiang was involved with misappropriation of the Honeybee Code.

In sum, when viewed in the light most favorable to ClearOne, there are factual disputes on the issues of whether Mr. Chiang took or knew that others were taking the Honeybee Code from Old ClearOne, whether he communicated or knew that others were communicating the Honeybee Code to third parties, and whether he received or knew that his company or companies received the Honeybee Code after he left Old ClearOne.  If these facts are resolved unfavorably to Mr. Chiang, there would be a basis for each claim that ClearOne has made against him.

## CONCLUSION

For the foregoing reasons, Mr. Chiang's motion for summary judgment is DENIED.

SO ORDERED this 3rd day of September, 2008.

BY THE COURT

*Tena Campbell*

TENA CAMPBELL
Chief District Judge