IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW CHIANG, et al.,<br><br>    Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:07-CV-37 TC |

This matter comes before the court on a Motion for Partial Summary Judgment by Defendants Andrew Chiang, Jun Yang, Lonny Bowers, Versatile DSP, Inc., and WideBand Solutions, Inc. (collectively, the "WideBand Defendants") (Dkt. No. 863). Based on the court's recent order on a co-Defendants' motion for summary judgment, the WideBand Defendants now press only two discrete grounds for partial summary judgment here. For the reasons stated below, neither of those grounds succeed and the WideBand Defendants' motion is DENIED

**ANALYSIS**

In its August 20, 2008 Order in this action, the court found that factual disputes precluded summary judgment in favor of Defendant Biamp Systems Corporation, Inc. ("Biamp") and against Plaintiff ClearOne Communications, Inc. ("ClearOne"). (See Dkt. No. 975.) Of particular importance in this context was the court's finding that factual disputes existed as to ClearOne's claim for misappropriation of a trade secret. In their opening memorandum in favor of the present motion, the WideBand Defendants made essentially the same arguments as Biamp

did on the issue of ClearOne's trade secret claim. The court rejects the WideBand Defendants' arguments on the same grounds that it rejected Biamp's.

Anticipating that the court would reach the same conclusion on trade secret here as it did in its August 20 Order, the WideBand Defendants now argue for a summary judgment ruling on only two issues. First, they argue that ClearOne's trade secret claim should be limited to the contention that the Honeybee Code was placed into the WideBand Defendants' acoustic echo cancellation ("AEC") and noise reduction ("NR") algorithms. Second, the WideBand Defendants assert that regardless of whether the Honeybee Code is a trade secret, Utah's Uniform Trade Secrets Act preempts any other state law claims grounded on unauthorized use of that code. The court will address these arguments in turn.

Turning to the WideBand Defendants's first argument, they rely on two discovery orders in this case issued by Magistrate Judge David Nuffer. In the first order, Judge Nuffer denied ClearOne's motion to compel discovery into algorithms developed by WideBand other than those relating to AEC and NR. (See Dkt. No. 705.) In the second order, Judge Nuffer granted ClearOne's motion to compel discovery of the WideBand Defendants' other algorithms, this time in the context of ClearOne's copyright claim. (See Dkt. 877.) The WideBand Defendants contend that implicit in these orders is a ruling that ClearOne may only use the AEC and NR algorithms in its trade secret case.

The WideBand Defendants read too much into the orders. In neither order did Judge Nuffer find that other algorithms developed by the WideBand Defendants were immaterial to ClearOne's trade secret claim. In fact, Judge Nuffer found the opposite, stating in his initial order that other algorithms are "relevant to the claims or defenses of a party," *i.e.* ClearOne. (Dkt. 705 at 2.) Rather, the court's basis for initially denying discovery of other algorithms was

2

that ClearOne had not put the WideBand Defendants on sufficient notice that the algorithms were directly at issue in the trade secret claim at the time it sought to compel the discovery. (See id.)

If the WideBand Defendants were not on notice prior to Judge Nuffer's January 9, 2008 Order that other algorithms were at issue in this action, they have been since that time. And the fact that the court granted discovery of those algorithms in the context of ClearOne's copyright claim does not make them any less relevant to ClearOne's trade secret claim. In sum, the WideBand Defendants have given no convincing reason why ClearOne's trade secret claim should be limited to the WideBand Defendants' AEC and NR algorithms.

The WideBand Defendants' second argument is that Utah Code Ann. § 13-24-1, *et seq.*, Utah's Uniform Trade Secrets Act, preempts all of ClearOne's state law claims based on unauthorized use of the Honeybee Code. There is a split of non-Utah authority on the question of whether other states' Uniform Trade Secrets Acts were meant to replace any tort claim regarding unauthorized use of confidential information. One line of cases, which appears to be the majority, holds that the Uniform Trade Secrets Acts were intended to preempt all state law claims based on the unauthorized use of information, even if the information at issue is not a trade secret as defined in the Acts. The other line of cases holds that the Uniform Trade Secrets Acts do not preempt other state law claims if they relate to information that does not meet the statutory definition of a trade secret. The WideBand Defendants did not cite any Utah authority following either line.

The court is persuaded by the minority view as explained in cases such as Burbank Grease Services, LLC v. Sokolowski, 717 N.W.2d 781, 788-95 (Wis. 2006). Accordingly, ClearOne's state law claims based on the unauthorized use of the Honeybee Code are preserved if the Honeybee Code is not found to be a trade secret.

3

**ORDER**

For the foregoing reasons, the WideBand Defendants' motion for partial summary judgment is DENIED.

SO ORDERED this 3rd day of September, 2008.

                                          BY THE COURT

                                          */s/ Tena Campbell*

                                          TENA CAMPBELL
                                          Chief District Judge