IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>         Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WIDEBAND DEFENDANTS' MOTION TO REMOVE THE HIGHLY CONFIDENTIAL DESIGNATION OF THE EXPERT REPORT OF THOMAS J. MAKOVICKA**<br><br>Case No. 2:07 CV 37 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

WideBand Defendants moved[1] to reclassify the expert report of Thomas J. Makovicka as "Confidential" under the Protective Order in order to allow the WideBand individuals, in particular Dr. Jun Yang, the opportunity to review the Makovicka Report in preparation for trial. The parties have, with herculean effort, completely briefed the issue. The magistrate judge is most appreciative of the timely, thorough and clear briefing with all the exhibits needed for analysis of the issues.

The request[2] to change the classification was made very late, nearly a year after the designation of Dr. Yang as an expert on 39 topics, only two of which are rebuttal topics;[3] seven

---

[1] Wideband Defendants' Motion to Remove the Highly Confidential Designation of the Expert Report of Thomas J. Makovicka, docket no. 1032, filed September 18, 2008.

[2] Email September 5, 2008, from Scott Dubois to James Magleby, attached as Exhibit D to Memorandum in Support of Wideband Defendants' Motion to Remove the Highly Confidential Designation of the Expert Report of Thomas J. Makovicka, docket no. 1037, filed under seal September 18, 2008.

months after the Makovicka report was produced;[4] a few days after the recent deposition of WideBand Defendants' independent expert;[5] only a business day before the recent deposition of Dr. Yang;[6] and just over a month before trial.

True, the motion is made by counsel relatively late appearing,[7] and their inevitably new analysis of the case. And it is possible that a redaction and excision could have been performed as was done by agreement with the report from WideBand Defendants' independent expert.[8] The portions of the Makovicka report dealing with "similarities between the Honeybee code and WideBand code"[9] might have been provided with relatively little risk of harm if there were a comprehensive agreement. The WideBand Defendants and Yang have had access to the Honeybee code itself and to many exhibits from the Makovicka report.[10] The WideBand Defendants' independent expert has had unrestricted access to the Makovicka report.[11]

However, there are substantial risks in providing the Makovicka report and its exhibits because it contains information which could work to the business advantage of WideBand

---

[3] Disclosure of Dr. Jun Yang as a Testifying Expert, docket no. 472, filed October 1, 2007.

[4] Opposition to WideBand Defendants' Motion to Remove the Highly Confidential Designation of the Expert Report of Thomas J. Makovicka (Opposition Memorandum) at 3, docket no. 1107, filed under seal September 26, 2008.

[5] Opposition Memorandum at 5.

[6] *Id.*

[7] Docket no. 930, filed July 16, 2008.

[8] Order Finding Moot Motion to Reclassify Expert Witness Report [828], docket no. 878, filed May 28, 2008.

[9] February 22, 2008, Transcript of Hearing on Objection to January 9, 2008 Order at 13:12-15, docket no 988, filed August 29, 2008, quoted in Reply Memorandum in Support of WideBand Defendants' Motion to Remove the Highly Confidential Designation of the Expert Report of Thomas J. Makovicka (Reply Memorandum) at 4, docket no. _____, filed under seal September 30, 2008.

[10] Supporting Memorandum at 5-8. However, many items from the report have been withheld. Opposition Memorandum at 14-15.

[11] Opposition Memorandum at 3.

Defendants,[12] even though it is not a "business document"[13] created in the course of Plaintiff's business.  Thus, there is a very high likelihood that the Makovicka analysis could be used for a competitive advantage.  Under the relevant considerations for this sort of motion,[14] the magistrate judge is compelled to deny WideBand Defendants access to the full Makovicka report and exhibits.

     Specifically as to Dr. Yang, who is arguably in a different position as a testifying expert, the motion must also be denied.  WideBand Defendants' independent testifying expert has had access to the entire Makovicka report and exhibits.  Thus, Dr. Yang's access is less critical.  More to the point, Dr. Yang is the very person alleged to have misappropriated the intellectual property which is analyzed in the Makovicka report.  The magistrate judge has already found that "Dr. Jun Yang did not answer some questions truthfully under oath in his deposition related to the existence of comments to the WideBand source code.  This is serious interference with the truth-seeking process in the case and evidences the risk that parties may not be entirely trustworthy."[15]  Yang's unreliability makes it impossible to provide the Makovicka report to him.

---

[12] Opposition Memorandum at 18-24.

[13] Reply Memorandum at 6.

[14] "(1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the patent, (2) the risk of inadvertent disclosure of proprietary information, (3) the hardship imposed by the restriction, (4) the timing of the remedy, and (5) the scope of the remedy."  *Davis v. AT&T Corp.*, No. 98-CV-0189S(H), 1998 WL 912012, *2 (W.D.N.Y. December 23, 1998)

[15] Memorandum Decision and Order Granting in Part Motion for Sanctions [165], docket no. 779, filed March 10, 2008.

## ORDER

IT IS HEREBY ORDERED that the motion[16] is DENIED.

Dated this 1st day of October, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[16] WideBand Defendants' Motion to Remove the Highly Confidential Designation of the Expert Report of Thomas J. Makovicka, docket no. 1032, filed September 18, 2008.