IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING [1313] MOTION TO COMPEL CLEARONE TO REVEAL THE SOURCE OF "EXHIBIT B" AND DENYING MOTION TO STRIKE ANY REFERENCE THERETO<br><br>Civil No. 2:07-cv-037 TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

   WideBand Defendants (Defendants Andrew Chiang, Jun Yang, Lonny Bowers, Wideband Solutions, Inc., and Versatile DSP) have moved to compel[1] ClearOne Communications, Inc., (ClearOne) to reveal the source of a purported email[2] attached to a post judgment motion by Clear One. ClearOne touts the email as provocative evidence of WideBand Defendants illicit intentions,[3] but WideBand Defendants persuasively analyze the purported e-

---

[1] Motion to Compel ClearOne to Reveal the Source of Exhibit "B" and to Strike Any Reference Thereto (Motion), docket no. 1313, filed November 18, 2008.
[2] The purported email is attached as Exhibit A to WideBand's Memorandum in Support of Motion to Compel ClearOne to Reveal the Source of Exhibit "B" and to Strike Any Reference Thereto (Motion), docket no. 1314, filed November 18, 2008. A more complete version is attached as Exhibit A to ClearOne's Opposition to Defendants' Motion to Compel ClearOne to Reveal the Source of Exhibit "B" and to Strike Any Reference Thereto (Opposition), docket no. 1318, filed November 21, 2008.
[3] Memorandum in Support of Motion for Permanent Injunction, Exemplary Damages, and Entry of Final Judgment at 3, docket no. 1294, filed November 12, 2008.

mail[4] and argue that it "reveals nothing relevant."[5] The court agrees with WideBand Defendants' characterization: "Put simply, Exhibit B is a distraction."[6]

To the extent that ClearOne intends to argue the meaning of the purported e-mail, it will need to argue its significance, which will include provenance. The burden is on the proponent.

## ORDER

Therefore,

IT IS HEREBY ORDERED that the motion to strike any reference to the email is DENIED and the motion to compel[7] is DENIED.

DATED this 30th day of December 2008.

UNITED STATES DISTRICT COURT

_____
David Nuffer
US Magistrate Judge

---

[4] WideBand Defendants Consolidated (1) Reply Memorandum in Support of its Motion to Compel ClearOne to Reveal the Source of Exhibit "B" and to Strike Any Reference Thereto . . . . (Reply) at 7-8, docket no. 1330, filed December 8, 2008.

[5] *Id.* at 8.

[6] *Id.*

[7] Motion to Compel ClearOne to Reveal the Source of Exhibit "B" and to Strike Any Reference Thereto (Motion), docket no. 1313, filed November 18, 2008.