IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART [1316] MOTION FOR LEAVE TO CONDUCT POST-VERDICT DISCOVERY TO ENFORCE INJUNCTION ORDER(S)<br><br>Civil No. 2:07-cv-037 TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

    ClearOne Communications, Inc., (ClearOne) has moved for permission to conduct limited, post-verdict discovery to confirm that WideBand Defendants (Defendants Andrew Chiang, Jun Yang, Lonny Bowers, Wideband Solutions, Inc. (WideBand), and Versatile DSP) are in compliance with the Court's order(s) and their own representations to ClearOne and the Court.[1]

    ClearOne prevailed at trial and the parties are now working on the form of a stipulated permanent injunction to present to the district judge.[2] ClearOne points out that one of the WideBand Defendants has been found to be untruthful;[3] that recent communications lead

---

[1] Motion for Leave to Conduct Post-Verdict Discovery to Enforce Injunction Order(s), docket no. 1316, filed November 21, 2008.
[2] Transcript of Status Conference Before District Judge Tena Campbell December 16, 2008 (Transcript 12/16/08), page 24, lines 13-18, docket no. 1340, filed December 18, 2008.
[3] Memorandum in Support of Motion For Leave to Conduct Post-Verdict Discovery to Enforce Injunction Order(s) at 2, docket no. 1317, filed November 21, 2008.

ClearOne to be insecure;[4] and that the parties dispute whether WideBand is prohibited from selling the Symphonics Si-40 product.[5]  According to ClearOne, "WideBand's website continues to represent to the public that WideBand is in the business of providing AEC products."[6]

ClearOne provides a list of discovery it seeks, and justifications.[7]  This order will summarily discuss each category.

The district judge has already ordered that ClearOne may conduct **discovery related to code used in products** which WideBand markets at the present time.[8]

After careful review, the magistrate judge does not find the **Lonny Bowers November 7, 2008 e-mail** of any real significance, and will not authorize discovery regarding it or **other communications from WideBand with third parties** regarding the case.

ClearOne will be permitted to issue discovery to WideBand to obtain "documents reasonably necessary to confirm that **WideBand has stopped marketing, selling, and shipping the products** that are subject to the Court's orders, and WideBand Defendants' representations."[9]

ClearOne may also promulgate discovery to WideBand to obtain "information sufficient to identify **every manufacturer** or any other person or entity **which has ever received any of the [infringing code]** from WideBand Defendants (including, in particular, object code).[10] Consistent with the articulation of the district judge at the recent hearing, the code subject to this

---

[4] *Id.* at 2, 4.
[5] *Id.* at 4, 6-7.
[6] *Id.* at 4-5.
[7] *Id.* at 9; Reply in Support of Motion for Leave to Concuct Post-Verdict Discovery at 8, docket no. 1339, filed under seal December 15, 2008.
[8] Transcript 12/16/08, page 26-28.
[9] Memorandum in Support at 9.
[10] *Id.*

discovery is the FC101, DC301, WC301A, and S-40 Symphonix product code.[11]  In order to ensure that discovery proceeds in an orderly basis and does not interrupt WideBand's legitimate business relationships, ClearOne shall not, directly or indirectly, contact any of the persons or entities identified in this discovery from WideBand until further order of the Court.

Discovery of the **identity of WideBand's distributors** is similarly important to verify compliance with the injunction, and again, ClearOne shall not directly or indirectly contact any of the persons or entities identified in this discovery from WideBand until further order of the Court.

Discovery regarding **WideBand Defendants' assets and transfers** is premature as no judgment has been entered at this time.

Finally, **discovery directed to specified third parties** to track down the source of information made public by "Truth Doctor" on the Investor Village web site is permitted as follows.  Specifically, ClearOne may "subpoena Investor Village for information relating to the identity of the 'Truth Doctor.'"[12]

> However, if InvestorVillage does not have adequate information to confirm or deny that the Truth Doctor is one of the WideBand Defendants (or their agent), then ClearOne [may] obtain the name of the Internet Service Provide ("ISP") and Internet Protocol address ("IP address") from where the Postings originated, and then issue a second subpoena to the ISP for identifying information.[13]

---

[11] Transcript 12/16/08, page 18, lines 13-19.  *Compare* Proposed Order Expanding the Scope of the Court's October 30, 2007 Order at 2, attached to Memorandum in Support of Motion to Expedite Motion for Permanent Injunction, Exemplary Damages, and Entry of Final Judgment; or Alternatively to Expand the Scope of the Preliminary Injunction, docket no. 1297, filed November 12, 2008.
[12] Reply Memorandum at 8.
[13] *Id.*

## ORDER

IT IS HEREBY ORDRED that the motion for discovery[14] is GRANTED IN PART as provided herein.

DATED this 30th day of December 2008.

UNITED STATES DISTRICT COURT

_____
David Nuffer
US Magistrate Judge

---

[14] Motion for Leave to Conduct Post-Verdict Discovery to Enforce Injunction Order(s), docket no. 1316, filed November 21, 2008.