IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CHIANG; JUN YANG; LONNY BOWERS; WIDEBAND SOLUTIONS, INC.; VERSATILE DSP, INC.; and BIAMP SYSTEMS CORPORATION,<br><br>Defendants. | ORDER<br>EXPANDING<br>PRELIMINARY INJUNCTION<br><br><br>Case No. 2:07-CV-37-TC |

This matter comes before the court on a series of related post-trial motions[1] filed by

Plaintiff ClearOne Communications, Inc. ("ClearOne"), in which ClearOne seeks entry of a

preliminary injunction against the WideBand Defendants [2] pending entry of a final judgment.

For the reasons set forth below, the court GRANTS IN PART AND DENIES IN PART

ClearOne's requests.

**BACKGROUND**

On November 5, 2008, after a two-and-a-half-week trial in this case, the jury issued a

---

[1] See Motion to Expedite Motion for Permanent Injunction, Exemplary Damages, and Entry of Final Judgment; or Alternatively to Expand the Scope of the Preliminary Injunction (Dkt # 1304); Motion for Entry of Preliminary Injunction Order (Dkt # 1372); and Motion to Compel Compliance With Court's Disclosure Order and Redesignate Disclosure As "Confidential" (Dkt # 1390).

[2] Collectively, the "WideBand Defendants" are Andrew Chiang, Jun Yang, WideBand Solutions, Inc. ("WideBand"), Lonny Bowers, and Versatile DSP, Inc.

verdict in favor of ClearOne, finding among other things that the WideBand Defendants had

willfully and maliciously misappropriated ClearOne's trade secret called the Honeybee Code.

Because final briefing of post-trial issues (and, consequently, resolution of those issues) is not yet

complete, the parties await entry of a final judgment.[3]

In the meantime, ClearOne, in an attempt to protect its trade secret, has requested that the

court expand the October 30, 2007 Preliminary Injunction Order[4] (barring the development,

marketing, use, sale, etc. of the "Harman Code," which contains or is derived from the Honeybee

Code) that was issued against the WideBand Defendants.[5]  Specifically, ClearOne seeks to enjoin

the marketing, use or sale of additional technology found during trial to contain the "Honeybee

Code."

The WideBand Defendants, while recognizing that the jury found they had

misappropriated ClearOne's trade secret (see Special Verdict (Dkt # 1286) at 2), dispute

ClearOne's definition of the trade secret misappropriated.  (During a December 2008 hearing, the

court asked the parties to submit a joint proposed order granting expansion of the preliminary

injunction, but when the parties reached an impasse, they submitted competing proposed orders

and briefs to accompany their proposals.)

---

[3]After briefing is complete, the court will hold a hearing on ClearOne's Motion for Permanent Injunction, Exemplary Damages, & Entry of Final Judgment (Dkt # 1302) and then issue a written ruling and judgment.

[4]Docket No. 572.

[5]The 2007 Preliminary Injunction Order did not apply to co-defendant Biamp Systems Corporation.  Although Biamp was later found liable by the jury, it appears that ClearOne, pending entry of final judgment, does not seek expansion of the preliminary injunction to include Biamp.  (See Tr. of Dec. 16, 2008 Status Conference at 14-15.)

**FINDINGS**

Having reviewed the 2007 Preliminary Injunction Order, the parties' pleadings (and exhibits submitted in support), the parties' competing proposed orders, the trial transcript, and relevant case law, the court hereby FINDS that an expansion of the court's earlier preliminary injunction order is appropriate[6] and that:

1.      The "Honeybee Code" (including its unique algorithms or sub-algorithms that are not in the public domain) (also known as the "trade secret" found by the jury to have been willfully and maliciously misappropriated by the WideBand Defendants), whether in the form of source code, object code, or any other form, is a trade secret owned by ClearOne that:

(a)      derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(b)      is the combination of those characteristics and components of the Honeybee Code that are in the public domain, but which as a unified process, design and operation of which in unique combination is not generally known and differs significantly from other processes, designs or operations that are generally known.

---

[6]See Fed. R. Civ. P. 54(b) (providing that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); Elephant Butte Irrigation Dist. of N.M. v. U.S. Dep't of Interior, 538 F.3d 1299, 1306 (10th Cir. 2008) ("[Rule] 54(b) expressly allows for revision of an interlocutory order before entry of final judgment."); Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (citing Rule 54(b) and stating that "a motion that in substance is based on new circumstances that have arisen after the district court granted the injunction may be filed at any time before entry of a final judgment").

2.      Given the jury's verdict and based on evidence presented during trial, ClearOne has

established a substantial likelihood of success on its claim that the following WideBand products

and technology (hereinafter "Infringing Products") illegally utilize the Honeybee Code trade

secret:

   (a)      the AEC2W code licensed to Biamp Systems Corporation;

   (b)      the computer code licensed to Harman Music Group, Inc. that was the subject of

   the October 30, 2007 Preliminary Injunction Order;

   (c)      WideBand's FC101 product;

   (d)      WideBand's WC301 product;

   (e)      WideBand's WC301A product; and

   (f)      WideBand's Simphonix, including Si-40, and Si-400.

3.      For the reasons set forth immediately below, ClearOne has established that it will be

irreparably harmed if the WideBand Defendants are not enjoined pending resolution of post-trial

issues and entry of final judgment.  In particular, the jury, after reviewing the trial evidence,

found that the WideBand Defendants (competitors of ClearOne) willfully and maliciously

misappropriated ClearOne's trade secret.  The only way to protect a trade secret is to keep it

confidential, but the jury found that ClearOne's competitor took that trade secret and used it.  It

was (and appears to be currently) in the hands of WideBand.  There is also recent evidence that

the WideBand Defendants are still marketing one or more products that contain the trade secret.[7]

---

[7]The WideBand Defendants presented the affidavits of Lonny Bowers and Yun Jang in an
attempt to show that the products being sold by WideBand contain code that is different than the
Honeybee Code.  The court finds the information unhelpful and unconvincing particularly given
that the affidavits essentially repeat evidence and arguments presented during trial.  Moreover,

4.      Given the jury's verdict, the balance of harms favors ClearOne.

5.      Public interest favors entry of the preliminary injunction because the integrity of the jury

verdict, although not yet accompanied by a final judgment, must be secured.

6.      No bond is necessary.

## ORDER

Based on the jury's verdict, the reasons set forth in the court's October 30, 2007

Memorandum Decision and Order ("Preliminary Injunction Order"), and the evidence adduced at

trial, it is hereby ORDERED:

1.      That Defendants Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions,

Inc. ("WideBand"), and Versatile DSP, Inc. (collectively, the "WideBand Defendants"); as well

as WideBand Defendants' agents, servants, officers, employees, entities, and those acting under

their direction or control, are hereby enjoined, until such time as a permanent injunction is

entered which supersedes and replaces this order, from disclosing or using in any way the

following:  (a) the Honeybee Code (including its unique algorithms or sub-algorithms that are not

in the public domain), whether in the form of source code, object code, or any other form; (b) the

product development documentation for the Honeybee Code or any other documentation that

reveals the contents of the Honeybee Code; and (c)  the Infringing Products (listed above).

---

the evidence at trial established that creation of the algorithms and code at issue takes years.  Yet,
the affiants suggest that in months, they have used "work around technology" to modify some of
the products involved in this case.  Finally, the WideBand Defendants recently represented (in a
letter from their counsel to counsel for ClearOne) that they continue to sell the Si-40 product but
that it does not contain the trade secret code or algorithms.  Trial testimony from ClearOne's
expert witness, however, shows that the Si-40 product (as described by counsel for the
WideBand Defendants in the recent letter) does contain portions of the protected Honeybee
Code.  In short, the affidavits are not sufficient to overcome issuance of this Order.

2.      These restrictions include, without limitations, a restriction upon any further marketing, selling, manufacturing, development, modification, duplication, or transport or delivery of technology containing the Honeybee Code.  These restrictions also include, without limitation, a restriction upon any further marketing, selling, delivery, and/or use of technology or products containing the Honeybee Code to service any past or existing customers.

SO ORDERED this 4th day of February, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge