IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW CHIANG; JUN YANG; LONNY BOWERS; WIDEBAND SOLUTIONS, INC.; VERSATILE DSP, INC.; and BIAMP SYSTEMS CORPORATION, <br><br> Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:07-CV-37-TC |

This matter comes before the court on *pro se* Defendant Lonny Bowers' two post-judgment motions filed under Rule 60(b) of the Federal Rules of Civil Procedure.[1] Both are titled "Motion for Relief of Judgment and Stay [of] Enforcement" (see Dkt #s 1602 & 1656) and are joined by *pro se* Defendants Andrew Chiang and Jun Yang (see Dkt #s 1699 & 1721).

Mr. Bowers, Mr. Chiang, and Dr. Yang seek relief from the judgment the court entered after a two-week jury trial and jury verdict finding them liable for damages caused by, among other things, their wilful and malicious misappropriation of Plaintiff ClearOne Communications, Inc.'s trade secret, the "Honeybee Code." Mr. Bowers claims he has discovered new evidence of fraud that irreparable tainted the trial. Because Mr. Bowers has not satisfied the stringent

---

[1] Mr. Bowers filed a third Rule 60(b) motion (Dkt # 1687) on June 19, 2009, but the court has stayed briefing on that motion until resolution of Mr. Bowers' first two Rule 60(b) motions. (See July 7, 2009 Order (Dkt # 1723).)

standards that courts require of Rule 60(b) movants, his Rule 60(b) motions, and Mr. Chiang's and Dr. Yang's joinder motions, are DENIED.

## ANALYSIS

**Brief Background of Case**

In this aggressively litigated and highly acrimonious trade secret misappropriation case, Plaintiff ClearOne Communications, Inc. asserted various claims against Mr. Bowers and his co-defendants. Throughout the pre-trial proceedings, trial, and post-verdict proceedings leading to entry of final judgment, Mr. Bowers was represented by licensed and able counsel. But now, as ancillary matters continue to be raised, Mr. Bowers appears *pro se*.

In addition to his fraud allegations against ClearOne, Mr. Bowers focuses on his alleged lack of access to crucial confidential documentation of the Honeybee Code, contending that this lack of access irreparably harmed his ability to defend himself at trial.

Access to the Honeybee Code has been restricted based on a confidentiality order that has been enforced by ClearOne and the court numerous times throughout this litigation. Because the confidentiality order's genesis is relevant to the court's analysis of Mr. Bowers's claims, some background on the events leading up to the order is set forth immediately below.

The confidentiality order was issued relatively early in pre-trial proceedings after ClearOne and the WideBand Defendants (including Lonny Bowers), through their attorneys, filed motions seeking a confidentiality order (see Dkt #s 14, 34). Apparently both sides agreed that a confidentiality order was needed in this trade secret litigation, but they disagreed about some of the content and language proposed by their opponents. (See, e.g., WideBand's Objections to Pl.'s [Proposed] Revised Confidentiality Order (Dkt # 69) at 2 (objecting to ClearOne's omission

of language in proposed order allowing disclosure of information to Defendants "Andrew Chiang, Jung Yang, and certain individuals within Wideband whose subjective knowledge of Plaintiff's trade secrets is relevant and necessary to Wideband's defense").) United States Magistrate Judge David Nuffer held a hearing on the discrete disputes and resolved them in his Order Granting in Part Motions for Confidentiality Order [hereinafter "Confidentiality Order" or "Protective Order"].[2] (Dkt # 74.) No party appealed Judge Nuffer's ruling to the district court.

The Confidentiality Order (which remains in effect) allows any party, in good faith, to designate information as "CONFIDENTIAL" (i.e., for the eyes of parties, outside counsel, and independent outside experts only) or "HIGHLY CONFIDENTIAL" (i.e., for the eyes of outside counsel and independent outside experts only) before disclosing the information for litigation purposes. (Confidentiality Order at ¶¶ 1, 3, 4, 6, 11, 12.) Before disclosure, each party has the right and opportunity to challenge any designation made by a party. (Id. ¶¶ 14, 25.) Throughout the litigation, the parties used the designations frequently, including the "HIGHLY CONFIDENTIAL" designation for the claimed trade secret, the Honeybee Code.

After extensive discovery and resolution of multiple pre-trial motions, the court held a two-week trial. The court notes that Mr. Bowers's independent outside expert, Dr. Richard Koralek, had access to "HIGHLY CONFIDENTIAL" information (i.e., the Honeybee Code) and testified about the code during trial. (See, e.g., Tr. of Oct. 28, 2008 Trial Testimony of Dr. Koralek at 199, 208-210, 214-215 (discussing expertise and testifying that he reviewed

---

[2]To avoid any confusion, the court notes that the terms "Confidentiality Order" and "Protective Order" have been used interchangeably throughout the case to refer to Judge Nuffer's March 9, 2007 Order.

WideBand source code and Honeybee source code), 216-223, 228-267 (testifying that Honeybee source code was in public domain); Tr. of Oct. 29, 2008 Trial Testimony at 12-171 (same).) Mr. Bowers, on the other hand, was not designated or qualified as an expert witness, nor did he testify as such at the trial. (See Tr. of Oct. 27, 2008 Trial Testimony of Lonny Bowers at 92-130; Tr. of Nov. 3, 2008 Trial Testimony of Lonny Bowers at 123-246; id. at 174 (court sustaining objection that witness Lonny Bowers may not comment on whether many of Honeybee algorithm components were in public domain because "he is not an expert").)

On November 5, 2008, the jury returned a verdict in favor of ClearOne, finding Mr. Bowers (and his co-defendants) liable for willful and malicious misappropriation of ClearOne's trade secret. (See Special Verdict (Dkt # 1286).) On April 20, 2009, the court issued an Order & Memorandum Decision as well as a final judgment against Mr. Bowers and his co-defendants. (See Dkt # 1531.)

Mr. Bowers, having failed to obtain relief under Rule 59, now seeks relief under Federal Rule of Civil Procedure 60(b). On May 18, 2009, Mr. Bowers filed a Motion for Relief of Judgment and Stay [of] Enforcement (Dkt # 1602) [hereinafter "First Rule 60(b) Motion"]. On June 2, 2009, Mr. Bowers filed another Motion for Relief of Judgment and Stay [of] Enforcement (Dkt # 1656) [hereinafter "Second Rule 60(b) Motion"]. Because there is significant overlap between the two motions,[3] the court combines its analysis of Mr. Bowers's claims.

---

[3]Mr. Bowers, apparently not satisfied with what he had submitted in his First 60(b) Motion, filed his Second 60(b) Motion three days before ClearOne's opposition to his First 60(b) Motion was due. In his Second 60(b) Motion, he expands on what he alleges in the first motion.

4

## ANALYSIS

### Rule 60(b) Standards

The Federal Rules of Civil Procedure provide the court with authority to grant relief from a final judgment, order or proceeding on the following grounds:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>
> (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Relief under Rule 60(b), however, is <u>extraordinary</u> and may only be granted in exceptional circumstances." Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) (internal quotation marks and citation omitted) (emphasis added). See also Cummings v. General Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."), abrogated on unrelated grounds, Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394 (2006). Furthermore, "Rule 60(b) relief is not available to allow a party merely to reargue issues

previously addressed to the court." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).

Based on a review of Mr. Bowers's motions, and giving Mr. Bowers the benefit of the doubt, it appears from his pleadings (although he does not specifically state) that the asserted bases for relief are newly discovered evidence (60(b)(2)); fraud, misrepresentation or misconduct (60(b)(3)); and the catch-all provision of 60(b)(6) providing for relief for "any other reason that justifies relief."

To obtain relief under Rule 60(b)(2) (through a claim of newly discovered evidence), Mr. Bowers must show all of the following:

> (1) the evidence was newly discovered since the trial; (2) [Mr. Bowers] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [is] material; and (5) that a new trial[ ] with the newly discovered evidence would probably produce a different result.

Zurich N. Amer. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks and citation omitted).

Under Rule 60(b)(3) (claim of fraud), Mr. Bowers bears the burden of establishing fraud by clear and convincing evidence. Yapp, 186 F.3d at 1231; Wilkin v. Sunbeam Corp., 466 F.2d 714, 717 (10th Cir. 1972). "This he can do only by showing that [ClearOne] acted with 'an intent to deceive or defraud the court,' by means of a deliberately planned and carefully executed scheme.'" Yapp, 186 F.3d at 1231 (quoting Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995)); see also Zurich, 426 F.3d at 1291-92 (noting that heightened standard applies regardless of whether claim is one of fraud between parties, fraud on the court, or misconduct). Moreover, "the challenged behavior must substantially have interfered with the

[Mr. Bowers'] ability fully and fairly to prepare for and proceed at trial." Cummings, 365 F.3d at 955 (internal quotation marks and citation omitted).

Finally, under Rule 60(b)(6) (claim of injustice), "relief is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.'" Yapp, 186 F.3d at 1232 (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)). This catch-all provision is mutually exclusive of the other five categories under Rule 60(b), so Mr. Bowers must establish some injustice apart from the fraud allegations he makes. Zurich, 426 F.3d at 1293.

**Mr. Bowers's Rule 60(b) Motions**

In general, Mr. Bowers contends that he uncovered new evidence demonstrating that ClearOne committed fraud during the litigation by hiding information conclusively establishing that the Honeybee Code is not a trade secret (a material element of ClearOne's trade secret misappropriation claim). He also contends that ClearOne deliberately withheld crucial portions of the Honeybee Code until trial, when it was too late to mount a reasonable defense. Underlying Mr. Bowers's contention is the assumption that only he and Dr. Yang (an author of the code), but not his counsel or independent outside expert witness, could ascertain the public domain elements of the Honeybee Code and bring to the court's and jury's attention that, in his view, the Honeybee Code was not a trade secret at all. For the reasons set forth below, Mr. Bowers has not met his burden under any of the three 60(b) sections, and so he is not entitled to the relief sought.

In his First 60(b) Motion, Mr. Bowers presents what he contends is evidence—i.e., ClearOne's 1997 Copyright Application TX 6-607-039 for Honeybee Conference Phone Code—that the Honeybee Code is not, and never was, a trade secret and that ClearOne

7

knowingly withheld such evidence while contending throughout the trial that it was a trade secret. Mr. Bowers recently (post-judgment) obtained the document from the Library of Congress, where, in February 2007, ClearOne's patent counsel openly filed a copy of the application "[p]er the guidelines relating to Computer Programs Containing Trade Secrets." (Ex. A to First 60(b) Mot.) The Library of Congress document contains only the first twenty-five and last twenty-five pages of the Honeybee source code.

Mr. Bowers contends that much of those pages was "copied, word for word" by the Defendants from other publicly available source code. (First 60(b) Mot. at unnumbered p. 3.)[4] Specifically, Mr. Bowers compares portions of an "open source code called 'Speex'"[5] and PictureTel Patent No. 5305307 (which was discussed at trial by Mr. Bowers's expert witness, Dr. Koralek) to portions of the code submitted in the ClearOne copyright application. Mr. Bowers's claim that the redacted first and last twenty-five pages of the Honeybee source code (out of hundreds, if not thousands, of pages) somehow reveal that ClearOne has no trade secret, and that ClearOne has perpetrated a fraud on the court, is not persuasive. The limited amount of source code disclosed as part of ClearOne's submission to the Library of Congress or in its copyright application does not disclose the trade secret's algorithms or implementation of those algorithms,

---

[4] Mr. Bowers also attaches to his First 60(b) Motion a lengthy complaint he presented to the United States Department of Justice contending that ClearOne is guilty of criminal copyright fraud and should be prosecuted. The court will not consider the claims in Mr. Bowers' complaint to the DOJ, because much of the complaint either duplicates what he contends in his motion or goes beyond the scope of what was before the court during trial (i.e., trade secret law, not copyright law). Whether ClearOne has obtained a valid copyright on the Honeybee Code has no relevance to whether the algorithms and code were misappropriated by Defendants. Moreover, ClearOne does a sufficient job rebutting the allegations in Mr. Bowers's complaint to the DOJ.

[5] According to Mr. Bowers, Speex has a copyright date of 2002-2003.

all of which were discussed at trial and in the jury instructions. (See Jury Instr. No. 18 (Dkt # 1285).) Indeed, no one disputed that some aspects of the Honeybee Code were in the public domain. But those aspects were not what ClearOne claimed as a trade secret. In essence, ClearOne's trade secret is greater than the sum of its parts.

Ironically, Mr. Bowers asserts that he has raised this very issue "throughout this litigation including at deposition, trial and post trial"—i.e., that the Honeybee Code is nothing but publicly available source code. His point actually supports ClearOne's accurate assertion that Mr. Bowers is not saying anything new in his 60(b) motions and that he was not foreclosed from raising this defense.

Mr. Bowers's other arguments are equally ineffective. Not only is his evidence not new, but it was in the hands of the defendants before trial. Whether the WideBand Defendants presented it is not due to any actions taken by ClearOne.

For instance, he claims that "Old ClearOne" (a predecessor to ClearOne) did not take steps to protect the Honeybee Code's trade secret status and that ClearOne deliberately withheld such evidence (the Stephen Cummings 2007 Declaration) from him, the court, and the jury. But to support his argument, he relies on information that was already available or readily ascertainable with reasonable diligence by him, the WideBand Defendants and their counsel. In addition to the Cummings Declaration, other information upon which Mr. Bowers relies could have been (and, in some instances, was) raised in his defense.

Specifically, the "newly discovered" evidence not only existed before trial (and could have been obtained by Mr. Bowers in the same manner he has used at this late stage in the proceedings), but much of it was produced to or by the WideBand Defendants throughout the

case. For example,

- Counsel for ClearOne produced the Honeybee Copyright to counsel for the WideBand Defendants on April 23, 2008, six months before trial. (ClearOne's Combined Opp'n (Dkt # 1693) at 12.)
- ClearOne delivered the Honeybee Code to counsel for the WideBand Defendants on April 20, 2007. (Id.)
- The September 19, 2007 declaration of Stephen Cummings is not "newly discovered." In fact, counsel for the WideBand Defendants (which included Lonny Bowers) obtained and produced the declaration to ClearOne, with their own "Highly Confidential" designation on it, in September 2007. (Id. at 13.) Mr. Bowers's contentions regarding Mr. Cummings' testimony is particularly bold given the fact that the declaration is on the docket for this case at docket entry number 441 (dated September 19, 2007). See also Oct. 10, 2007 Mem. of Defs. Supp. Joint Mot. to Bar Opinion Testimony of Tracy Bathurst (Dkt # 521) (citing to Stephen Cummings Declaration and arguing that Honeybee Code was not trade secret because evidence shows it was "freely available to everyone" before ClearOne acquired Old ClearOne).
- And the affidavits of Brian Puh, James Zhang, Jun Yang, and Andrew Chiang certainly could have been obtained before trial.

Mr. Bowers's protestations are simply not credible.

Mr. Bowers also claims that he and his co-defendant Dr. Yang were prevented from reviewing crucial information that would have been material to his defense at trial. Specifically,

he contends that ClearOne deliberately withheld the Honeybee Copyright and denied access to the Honeybee Code through use (or abuse, as he contends) of the Confidentiality Order. He is wrong. The court notes that all information labeled "Highly Confidential" was available to Mr. Bowers's attorneys and independent outside expert witness. Also, Mr. Bowers and Dr. Yang attended many hearings, and the trial of course, where much of this information was discussed. Still, he apparently believes his knowledge and Dr. Yang's knowledge is so superior to that of their own counsel and Dr. Koralek that only he and Dr. Yang could have made the connection he now urges the court to adopt (despite the fact that he inexplicably failed to raise his concerns with counsel and Dr. Koralek once he discovered evidence to support his theories). Mr. Bowers's arguments are no more persuasive now than they were in earlier pleadings.

**Conclusions**

Mr. Bowers has not met his burden under Rule 60(b)(2). None of the evidence cited by Mr. Bowers in his two motions qualifies as "newly discovered," because the information upon which he relies was previously produced to Mr. Bowers, through counsel, during the litigation or was readily ascertainable by exercising reasonable diligence. In any case, the evidence is not material, and is, for the most part, cumulative, so presenting it would not produce a different result at trial.

Mr. Bowers does not come close to meeting his burden under 60(b)(3) (requiring a showing of fraud by clear and convincing evidence). First, conclusory allegations of fraud do not satisfy the Rule 60(b)(3) standard. <u>Zurich</u>, 426 F.3d at 1292. Second, he has not presented any evidence of any intent by ClearOne to deceive or defraud the court through means of a deliberately planned and carefully executed scheme. In short, nothing he points to was hidden.

And he certainly has not presented evidence sufficient to justify relief under Rule 60(b)(6). He makes unsupported allegations of fraud and re-hashes evidence and arguments presented to the court long ago. "Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed by the court." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). His dissatisfaction with the jury verdict and final judgment does not qualify him for the extraordinary relief he seeks.

**ORDER**

For the foregoing reasons, *pro se* Defendant Lonny Bowers's Motion for Relief of Judgment and Stay Enforcement (Dkt # 1602) and his Motion for Relief of Judgment and Stay Enforcement (Dkt # 1656) are DENIED. Consequently, *pro se* Defendant Andrew Chiang's and *pro se* Defendant Jun Yang's motions for joinder in Mr. Bowers' First and Second 60(b) Motions (see Dkt #s 1699 & 1721) are DENIED.

SO ORDERED this 20th day of July, 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge