**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH   CENTRAL DIVISION**

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW CHIANG, JUN YANG, WIDEBAND SOLUTIONS, INC., VERSATILE DSP, INC., and BIAMP SYSTEMS CORPORATION, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER** <br><br><br> Case No. 2:07-cv-37 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

This order takes the highly unusual position of prohibiting counsel of record from access to information designated as confidential under a protective order. The highly unusual facts of this case and the relationship of counsel to the case require this action.

### Background

Mr. Randolph Frails appeared as counsel for WideBand Defendants (Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc.) and Versatile DSP, Inc. *in an appeal* from this action and requested a court reporter provide him with unredacted transcripts of proceedings in this case. The magistrate judge ordered[1] that Mr. Frails execute and file the form of the undertaking attached to the Confidentiality Order[2] and provide a copy to counsel. That was to conform with the requirement of the Confidentiality Order that Mr. Frails give written notice to other counsel (allowing for objection) and filing the undertaking attached to the Confidentiality

---

[1] Docket no. 1767, filed July 22, 2009.

[2] Docket no. 74, filed March 9, 2007.

Order, to agree to be bound by its provisions.[3]  Mr. Frails did file such an undertaking July 30,

2009.[4]  The court's order permitted other parties to object, and within that time ClearOne

Communications, Inc., (ClearOne) filed a motion for protective order[5] barring Mr. Frails from

access.  More recently, Mr. Frails has appeared pro hac vice in this case, as counsel for the

WideBand Defendants and Versatile DSP, Inc.[6]

ClearOne asserts[7] that Frails has been involved in questionable sales and business

transactions designed to transfer WideBand Defendants' assets.  Chief Judge Campbell's

recently filed Memorandum Decision and Order of Contempt[8] recites the intimate involvement

of Mr. Frails as counsel to third parties in a 2008 sales transaction which was potentially

violative of a restraining order issued in this case.  Mr. Frails's then client, Mr. Donald Bowers,

father of defendant Lonny Bowers, has been found in contempt by the district judge based on his

actions.  Mr. Frails is described as having provided inaccurate information to the court and

having exercised a lack of due diligence:

> Mr. Frails' representations [in the June 18, 2008 hearing] turned out to be
> inaccurate. But the court did not find, and is not finding now, that Mr. Frails
> committed perjury during the June 18, 2008 hearing. At a minimum, however, the
> individuals charged with the responsibility to adhere to the court's 2007
> injunction (the WideBand Defendants, Mr. Donald Bowers, and Mr. Frails) failed
> in their responsibility to conduct due diligence and then draft and execute
> conforming documents.[9]

---

[3] Id. ¶8 at 7.

[4] Docket no. 1805.

[5] Objection Pursuant to the Court's July 22, 2009 Order [Docket No. 1767] and Motion for Protective Order to
Prohibit Randolph Frails' Access to ClearOne's Protected Information (Motion for Protective Order), docket no.
1823, filed August 5, 2009.

[6] Motion for Admission Pro Hac Vice, docket no. 1851, filed August 11, 2009 and Order Granting Motion for
Admission Pro Hac Vice, docket no. 1860, filed August 12, 2009.

[7] Motion for Protective Order at 4-5.

[8] Docket no. 1902, filed September 3, 2009.

[9] Id. at 4 n.7..

Mr. Frails was central to court hearings which were highly irregular.  On June 18, 2008, Mr. Frails represented that sales agreements for which he was "the transactional lawyer"[10] did *not* transfer assets in dispute in this suit.

> THE COURT: . . . I would refer, and I think Mr. Frails and Ms. Porter both as officers of courts would give me an agreement that Mr. Donald Bowers is not going to – and nobody who – to whom the [WideBand Massachusetts] assets were transferred, an assurance that those assets did not include the codes that are the subject of this litigation, that they were not transferred, that they will not be transferred. I mean if they weren't transferred, they weren't transferred. Mr. Frails, are you giving me that assurance as an officer of the Georgia court?
> MR. FRAILS: Yes, Your Honor. I am.[11]

However, two days later, when the documents were available to the court, Mr. Frails's central and material representation was found to be inaccurate.  The district judge's statements reveal the gravity of the event.

> And when I look at the bill of sale, looks like the Biamp code is in there being transferred. It was clearly involved in the litigation, and those products based on it, they're not exempt. Yet the assurances that I had – because it looks like the only asset excluded by the WideBand sale agreement was the [AEC] code for Harman. And anyone even a little bit familiar with this litigation knows that my order went through and specifically traced the Biamp code to the Honeybee code. I mean there was no question. I mean you can't even say that there was some misunderstanding.[12]

Frails excuses his statements in the June 18, 2008 hearing, referencing portions of the transcript in which he states that although he "prepared" the document he did not "have the final documents" and needed to ask his client to be sure the source code was not included in the sale.[13] However, it was readily apparent to the court when the documents were reviewed that the disputed code was included, and Frails's willingness to state he was "very certain"[14] of things

---

[10] Transcript of Proceedings June 18, 2008, 12:19, docket no. 894, filed June 19, 2008.

[11] *Id.* 18:23-19:8.

[12] Transcript of Proceedings June 20, 2008, 3:9-4:6, docket no. 923, filed July 11, 2008.

[13] *Id.* 10:5-6.

[14] *Id.* 10:6.

later shown to be untrue and make assurances as an officer of the Georgia court undermine the court's ability to rely on him.

Frails's "inaccuracies" in another hearing were relied on by ClearOne and the district judge in dismissing another case in this court, which was later reinstated with very specific findings.

> During the July 10, 2008 hearing on that motion, Mr. Randolph Frails, representing WideBand Georgia and Don Bowers, stated that the sales agreement had been rescinded, thereby mooting the basis for ClearOne's motion. The court and ClearOne's counsel agreed, and the motion was denied as moot.
> In October 2008, the court granted Don Bowers's motion to dismiss the WideBand Georgia Case without prejudice on the same basis (that the claims, all of which concerned the rescinded sales agreement, were moot).[15]

However, during a later hearing, the district judge

> received evidence that the WideBand Defendants did not disclose the April 2008 documents to ClearOne . . . . The court concluded during the hearing that it is possible those documents were either not produced, in violation of a discovery order, or, arguably, not legitimate but were fraudulently created and submitted to the court to justify actions prompting the OSC.[16]

Whether the documents were wrongfully withheld or fraudulently created, Mr. Frails's key representation was inaccurate.

Finally, ClearOne points out a reported decision from the South Carolina Supreme Court affirming an administrative suspension against Mr. Frails for failure to maintain his license to practice law.[17] The decision is relevant because it illustrates Mr. Frails's haphazard approach to important matters. His license was invalid for at least two years, but he continued to practice anyway.

---

[15] Order Re-opening Case at 3, docket no. 24, filed February 24, 2009 in *ClearOne Communications v. Wideband Solutions*, Case No. 2:08-cv-474 TS.

[16] *Id.* at 4-5.

[17] *In the Matter of Randolph Frails*, Opinion No. 26165 (S. Car. May 2, 2006)(attached to Motion for Protective Order as Exhibit C).

A few months [after his administrative suspension], Respondent realized that he was no longer receiving mailings from the South Carolina Bar, and he concluded that his South Carolina license had lapsed. He made no inquiry to confirm his conclusion, nor any effort to revive his license. He did not submit his already late CLE report for 2001, or pay his overdue bar dues for 2002. Further, he later failed to submit a CLE report for 2002, and failed to pay his 2003 dues.[18]

Both counsel agree that the issue of permissible access to highly sensitive information is to be determined "by the facts on a counsel-by-counsel basis, and cannot be determined solely by giving controlling weight to the classification of counsel . . . ."[19] On the facts of this case, particularly in light of the appearance of local counsel who is not subject to any of the issues raised in this motion, the risk of inadvertent misuse of ClearOne protected information is too great to permit Mr. Frails's access.

## ORDER

IT IS HEREBY ORDERED that ClearOne's objection to Frails's undertaking is SUSTAINED and the Motion for Protective Order to Prohibit Randolph Frails's Access to ClearOne's Protected Information[20] is GRANTED.

Dated September 12, 2009.

BY THE COURT:

_____
David Nuffer, U.S. Magistrate Judge

---

[18] *Id.* at 2.

[19] *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)(cited by ClearOne in Motion for Protective Order at 3 and cited by Frails in Response to Plaintiffs' Objections to Defendant's Attorney's Request for Transcripts and Protected Documents at 4, docket no. 1875, filed August 17, 2009.

[20] Objection Pursuant to the Court's July 22, 2009 Order [Docket No. 1767] and Motion for Protective Order to Prohibit Randolph Frails' Access to ClearOne's Protected Information (Motion for Protective Order), docket no. 1823, filed August 5, 2009.