IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual; JUN YANG, an individual; LONNY BOWERS, an individual; WIDEBAND SOLUTIONS, INC., a Massachusetts corporation; VERSATILE DSP, INC.; a Massachusetts corporation; and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR AWARD OF ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES**<br><br>Case No. 2:07-cv-37-TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff ClearOne Communications Inc.'s (ClearOne) Motion for Award of Attorneys' Fees and Related Nontaxable Expenses[1] is referred to the Magistrate Judge. The magistrate judge has considered ClearOne's submissions and the objections filed by Biamp Systems Corporation (Biamp) and orders that:

1. Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., Versatile DSP, Inc. and Biamp Systems Corporation are jointly and severally liable to ClearOne for the sum of $983,879.90;

2. Biamp Systems Corporation is liable to ClearOne for the sum of $118,025.00; and

3. Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., Versatile DSP, Inc. are jointly and severally liable to ClearOne for the sum of $907,645.87.

---

[1] Motion for Award of Attorneys' Fees and Related Nontaxable Expenses, docket no. 1590, filed May 12, 2009.

# Contents

Status of this Case and Parties ................................................................................................ 2
ClearOne's Motion .................................................................................................................. 3
DISCUSSION .......................................................................................................................... 6
I. Liability for Attorneys Fees ............................................................................................... 6
    A. An Award of Attorneys' Fees is Appropriate ................................................................ 7
    B. Exemplary Damage Award Does Not Eliminate Right to Attorneys' Fees ................. 8
    C. Joint and Several Liability ............................................................................................. 8
II. ClearOne's Allocation of Fees Is Generally Appropriate ................................................ 9
III. Specific Categorical Fee Objections ............................................................................... 11
    A. Fees Related to Harman Music Group ....................................................................... 11
    B. Preliminary Injunction Fees ........................................................................................ 12
    C. Fees for Motions to Compel WideBand Defendants .................................................. 13
    D. Fees for Motions for Sanctions Against Other Defendants ...................................... 13
    E. Search Protocol Fees .................................................................................................... 13
    F. Temporary Restraining Order Fees ............................................................................ 14
    G. Fees for Discovery after Discovery Deadline ............................................................ 14
    H. Other Fees .................................................................................................................... 14
IV. Other Non-Taxable Costs, Including Forensic and Expert Witness Expenses ............ 15
    A. Office Expenses. .......................................................................................................... 15
    B. Expert Witness Fees .................................................................................................... 16
SUMMARY ............................................................................................................................ 18
ORDER ................................................................................................................................... 19

## Status of this Case and Parties

ClearOne alleged the Defendants improperly used ClearOne's trade secrets. Biamp purchased some of those trade secrets from the prime defendants Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., and Versatile DSP, Inc. (WideBand Defendants). After lengthy and vigorous pretrial work, and a contentious trial, a jury determined that all the Defendants misappropriated ClearOne's trade secrets and that the Defendants' actions were

willful and malicious.[2]  The jury also calculated damages which were entered in a judgment[3] after the District Judge analyzed the verdict in an Order and Memorandum Decision.[4]  Under the Utah Uniform Trade Secrets Act (the Act) "the court may award reasonable attorneys' fees to the prevailing party" where "willful and malicious misappropriation exists."[5]

## ClearOne's Motion

Plaintiff requests that the court "award ClearOne its attorneys' fees and related nontaxable expenses as the prevailing party in this trade secret litigation."[6]  The amounts ClearOne claims are summarized below:

|  | Attorney's Fees | | | Expert Witness Expenses | | Expenses | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
|  | M&G[7] Fees | BMG[8] Fees | Stroock[9] Fees | Makovicka[10] Expenses | Hoffman[11] Expenses | Pretrial & Trial Expenses | Post-trial Expenses | TOTAL |
| **All Defendants** | $964,927.90 | $32,479.50 | $5,522.50 | $205,413.20 | $61,907.87 | $167,521.56 |  | $1,437,772.53 |
| **Biamp Only** | $118,025.00 |  |  |  |  |  |  | $118,025.00 |
| **Wideband Def's Only** | $427,813.00 | $12,063.00 |  |  |  |  | $13,876.80 | $453,752.80 |
| **TOTAL** | $1,510,765.90 | $44,542.50 | $5,522.50 | $205,413.20 | $61,907.87 | $167,521.56 | $13,876.80 | $2,009,550.33 |

The **columns** categorize the fee and expense claims by source, as arising from the three law firms representing ClearOne; the expert witnesses; and other non-taxable costs.  The **rows** show the amounts ClearOne claims against each category of Defendant.  "[E]ven though

---

[2] Memorandum in Support of Motion for Award of Attorneys' Fees and Related Nontaxable Expenses (Supporting Memorandum) at 2, docket no. 1591, filed May 12, 2009.  Special Verdict ¶¶ 6a-7, docket no. 1286, filed November 5, 2008.

[3] Judgment, docket no. 1539, filed April 21, 2009.

[4] Order and Memorandum Decision, docket no. 1531, filed April 20, 2009.

[5] Utah Code Ann. § 13-24-5.

[6] Supporting Memorandum at 2.

[7] Magleby & Greenwood, P.C.

[8] Burbidge Mitchell & Gross.

[9] Stroock & Stroock & Lavan, LLP.

[10] Thomas Makovicka, expert witness.

[11] Richard Hoffman, expert witness.

3

ClearOne does not believe that it was required to do so, ClearOne has . . . allocated fees among the two Defendant groups, and grouped the time entries into three categories:" i) common fees to be assessed against all Defendants, ii) fees to be assessed only against WideBand Defendants, and iii) fees to be assessed only against Biamp.[12]

ClearOne's motion is accompanied by the Supporting Memorandum and Declaration of James E. Magleby with over 1400 pages of exhibits.[13] The Declaration summarizes the case, identifies the parties against whom fees are sought, and identifies claims on which fees are and are not sought.[14] The Declaration extensively describes timekeeping and billing methodology,[15] factors regarding the reasonableness of the fees sought[16] including challenges presented by specific defendants;[17] descriptions of expense categories;[18] and a summary of the work of ClearOne's expert witnesses.[19]

Biamp was the only defendant to respond to the ClearOne motion. Defendant Biamp's position is that Plaintiff ClearOne does not state a proper claim for attorneys' fees under the Utah Uniform Trade Secrets Act[20] and that no attorneys' fees should be awarded against Defendants.[21] *In the alternative*, in the event the court believes Biamp is liable for fees, Biamp argues that $663,406 is the maximum amount of attorneys' fees for which it could possibly be liable

---

[12] Supporting Memorandum at 5, citing Magleby Declaration, ¶¶ 9-10, docket no. 1595, , filed under seal May 12, 2009.

[13] Magleby Declaration, docket no. 1595.

[14] *Id.* at 4-5.

[15] *Id.* at 6-9.

[16] *Id.* at 10-17.

[17] *Id.* at 11-13.

[18] *Id.* at 19-25.

[19] *Id.* at 25-26.

[20] Biamp's Opposition and Objections to Plaintiff's Memorandum in Support of Attorneys' Fees and Related Nontaxable Expenses (Opposing Memorandum) at 1-2, docket no. 1689, filed under seal June 16, 2009.

[21] *Id.* at 16.

(directly and jointly), because of reductions Biamp claims, as summarized in a table in its memorandum:[22]

|  | "Common" | "Biamp" |
|---|---|---|
| Magleby & Greenwood | $964,928 | $118,025 |
| Burbidge, Mitchell & Gross | $32,480 | $0 |
| Stroock, Stroock | $5,523 | $0 |
| Trial/Pretrial | $167,522 | $0 |
| Post Trial | $0 | $0 |
| Deduction (Non-Biamp Work) | ($267,177) |  |
| Deduction (Non-Contemporaneous Allocations) | ($357,894) |  |
| Net | $545,381 | $118,025 |
| Total | $663,406 |  |

Biamp's arguments for deductions from the amount ClearOne claims separate into a few categories:

    a. Non-taxable costs, including the expert witness fees, are not recoverable under the Act.[23]

    b. ClearOne's fee allocations to Biamp were improper.[24]

        i. Fees allocated to Biamp were not attributable to Biamp. This is the subject of a detailed accounting.[25]

        ii. ClearOne's retrospective fee allocation is improper. Contemporaneous allocation is required.[26]

        iii. ClearOne's fee allocation evidence is inadmissible.[27]

However, "Biamp did not argue that ClearOne's counsel's fees were not reasonable, or that the time spent on the litigation was not reasonable . . . ."[28]

---

[22] *Id.* at 17.

[23] *Id.* at 7.

[24] *Id.* at 11.

[25] *Id.* at 12.

[26] *Id.* at 14.

[27] *Id.* at 15.

5

As the magistrate judge reviewed Biamp's position it seems that Biamp contests one item not shown in its summary table – the non-taxable costs – and that Biamp actually claims the maximum for which it should be liable is $495,885.

|  | Common | Biamp |
|---|---:|---:|
| Magleby & Greenwood | $964,928 | $118,025 |
| Burbidge, Mitchell & Gross | $32,480 | $0 |
| Stroock, Stroock | $5,523 | $0 |
| Trial/Pretrial | $167,522 | $0 |
| Post Trial | $0 | $0 |
| Deduction (Non-Biamp Work) | ($267,177) | |
| Deduction (Non-Contemporaneous Allocations) | ($357,894) | |
| Deduction (Eliminate non-taxable costs) | ($167,522) | |
| Net | $377,860 | $118,025 |
| Total | $495,885 | |

## DISCUSSION

### I. Liability for Attorneys Fees

The Utah Uniform Trade Secrets Act is the basis for ClearOne's fee claim: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party."[29] The predicate finding of the jury that "willful and malicious misappropriation exists" has been made. But, as emphasized by Biamp, award of attorneys' fees to the prevailing party is discretionary under the Act.[30]

---

[28] Reply in Support of Motion for Attorney's Fees and Related Nontaxable Expenses (Reply Memorandum) at 2 n.1, docket no. 1710, filed July 3, 2009.

[29] Utah Code Ann. § 13-24-5.

[30] Opposing Memorandum at 2, 4.

**A. An Award of Attorneys' Fees is Appropriate**

The District Judge made several important findings while directing entry of judgment against Biamp for exemplary damages related to the misappropriation claim. These are relevant to an award of attorneys' fees. In summary, the District Judge found:

- "Biamp was aware of important facts giving Biamp knowledge or reason to know that the WideBand Defendants had stolen ClearOne's AEC (acoustic echo cancellation) technology;"[31]

- "Biamp did not ask even the most basic due diligence questions when dealing with the WideBand Defendants;"[32] and

- "Biamp deliberately ignored numerous warning signs suggesting that the AEC technology offered by WideBand was not WideBand's to sell."[33]

The District Judge concluded that "an award of exemplary damages against Biamp is appropriate to punish Biamp for ignoring its due diligence duties in order to profit at the expense of a competitor and to send a message deterring other companies from engaging in similar conduct."[34] For these same reasons, an award of attorneys' fees is appropriate. The clear statements of the District Judge distinguish the authority relied on by Biamp, in which courts declined to impose exemplary damages or attorneys' fees.[35] The District Judge's findings stand in clear contrast to Biamp's argument on this motion that "Plaintiff makes no allegation that Biamp did anything improper whatsoever."[36] The court has found to the contrary. An award of attorneys' fees is remedial, to make ClearOne whole for the cost of bringing the litigation.

---

[31] Order and Memorandum Decision at 13.

[32] *Id.* at 14.

[33] *Id.* at 15.

[34] *Id.*

[35] *Russo v. Ballard Medical Products*, No. 2:05-cv-59 TC, 2007 WL 752164 (D. Utah March 7, 2007).

[36] Opposing Memorandum at 6.

### B. Exemplary Damage Award Does Not Eliminate Right to Attorneys' Fees

Biamp claims that the award of exemplary damages against it suggests an award for attorneys' fees is not warranted. "The commentary to the Act suggests that a court should 'take into consideration the extent to which a complainant will recover exemplary damages in determining whether additional attorneys' fees should be awarded."[37] All awards of exemplary damages are non-compensatory. They are punitive. The remedial purpose of attorneys' fees awards is different. Again, given the strong findings by the District Judge and the need to provide Plaintiff ClearOne with a complete remedy for Biamp's wrongful acts, an award of attorneys' fees is appropriate. Biamp argues that "the Court has already assessed exemplary damages against Biamp in an amount roughly equivalent to the maximum attorneys' fees award that could now be granted against Biamp."[38] But the Act clearly provides for recovery of both in an appropriate case, and the facts of this case make both awards appropriate. They are separate and distinct awards, provided for in separate provisions of the Act.

### C. Joint and Several Liability

Biamp argues "there can be no joint and several liability for attorneys' fees" under the Act.[39] The Act makes no such limitation. The argument is based on Biamp's analogy to case law holding that "there can be no joint and several liability for punitive or exemplary damages."[40] The analysis in those cases from the Second Circuit is not binding in this court or on this issue. Punitive awards should not be joint and several, but based on the wrongdoer's fault; attorneys' fee awards are remedial. ClearOne's proposal that most of the attorneys' fee

---

[37] *Id.* at 5.

[38] *Id.* at 7.

[39] *Id*. at 5.

[40] *Id.*

award be joint and several, while assessing some fees against the separate groups of defendants, makes sense. As ClearOne states:

> [A]ll defendants were found liable for willful and malicious trade secret misappropriation of ClearOne's Honeybee trade secrets. The Court entered judgment against all defendants, jointly and severally, for the actual damages suffered by ClearOne. The defendants were all part of a single conspiracy that resulted in a single, indivisible injury to ClearOne in the form of lost profits. Though Biamp and WideBand Defendants hired their own attorneys, they put on a joint defense at trial, literally joining in each other's motions and objections, and Biamp's attorney taking the lead on cross-examination of ClearOne's technical expert.[41]

ClearOne was able to isolate substantial attorneys' fee claims away from Biamp and Biamp has the benefit of that allocation. It makes sense that the core issues in the lawsuit would give rise to a core attorneys' fee claim for which all defendants should be liable and that there would be other fees which could be specifically allocated to one defendant or another. ClearOne has made that sort of allocation.

## II. ClearOne's Allocation of Fees Is Generally Appropriate

The core facts in this case were established by substantial trial and preparatory work. These facts were largely common to all Defendants. Biamp's receipt of the WideBand product and the nature of that product were central to the case. Where appropriate, ClearOne has isolated effort allocable to certain Defendants. The fact that several claims were not tried or taken to judgment because they were "preempted"[42] by the trade secret claim does not mean that some retroactive allocation of effort can divide the essential facts common to the various claims and

---

[41] Reply Memorandum at 6.

[42] Order and Memorandum Decision at 2-3.

thus reduce attorneys' fees. The court rejects Biamp's inference[43] that mathematical division of causes of action in the complaint is a valid methodology to allocate attorneys' fees.

Biamp argues that fee allocation should be made retroactively after winning and losing claims are delineated, but in seeming contradiction, Biamp complains that all of ClearOne's fee allocations are retrospective.[44] Seizing on a published article[45] in which ClearOne's counsel laid out "best practices" for supporting fee claims, Biamp effectively marshals his own words against him. Biamp also complains that the handwritten allocation annotations on the extensive fee record are inadmissible hearsay.[46]

As a practical matter, no attorney can foresee the end of litigation with sufficient certainty to *prospectively* allocate time records to the ultimately successful claims. It is not realistic to require prospective allocation of efforts developing factual evidence into the eventual categories of issues that are determinative at trial. Certainly, legal research could be so allocated, but most of the effort in this case was developing factual proof. The facts fell under many legal theories, illustrated by the breadth of the verdict which the District Judge pared down for legal consistency before the judgment was entered.

> Where fee-bearing and non-fee bearing claims are based on essentially the same core set of facts, the fact that one of the theories will not support fee shifting (or is not successfully prosecuted) does not defeat recovery of fees where the party seeking recovery of fees prevails on the fee-bearing theory. Plaintiffs' action should not be viewed as a series of discrete claims. The court's focus is on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation.[47]

---

[43] Opposing Memorandum at 13.

[44] *Id.* at 14.

[45] James E. Magleby, *The Recovery of Attorney Fees in Utah: A Procedural Primer for Practitioners*, 23 J. Contemp. L. 379, 384 (1997).

[46] Opposing Memorandum at 15-16.

[47] *Ellsworth v. Tuttle*, No. 03-4253, 2005 WL 1427638, at *20 (10th Cir. June 20, 2005) (citations omitted).

The allocations of fees by ClearOne's counsel are the best that can be expected in any litigation. And this is not to say the court is "settling" on sketchy evidence. The records are not block bills as Biamp claims, but they contain separate time entries on separate days on separate tasks for separate timekeepers. The review and annotations in the submissions discard some entries and reduce others. The records are not being considered to establish principal claim liability or consequent liability for fees, but they are used to measure the amount of fees to be awarded. They are very sufficient for that purpose. For this reason, Biamp's objections based on non-contemporaneous allocation are denied.

**III. Specific Categorical Fee Objections**

Biamp objects to several specific categories of fees itemized in the Declaration of Jennifer L. Fitzgerald[48] as being included in the category of fees assessed against all Defendants: These fall into nine categories:

| | |
|---|---|
| A. Fees Related to Defendant Harman | $29,230 |
| B. Preliminary Injunction Fees | $70,408 |
|    BMG Firm - Preliminary Injunction | $6,038 |
| C. Motions to Compel | $55,829 |
| D. Motion for Sanctions | $11,798 |
| E. Search Protocol Disputes | $38,325 |
| F. Temporary Restraining Order | $3,743 |
| G. Discovery After Deadline | $28,647 |
| H. Other | $23,159 |
| TOTAL | $267,177 |

**A. Fees Related to Harman Music Group**

Biamp objects to fees allegedly pertaining only to claims against Harman Music Group, another customer of WideBand Defendants.[49] Harman was briefly a party to this litigation and

---

[48] Declaration of Jennifer L. Fitzgerald . . . (Fitzgerald Declaration) ¶¶ 10 and 11, docket no. 1690, filed under seal June 16, 2009.

the subject of separate state court litigation. ClearOne admits that some of its work related to Harman, but establishes that the work does not relate to the state case, but to discovery in this case. ClearOne says the discovery against Harman was important "because whether WideBand misappropriated ClearOne's trade secrets in developing the Harman code was probative of whether it misappropriated in developing other codes, including the Biamp code."[50] This is true, but clearly this work was not as pertinent to Biamp as to Wideband. ClearOne also points out that Biamp has erroneously included time entries amounting to $2,651 that ClearOne already excluded.[51] Of the $26,579 which is allocable to discovery against Harman, only half, or $13,290 will be permitted to be charged as common fees against Biamp. The other half will be charged against WideBand Defendants.

### B. Preliminary Injunction Fees

ClearOne sought and obtained a preliminary injunction against WideBand Defendants "which was not in any way directed at Biamp."[52] However, as ClearOne points out, "the work done by ClearOne's counsel would have had to be done in preparation for trial if it had not already been completed in the context of the . . . injunction hearing."[53] ClearOne only claims the preparation time as common, and "has already excluded the actual time spent at the hearing from Biamp's charges, holding such time against WideBand Defendants only."[54] No reduction will be made for this objection.

---

[49] Fitzgerald Declaration ¶ 2.

[50] Reply Memorandum at 12.

[51] *Id.* at 13.

[52] Fitzgerald Declaration ¶ 3.

[53] Reply Memorandum at 13.

[54] *Id.* at 14.

### C. Fees for Motions to Compel WideBand Defendants

Biamp claims it is unfair to assess fees incurred in imaging WideBand's computers and compelling WideBand to comply with discovery obligations. WideBand Defendants were particularly challenging for the court and ClearOne, and the court agrees that these $48,357 fees[55] should not be commonly assessed. It will be assessed against WideBand Defendants only.

### D. Fees for Motions for Sanctions Against Other Defendants

Biamp claims ClearOne improperly assesses nearly $12,000 in fees as common, when they "relate solely to the motions for sanctions that Plaintiff filed against other defendants, which were not in any way directed at Biamp."[56] "However, all of the sanctions activities in the entries . . . that Biamp objects to have not been charged to Biamp, as ClearOne has already excluded the same in its allocations, charging the work for such activities only to WideBand Defendants."[57]

### E. Search Protocol Fees

WideBand and ClearOne argued at length over a search protocol for electronic discovery. Biamp objects to common assessment of legal fees for this effort.[58] However, this protocol and the ensuing search were "used to establish the fact that all of the WideBand codes, including the Biamp code, were created through misappropriation."[59] It is appropriate that these fees are assessed against all Defendants.

---

[55] This amount is determined by a correction made by ClearOne. Reply Memorandum at 16-17.

[56] Fitzgerald Declaration ¶ 5.

[57] Reply Memorandum at 17.

[58] Fitzgerald Declaration ¶ 6.

[59] Reply Memorandum at 18.

### F. Temporary Restraining Order Fees

Biamp objects to common assessment of $3,743 fees incurred by ClearOne in obtaining a Temporary Restraining Order against WideBand Defendants.[60] ClearOne substantiates that one-half of this amount is supportive of general issues in the case.[61] One-half the amount will be common and one-half will be assessed only against WideBand Defendants.

### G. Fees for Discovery after Discovery Deadline

Biamp objects to common assessment of fees for discovery activity after the nominal discovery deadline in the case.[62] Unfortunately, discovery did not wrap up neatly in this case, and the parties were also subject to supplementation requirements.[63] No reduction will be made for such discovery work.

### H. Other Fees

Biamp also objects to claims based on "time entries from Plaintiff's invoices that relate solely to miscellaneous activities that do not in any way relate to the trade-secret case against Biamp."[64] ClearOne effectively points out that many of these objectionable entries are already excluded; defends others; and admits at least one should be excluded.[65] While ClearOne admits over 25% of this category should be excluded, the court will exclude 50%, simply giving Biamp the benefit of any uncertainty.

---

[60] Fitzgerald Declaration ¶ 7.

[61] Reply Memorandum at 19.

[62] Fitzgerald Declaration ¶ 8.

[63] Reply Memorandum at 20.

[64] Fitzgerald Declaration ¶ 9.

[65] Reply Memorandum at 21-23.

**IV. Other Non-Taxable Costs, Including Forensic and Expert Witness Expenses**

    **A. Office Expenses**.

ClearOne also seeks significant other non-taxable costs, including expert witness fees. Other non-taxable costs sought by ClearOne from Biamp total $167,521.56 and include:

- A flat percentage charged by Magleby & Greenwood to ClearOne, equivalent to 2% of the amount of attorney fees billed. "These charges were in lieu of the internal costs that are regularly charged by other firms, such as legal research, telephone charges, long distance charges, internal copying costs, and postage."[66]
- Itemized charges by the other lawyers for ClearOne (Burbidge, Mitchell and Gross and Stroock) for similar items, such as legal research, telephone charges, long distance charges, internal copying costs, and postage;[67]
- Delivery charges, including Federal Express;
- Conference call charges;
- Process service;
- Computer assisted legal research;
- Deposition travel expenses; and
- Trial meal expenses.[68]

As the category name denotes, these are not "taxable" costs included in ClearOne's Bill of Costs.[69] They are, however, customarily billed by attorneys to clients and not "normally absorbed as a part of law firm overhead."[70] A major part of these costs as summarized by ClearOne is the $111,474.48 expense of Global Digital Forensics,[71] a computer forensics firm retained by stipulation and under court order to image and manage images of WideBand computers.[72]

---

[66] Declaration of James E. Magleby at 8 and 23.

[67] *Id.* at 19-20, 24.

[68] *Id.*, Exhibit I.

[69] *Id.* at 19.

[70] *Id.* at 19-24.

[71] *Id.* at 22; Exhibit I at 5.

[72] Docket no. 234, filed under seal June 18, 2007; docket no. 282, filed under seal July 6, 2009; and docket no. 813, filed April 1, 2008.

While there is authority on both sides, the court is of the view that the cost of retaining an attorney includes the expenses usually paid in an engagement agreement. A compensatory award of attorneys' fees should include "out-of-pocket expenses . . . that a law firm normally would bill to its client."[73] "[A]ttorney's fee awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. . . . [T]hose attorneys who pass these expenses on to clients as separately chargeable disbursements should be reimbursed in an attorney's fees award."[74]

The foregoing rationale applies to the enumerated charges by the law firms. It does not apply, however, to the charges for Global Digital Forensics. Those charges are more in the nature of a separately paid fee to an expert and will be treated in the next section.

### B. Expert Witness Fees

ClearOne seeks to recover its expert witness expenses which total $267,320. Reasoning that the court required ClearOne to identify its trade secrets with "reasonable particularity" by borrowing from California case law,[75] ClearOne claims this court should similarly borrow specific California statutory language authorizing recover of expert witness expenses.[76] Alternatively, ClearOne argues the court should exercise its inherent power to impose sanctions in the form of expert witness fees.[77]

The court agrees that given the expense of expert witnesses, recovery of their fees would be fair. And such a recovery would remove one more barrier from the path of aggrieved parties

---

[73] *Williams v. ConAgra Poultry Co.*, No. 03-2976, 2004 WL 2472274, at *2 (8th Cir. Nov. 3, 2004).

[74] *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03 Civ. 1548 (GDB) (AJP), 2008 WL 4613752, at *18 (S.D.N.Y. Oct. 17, 2008) (internal quotation, emphasis and citation omitted).

[75] Supporting Memorandum at 9-10.

[76] *Id.* at 10.

[77] *Id.* at 11.

who have meritorious claims. However, such a reach beyond the statutory language, or into carefully exercised inherent sanctions power is not merited against Biamp. By contrast, WideBand did not resist the request; the conduct of WideBand Defendants was the more grievous; and the expert witness and forensic computer work was central to refuting WideBand's assertions of innocent competition. The expert witness and computer forensic fees will be assessed against WideBand. As is confirmed by WideBand Defendants conduct subsequent to entry of judgment,[78] WideBand Defendants have been guilty throughout this litigation of the "bad faith and vexatious litigation conduct"[79] that justifies imposition of expert witness fees, including the Global Digital Forensics fees, under the court's inherent powers.

---

[78] Memorandum Decision and Order of Contempt, docket no. 2009, filed November 19, 2009.

[79] *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc*., 549 F.3d 1381, 1391 (Fed. Cir. 2008).

## SUMMARY

In summary, Biamp's requests and the court's rulings are:

|  | Common Fees and Expenses | | |
| --- | --- | --- | --- |
| Item | Biamp Proposed | Reduction By Court | Added to Wideband |
| A. Fees Related to Defendant Harman | $29,230 | $13,290 | $13,290 |
| B. Preliminary Injunction Fees | $70,408 | $0 | |
|    BMG Firm - Preliminary Injunction | $6,038 | $0 | |
| C. Motions to Compel | $55,829 | $48,357 | $48,357 |
| D. Motion for Sanctions | $11,798 | $0 | |
| E. Search Protocol Disputes | $38,325 | $0 | |
| F. Temporary Restraining Order | $3,743 | $1,872 | $1,871 |
| G. Discovery After Deadline | $28,647 | $0 | |
| H. Other | $23,159 | $11,580 | $11,580 |
| TOTAL | $267,177 | $75,098 | $75,098 |
| *Allegedly Arbitrary Allocations* | | | |
| I. Magleby Greenwood | $354,569 | $0 | |
| J. Burbidge Mitchell Gross | $3,325 | $0 | |
| | $357,894 | | |
| *Expert Witness Fees* | | | |
| Makovicka | $205,412 | $205,412 | $205,412 |
| Hoffman | $61,908 | $61,908 | $61,908 |
| *Non-Taxable Costs* | | | |
| Office Expenses | $56,048 | $0 | |
| Computer Forensic Fees | $111,474 | $111,474 | $111,474 |
| TOTAL | $1,059,913 | $453,893 | $453,893 |

The final result of the court's decisions and the awards of fees and expenses is as follows:

| | Attorneys' Fees | | | Expert Witness Expenses | | Expenses | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Total Attorneys' Fees Claimed | Court's Modifications | Net Attorneys' Fees | Makovicka | Hoffman | Pretrial & Trial | Post-trial | TOTAL |
| All Defendants | $1,002,929.90 | -$75,098.00 | $927,831.90 | | | $56,048.00 | | $983,879.90 |
| Biamp Only | $118,025.00 | | $118,025.00 | | | | | $118,025.00 |
| Wideband Def's Only | $439,876.00 | $75,098.00 | $514,974.00 | $205,413.20 | $61,907.87 | $111,474.00 | $13,876.80 | $907,645.87 |
| TOTAL | $1,560,830.90 | $0.00 | $1,560,830.90 | $205,413.20 | $61,907.87 | $167,521.56 | $13,876.80 | $2,009,550.33 |

## ORDER

IT IS HEREBY ORDERED that the Plaintiff's Motion for Award of Attorneys' Fees and Related Nontaxable Expenses[80] is GRANTED IN PART.

IT IS HEREBY ORDERED that:

1. Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., Versatile DSP, Inc. and Biamp Systems Corporation are jointly and severally liable to ClearOne for the sum of $983,879.90;

2. Biamp Systems Corporation is liable to ClearOne for the sum of $118,025.00; and

3. Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., Versatile DSP, Inc. are jointly and severally liable to ClearOne for the sum of $907,645.87.

Dated this 30th day of December, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[80] Motion for Award of Attorneys' Fees and Related Nontaxable Expenses, docket no. 1590, filed May 12, 2009.