IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CHIANG; JUN YANG; LONNY BOWERS; WIDEBAND SOLUTIONS, INC. (a Massachusetts corporation); VERSATILE DSP, INC.; and BIAMP SYSTEMS CORPORATION,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:07-CV-37-TC |

In this trade secret misappropriation case, Plaintiff ClearOne Communications, Inc. ("ClearOne") obtained a favorable jury verdict that found the Defendants had willfully and maliciously misappropriated ClearOne's trade secret, in violation of the Utah Uniform Trade Secrets Act (UUTSA). As the prevailing party, ClearOne filed a series of motions for awards of attorneys' fees and costs.

United States Magistrate Judge David Nuffer handled those matters based on a referral from the court under 28 U.S.C. § 636. He issued three separate post-trial orders awarding attorneys' fees and costs to ClearOne: the December 30, 2009 Order; the January 19, 2010 Order; and the February 3, 2010 Order.

Each order has been objected to by various parties.[1] The court has reviewed the parties' original briefs filed with Judge Nuffer (including the sealed Declaration of James Magleby with supporting documentation), Judge Nuffer's orders, the parties' objections, and relevant legal authority.

Based on a review of the above-listed documents, the court concludes that Magistrate Judge Nuffer's orders were correctly decided, and so the court overrules the parties' objections. Specifically, the court treats the December 30, 2009 decision of Magistrate Judge Nuffer as a Report and Recommendation (R&R), hereby adopts the R&R as the court's own order (supplemented by the analysis below), and affirms the January 19, 2010, and February 3, 2010 orders.

## BACKGROUND

**December 30, 2009 Order**

On December 30, 2009, Judge Nuffer issued a Memorandum Decision and Order Granting in Part ClearOne's Motion for Award of Attorneys' Fees and Related Nontaxable Expenses. (See Docket No. 2052 (granting Docket No. 1590).) In it, he ordered that:

a. Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., Versatile DSP, Inc. and Biamp Systems Corporation are jointly and severally liable to ClearOne for the sum of $983,879.90;

b. Biamp Systems Corporation is liable to ClearOne for the sum of $118,025.00; and

---

[1]Biamp and the WideBand Defendants (collectively Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., and Versatile DSP, Inc.) have requested a hearing. The court is already very familiar with this case and has reviewed the objections, original briefs, and the three orders at issue. The court finds that a hearing would not materially assist it in making a decision in this matter. Instead, the court will decide the matter based on the briefs. The requests for hearing are denied.

> c. Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc., [and] Versatile DSP, Inc. [collectively, the "WideBand Defendants"] are jointly and severally liable to ClearOne for the sum of $907,645.87.

(Docket No. 2052 at 1.)

The basis for the Magistrate Judge's award of attorneys' fees and costs was threefold. First, he relied on authority under the Utah Uniform Trade Secrets Act (UUTSA), which provides that "the court may award reasonable attorneys' fees to the prevailing party" if willful or malicious misappropriation of a trade secret is established (as the jury found here). See Utah Code Ann. § 13-24-5 (titled "Attorneys' fees"). Second, Judge Nuffer relied on the court's inherent authority to award certain fees and costs. And third, Judge Nuffer relied on authority under the discovery rules.

The deadline for filing an objection to Judge Nuffer's First Order was January 19, 2010. See Fed. R. Civ. P. 72 (Dec. 1, 2009) (requiring party to file objections within fourteen days after being served with a copy of the magistrate's ruling); Fed. R. Civ. P. 6(a)(1)(C), (d) (adding three days to filing deadline if motion was served electronically, as it was here, and requiring last day (if excluded because it falls on a Saturday, Sunday, or legal holiday), to fall on the next day that is not a Saturday, Sunday, or legal holiday, such as Martin Luther King, Jr. Day).

Biamp and the WideBand Defendants filed timely objections.[2] (Docket Nos. 2082,

---

[2] ClearOne contends that the WideBand Defendants' objection, which was filed on January 14, 2010, was untimely under Rule 72 because it was filed fifteen (rather than fourteen) days after issuance of the order. Based on that contention, ClearOne moves to strike the WideBand Defendants' objection. Because the WideBand Defendants are allowed the three-day extension under Rule 6(d), their objection was timely filed. Accordingly, ClearOne's Motion to Strike (Docket No. 2088) is DENIED.

3

2084.) ClearOne filed a timely "Limited Objection." (Docket No. 2081.)[3]

**January 19, 2010 Order**

After the automatic stay was lifted in interested party Donald Bowers' bankruptcy matter,[4] Judge Nuffer issued a January 19, 2010 Memorandum Decision and Order Awarding Attorneys' Fees and Costs Against Donald Bowers (Docket No. 2087). Specifically, ClearOne was awarded $57,188.61 to cover costs and fees reasonably incurred during contempt proceedings against Donald Bowers. (The court found Donald Bowers in contempt on September 3, 2009. (See Docket No 1903.).) Donald Bowers filed a timely objection (Docket No. 2108).

**February 3, 2010 Order**

On February 3, 2010, Judge Nuffer issued an Order requiring the WideBand Defendants to pay ClearOne $12,000.00 in forensic expert fees and costs incurred by ClearOne after Judge Nuffer issued a discovery order last year on February 24, 2009, setting forth a procedure by which the WideBand Defendants would "divest themselves of information and related computer code." (See Docket No. 2109.) The WideBand Defendants filed a timely objection. (Docket No. 2111.)

## ANALYSIS

**Standard of Review**

The standard of review of the December 30, 2009 Order is at issue.

---

[3]Biamp filed a motion to strike ClearOne's notice and submission of a proposed order (Docket No. 2094). Given the court's ruling on the standard of review and on ClearOne's Limited Objection, Biamp's motion (Docket No. 2100) is DENIED AS MOOT.

[4]See ClearOne Dec. 29, 2009 Notice of Filing: Bankruptcy Court's Order Granting Plaintiff Relief From the Automatic Stay to Prosecute Pending Action Against Donald Bowers (Docket No. 2048).

If an order is issued under an "A" referral (i.e., if the order is nondispositive)[5], the standard of review is highly deferential and the district court should only reverse the magistrate judge's decision if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). See also Fed. R. Civ. P. 72(a) (addressing "nondispositive matters" and providing that, upon objection under Rule 72, a district judge must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 874 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

Under a "B" referral, the magistrate addresses dispositive matters and issues a report and recommendation (R&R) rather than an order. See 28 U.S.C. § 636(b)(1)(B). Upon objection to the R&R, the district court gives no deference to the magistrate judge's findings and, instead, "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). "In order to conduct a *de novo* review a court should make an independent determination of the issues . . .; [it] is not to give any special weight to the [prior] determination . . . ." Ocelot Oil, 847 F.2d at 1464 (internal quotations and

---

[5]Although the statute lists eight matters that are dispositive as a matter of law and so not within the authority of the magistrate judge (e.g., motion for injunctive relief, dismissal, or summary judgment), the courts have interpreted § 636(b)(1)(A) to apply to any nondispositive matter regardless of title. See, e.g., Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462-63 (10th Cir. 1988) (rejecting labels and applying common sense approach to determining which standard of review to apply). Similarly, Rule 72, the statute's counterpart, focuses not on the title of the motion but rather on the effect of the order (i.e., was it dispositive or nondispositive of a party's defense or claim).

citations omitted; alterations in original).

All of Judge Nuffer's orders were issued under an "A" referral. (See May 13, 2009 Docket Text Order (Docket No.1592) ("Re-referring case to Magistrate Judge David Nuffer under 28:636(b)(1)(A), Magistrate to hear and determine all non dispositive post trial motions.") (emphasis added).) But Biamp contends that Judge Nuffer's First Order was dispositive because it ordered payment of attorneys' fees and costs under the Utah trade secret statute, a matter which was post-trial and not related to pre-trial discovery or sanctions under Rule 37 (issues typically considered nondispositive and so appropriate for resolution by magistrate judges under an "A" referral). Accordingly, Biamp insists that the district court review the First Order under the *de novo*, rather than the "clearly erroneous," standard of review.[6]

There is no clear reported precedent in the Tenth Circuit on this issue. "Whether attorney fee applications are analogous to the pretrial motions contemplated by § 636(b)(1)(A) so as to make them reviewable under the clearly erroneous standard is an unanswered question in the Tenth Circuit." Pettyjohn v. Sullivan, 801 F. Supp. 503, 504 (W.D. Okla. 1992), rev'd on other grounds sub nom, Pettyjohn v. Shalala, 23 F.3d 1572 (10th Cir. 1994)). But see Insurance Co. of

---

[6]Although the referral was under § 636(b)(1)(A), it could have been referred under 28 U.S.C. § 636(b)(3) ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."). See Pettyjohn v. Sullivan, 801 F. Supp. 503, 505-06 (W.D. Okla. 1992), rev'd on other grounds sub nom, Pettyjohn v. Shalala, 23 F.3d 1572 (10th Cir. 1994))(noting that post-trial motions for attorneys' fees by prevailing party should not be considered under § 636(b)(1)(A), which is limited to pre-trial matters, but rather under § 636(b)(3)); see also 12 Wright & Miller, Fed. Practice & Procedure § 3068.2 (2009) (noting that courts have borrowed the dispositive/nondispositive distinction and review procedures when matter was referred under § 636(b)(3)). The relevant query, when deciding which standard of review applies, is not which statutory section was cited in the referral order but rather whether the decision was dispositive or nondispositive.

6

N. America v. Bath, 968 F.2d 20 (Table), 1992 WL 113746 at **2 (10th Cir. May 27, 1992) (unpublished) ("A motion for attorney's fees, even if post-judgment, should be considered a dispositive motion triggering the procedure and standard of review found at 28 U.S.C. § 636(b)(1)."); Fed. R. Civ. P. 54(d)(2)(D) (court "may refer [post-judgment] motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

Given the unclear law in this Circuit, the court, without reaching the issue, applies the *de novo* standard of review to the December 30, 2009 Order because application of either standard results in the same conclusion (that Judge Nuffer's ruling was correct and will not be altered). Under the *de novo* standard, the court may not simply review the report and recommendation but instead must review the evidence in the record and make an independent determination. See, e.g., Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The other orders are not subject to the same objection and, as discussed below, are reviewed under the "clearly erroneous" or "contrary to law" standard.

**December 30, 2009 Order**

As discussed above, the court hereby applies the *de novo* standard of review to the December 30, 2009 Order.

<u>Biamp's Objections</u>

Biamp objects to the December 30, 2009 Order, contending that no attorneys' fees should have been awarded to ClearOne because (a) this is not an exceptional case justifying any award of attorneys' fees, (b) ClearOne did not satisfy its burden of proof, and (c) ClearOne did not

7

prevail on all of the claims so the award is excessive. Alternatively, Biamp maintains that the facts and law prohibit the court from awarding attorneys' fees on a joint and several basis.

*Nature of UUTSA Attorneys' Fee Provision*

According to Biamp, the UUTSA attorneys' fee provision was intended to be punitive. It follows, Biamp argues, that an award of fees here would be contrary to law and inequitable in light of the punitive damages already imposed on Biamp.

The court disagrees. The UUTSA attorneys' fees provision is not a mode to award punitive damages. As Judge Nuffer noted, the UUTSA "provides for recovery of both [attorneys' fees and punitive damages] in an appropriate case, and the facts of this case make both awards appropriate." (Dec. 30, 2009 Mem. Decision & Order (Docket No. 2052) at 8.) For the same reasons articulated by Judge Nuffer in his order, the court overrules Biamp's objection.

*"Exceptional Case" Requirement*

Biamp contends that under UUTSA § 13-24-5, attorneys' fees may only be awarded in an "exceptional case" and that the evidence here does not justify such a finding.

Biamp takes the term "exceptional" from patent law, a source that the Uniform Trade Secrets Act (UTSA) commentary identifies as relevant to interpretation of the UTSA attorneys' fee provision: "[P]atent law is followed in allowing the judge to determine whether attorney's fees should be awarded [under the UTSA] even if there is a jury, *compare* 35 U.S.C. Section 285 (1976) [parallel attorneys' fee provision in patent law]." Uniform Trade Secrets Act § 4 cmt. Because the Utah trade secrets statute adopted section 4 of the UTSA verbatim,[7] the commentary

---

[7]Compare UTSA § 4 to UUTSA § 13-24-5 (using same language in UTSA § 4).

is persuasive authority.

In patent law, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The UUTSA attorneys' fee provision does not contain the phrase "exceptional case." Instead, it provides that "[i]f . . . willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party." Utah Code Ann. § 13-24-5.

But even assuming the Utah statute was meant to award fees only in "exceptional" cases, this case qualifies. In patent law, a case is exceptional under limited circumstances, including when "willful infringement" exists (through clear and convincing evidence). Wedgetail, Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1304 (Fed. Cir. 2009); Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1579 (1996).

Here, the jury found willful and malicious misappropriation by clear and convincing evidence. (See Jury Instruction No. 28 (Docket No. 1285); Special Verdict Form (Docket No. 1286) at pp. 3-4.) In essence, the jury found (and the court will not disturb the verdict, as is apparent from the court's rulings on post-trial motions) that this is an exceptional case. Accordingly, Biamp's objection is overruled.

*ClearOne's Evidence and Burden of Proof*

Biamp maintains that ClearOne did not satisfy its burden of proof of the amount and reasonableness of its fees, and so the attorneys' fee request should have been denied. According to Biamp, ClearOne (a) submitted an improper, non-contemporaneous evidence allocating fees among the Defendants; (b) submitted records exhibiting improper "block billing," and (c) overall, did not present evidence sufficient to support the award. Biamp further contends that the

9

Magistrate Judge erred because he did not allocate between successful and unsuccessful claims, and improperly included in the award fees incurred for work on motions and proceedings that "had nothing to do with Biamp." (Biamp Objection at 15.) The court disagrees.

"An award of attorney fees must be based on evidence and supported by findings of fact." Cottonwood Mall Co. v. Sine, 830 P.2d 266, 268 (Utah 1992). "A party requesting an award of attorney fees has the burden of presenting evidence sufficient to support the award. Sufficient evidence should include the hours spent on the case, the hourly rate charged for those hours, and the usual and customary rates for such work." Salmon v. Davis County, 916 P.2d 890, 893 (Utah 1996) (internal citations omitted). ClearOne has met its burden through the Declaration of James Magleby and the accompanying exhibits.

Furthermore, the court is not persuaded by Biamp's complaint that the evidence is insufficient because it consists of "block billing" and non-contemporaneous allocation of fees by a person with no personal knowledge.

Block billing occurs when the documentation lumps multiple tasks into a single entry of time. Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214-15 (10th Cir. 2000); Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996) ("'Block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."). In the Tenth Circuit, there is no *per se* prohibition on block billing (i.e., it is not a definite basis to deny an attorneys' fee award request). Cadena, 224 F.3d at 1215. Moreover, the court is not convinced that ClearOne engaged in block billing. The detailed invoices (a very voluminous stack of documents), along with Mr. Magleby's sworn declaration that he and his colleagues

reviewed "all of the invoices <u>and related documents</u>, and allocated the fees and expenses incurred by ClearOne into different categories," (Docket No. 1595 at ¶ 9 (emphasis added)), is sufficient proof for the court.

Biamp also contends that ClearOne is not entitled to the fee award because ClearOne submitted allegedly inadmissible evidence of non-contemporaneous allocation of fees. Based on Mr. Magleby's sworn declaration that both he <u>and</u> his colleagues reviewed "all of the invoices and related documents, and allocated the fees and expenses incurred by ClearOne into different categories,"[8] and for the reasons set forth in ClearOne's Reply In Support of Motion for Award of Attorneys' Fees and Related Nontaxable Expenses (Docket No. 1710 at pp. 5-8), the court overrules Biamp's objection.

Given the complexity of the case, the contentious nature of the litigation, the length of time the case was litigated, and the detailed fee documentation submitted to the court (including a description of the nature of work performed by the attorneys, the number of hours spent to prosecute the claims, and evidence that the fees charged are reasonable in light of comparable legal services), the court finds that ClearOne has satisfied its burden.

*Prevailing Party Issue*

Biamp also objects to the fee award on the basis that it awards fees for claims on which ClearOne did not prevail. Specifically, Biamp contends that the magistrate judge should have allocated fees between successful and unsuccessful claims. The court disagrees.

> Where fee-bearing and non-fee bearing claims are based on essentially the same core set of facts, the fact that one of the theories will not support fee shifting (or is

---

[8] Docket No. 1595 at ¶ 9.

not successfully prosecuted) does not defeat recovery of fees where the party seeking recovery of fees prevails on the fee-bearing theory. Ramos v. Lamm, 713 F.2d 546, 556 (10th Cir. 1983). Plaintiffs' action should not be viewed as a series of discrete claims. Sinajini v. U.S., 233 F.3d 1236, 1237 (10th Cir. 2000). The court's focus is on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

Ellsworth v. Tuttle, 148 Fed. Appx. 653, 674 (10th Cir. 2005). See also Brown v. David K Richards & Co., 978 P.2d 470, 475 (Utah Ct. App. 1999) ("We have awarded fees to a prevailing party even though some of the fees may not have been incurred on strictly compensable issues, because proof of the compensable and non-compensable claims overlapped. . . . [W]here the proof of a compensable claim and otherwise non-compensable claim are closely related and require proof of the same facts, a successful party is entitled to recover its fees incurred in proving all of the related facts.").

The court agrees with Judge Nuffer, who correctly stated that

[t]he core facts in this case were established by substantial trial and preparatory work. These facts were largely common to all Defendants. Biamp's receipt of the WideBand product and the nature of that product were central to the case. Where appropriate, ClearOne has isolated effort allocable to certain Defendants. The fact that several claims were not tried or taken to judgment because they were "preempted" by the trade secret claim does not mean that some retroactive allocation of effort can divide the essential facts common to the various claims and thus reduce attorneys' fees. The court rejects Biamp's inference that mathematical division of causes of action in the complaint is a valid methodology to allocate attorneys' fees.

(Dec. 30, 2009 Mem. Decision & Order (Docket No. 2052) at 9-10 (internal citations omitted).)

For the foregoing reasons, Biamp's objection on this point is overruled.

*Joint and Several Liability*

Alternatively, Biamp contends that the joint and several award of attorneys' fees (i.e., $983,879.00 against Biamp and the WideBand Defendants) is contrary to law (i.e., punitive damages may not be imposed jointly and severally, and the fees are "fractionable" because the injury was divisible). Biamp also contends that the joint and several award of fees is factually inequitable because Biamp, a solvent corporation and purportedly "minor defendant,"[9] will by default pay the lion's share of the fee award because the ability of its co-defendants to pay any amount is questionable.

Despite Biamp's objection to the joint and several nature of the award, the court has not found any binding case law to support Biamp's position; instead, the court finds that the attorneys' fee provision of the UUTSA does not prohibit a joint and several award of attorneys' fees. Furthermore, because there is no justifiable method by which to divide the common fees, and because the defendants were found jointly and severally liable for damages (see the court's April 20, 2009 Order and Memorandum Decision), the circumstances and equities support such an award.

*Biamp's Categorical Fee Objections*

The court has reviewed Magistrate Judge Nuffer's order, the parties' briefs to Judge Nuffer and the parties' objections (including supporting documentation). Based on this review, the court finds that Magistrate Judge Nuffer conducted a thorough and careful analysis of the facts and law and that his analysis is legally and factually correct and equitable. Accordingly,

---

[9]Biamp's Objection at 9.

Biamp's objections are overruled.

### WideBand Defendants' Objection

Despite the fact that the WideBand Defendants' Objection was timely, they have waived their right to object to Judge Nuffer's Order. They did not respond to ClearOne's motion for attorneys' fees and costs when it was before Judge Nuffer. Consequently, they have waived any right to object. See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1467 (10th Cir. 1988) (holding that objecting party's "failure to [file opposition motion in response to motion for sanctions at the time it was addressed by magistrate judge] is a waiver of its right to be heard on the issue of the amount of attorney's fees."). But even if they did not waive their right to object, their objections fail on the merits.

The WideBand Defendants object to Magistrate Judge Nuffer's Order on multiple grounds. First, they contend that it was unfair to award fees and costs based on evidence that they were not allowed to review.[10] Second, they contend that the "lodestar" figure should be reduced by at least 33% because ClearOne did not achieve full success on the merits (i.e., they contend that ClearOne filed numerous causes of action but only succeeded on one, which pre-empted, for example, the breach of fiduciary duty claim). In the alternative, the WideBand Defendants request access to the sealed documents and a hearing on the issue of attorneys' fees and costs.

---

[10]The Declaration of James Magleby and supporting documentation were filed under seal because they were designated as "Highly Confidential," which, for reasons the court will not repeat here, means that neither the WideBand Defendants nor their out-of-state attorney, who has been admitted *pro hac vice*, may review the sealed documents. (See Order Re: Access to Information by Randolph Frails (Docket No. 1767).)

The WideBand Defendants' objections are without merit. First, if the WideBand Defendants wanted to have counsel review and properly challenge ClearOne's fee application, they could have used their Utah counsel to obtain access to, review, and respond to ClearOne's fee application. But Utah counsel for the WideBand Defendants has not signed the "Undertaking" to the Confidentiality Order, which, if signed, pledges that the signing party will abide by the terms of the Confidentiality Order. Nothing prevented WideBand Defendants and their Utah counsel from doing so. They simply did not take advantage of that option.

Second, their argument that ClearOne only partially prevailed fails for the same reasons set forth above concerning Biamp's objections. Accordingly, the court overrules the WideBand Defendants' objections (to the extent they have not already been waived). Judge Nuffer's conclusion is correct as a matter of law and fact.

ClearOne's Limited Objection

ClearOne objects to Judge Nuffer's ruling that Biamp is not liable for ClearOne's expert fees. ClearOne's objection is overruled for the reasons set forth below.

Non-taxable costs, such as ClearOne's expert fees, are not recoverable under the UUTSA. See UUTSA § 13-24-5 (adopting Uniform Trade Secrets Act § 4 verbatim); Uniform Trade Secrets Act § 4 cmt ("[P]atent law is followed in allowing the judge to determine whether attorney's fees should be awarded [under the UTSA] even if there is a jury, *compare* 35 U.S.C. Section 285 (1976) [parallel attorneys' fee provision in patent law]."); Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 377 (Fed. Cir. 1994) (holding that 35 U.S.C. § 285 allows for recovery of attorneys' fees but not expert witness fees) (citing West Va. Univ. Hosps. v. Casey, 499 U.S. 83, 95 (1991)).

The court may, however, award non-taxable costs by exercising the court's inherent authority. E.g., Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 765 (10th Cir. 1997). To do so, the court must find that Biamp's litigation behavior constituted bad faith.[11] Id. at 765-66.

Biamp vigorously defended its position throughout pre-trial, trial, and post-trial proceedings, but its conduct during the litigation was unremarkable, in the sense that Biamp did not engage in improper litigation tactics or behave contemptuously toward the court or other parties.[12] Accordingly, the court finds that the decision to deny ClearOne's request for non-taxable costs from Biamp was correct as a matter of fact and law.

**January 19, 2010 Order**

Because Magistrate Nuffer issued the order pursuant to the court's September 3, 2009 Order finding Donald Bowers in contempt, awarding fees and costs to ClearOne, and requiring the Magistrate to determine the reasonableness of the fees and adequacy of documentation, the court reviews it under the clearly erroneous standard of review.

Donald Bowers raises numerous objections to the Order.[13] He contends that (1) the fees

---

[11] The conduct that a court should consider is not the conduct that leads to a party's liability (e.g., willful and malicious misappropriation of a trade secret). Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 766 (10th Cir. 1997). Accordingly, ClearOne's reliance on evidence of Biamp's pre-complaint conduct and on the jury's finding of willful and malicious misappropriation is not relevant to the court's analysis.

[12] The same cannot be said of the WideBand Defendants. But the court need not reach the issue of whether to award non-taxable costs under the court's inherent power, because the WideBand Defendants did not object to Judge Nuffer's Order on that basis. And even if the WideBand Defendants had, the court agrees with Judge Nuffer that their behavior during litigation (documented on many fronts during this case) justifies the award under the court's inherent power.

[13] The court notes that Mr. Bowers did not respond to ClearOne's documentation until he filed the present objection. Given the circumstances (i.e., the bankruptcy stay, the timing of

16

are not reasonable and that the documentation was not in a proper format; (2) the fees should not be awarded because out-of-state counsel did not have access to highly confidential records supporting the fee request; (3) the fees should be reduced by at least thirty-three percent because only one of the parties subject to the order to show cause was found to be in contempt; and (4) the court does not have jurisdiction over Mr. Bowers.[14]

To begin, the court notes that the jurisdiction issue has already been decided and is on appeal. The court will not consider it here.

The remainder of Mr. Bowers' objections do not overcome the level of deference this court must give the magistrate's order. For that reason, and for the reasons articulated above in the court's ruling on similar objections raised by other parties, the court finds that Magistrate Judge Nuffer did not abuse his discretion when he issued the January 19, 2010 Order, and such Order is not clearly erroneous or contrary to law. Accordingly, Donald Bowers' objection is overruled.

**February 3, 2010 Order**

The WideBand Defendants object to Judge Nuffer's award to ClearOne of $12,000 in fees (for which the WideBand Defendants are jointly and severally liable).

The court has reviewed the February 3, 2010 order (applying the "clearly erroneous" standard of review) as well as the February 24, 2009 discovery order of Judge Nuffer and

---

ClearOne's submission of documentation, the date the order lifting the automatic stay became effective, and the date of Judge Nuffer's order), the court does not find that Mr. Bowers waived his right to object.

[14]Mr. Bowers also embedded in his objection what appears to be a motion for transfer based on the principle of forum non conveniens. Not only is his request procedurally improper and untimely, but it is also without merit.

ClearOne's Motion for Costs and Fees Against the WideBand Defendants for Work Performed In Connection With the Court's February 24, 2009 Order. The court concludes that Judge Nuffer committed no error warranting reversal or modification of the challenged order. Accordingly, the WideBand Defendants' objection is overruled.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The court treats Magistrate Judge Nuffer's December 30, 2009 decision (Docket No. 2052) as a Report and Recommendation (R&R), and hereby adopts the R&R as the court's own order. Biamp's Objection (Docket No. 2082), the WideBand Defendants' Objection (Docket No.2084), and ClearOne's Limited Objection (Docket No. 2081) are OVERRULED.

2. Magistrate Judge Nuffer's January 19, 2010 Order (Docket No. 2087) is AFFIRMED. Donald Bowers' Objection (Docket No. 2108) is OVERRULED.

3. Magistrate Judge Nuffer's February 3, 2010 Order (Docket No. 2109) is AFFIRMED. The WideBand Defendants' Objection (Docket No. 2111) is OVERRULED.

4. ClearOne's Motion to Strike (Docket No. 2088) is DENIED.

5. Biamp's Motion to Strike (Docket No. 2100) is DENIED AS MOOT.

DATED this 25th day of March, 2010.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge