| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH, CENTRAL DIVISION | |
| CLEARONE COMMUNICATIONS, INC.,<br>a Utah corporation,<br><br>       Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>       Defendants. | **ORDER GRANTING IN PART CLEAR ONE'S CROSS-MOTION TO COMPEL DONALD BOWERS'S COMPLIANCE WITH THE COURT'S OCTOBER 29, 2009 DISCOVERY ORDER**<br><br>Case No. 2:07-cv-037 TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Donald Bowers has clearly failed to make any good faith attempt to obtain and produce records as previously ordered by the Order Granting Motion to Conduct Discovery and for Disclosures (the "Discovery Order").[1] Mr. Bowers has taken the position that DialHD was a business which left no trace and he apparently wants the court to believe that anything that is electronically facilitated is invisible. Mr. Bowers does not state that he has made any significant effort to obtain copies of documents that he failed to maintain. Typical statements include:

- "These products are available on websites. No communications were necessary; you simply went on the web and bought them."[2]
- "THE [sic] DialHD website was the primary identifier of DialHD products."[3]

---

[1] Docket no. 1971, filed October 29, 2009.
[2] Interested Party Donald Bowers Supplemental Response to Discovery at 3, attached as Exhibit A to Response to Plaintiff's Cross Motion to Compel Compliance with the Court's 10/29/2009, Discovery Order, docket no. 2182, filed May 14, 2010.
[3] *Id.* at 9.

- "All communications were conducted via Skype."[4]
- "No shipping documents were retained. Packing slips were discarded upon receipt of any product. Product is prepaid and therefore no invoices are available."[5]
- "DialHD was a start-up company in its infancy. The main office in Georgia was closed. Subject parties had only began to operate and had not issued any stock certificates or appointed a board of directors."[6]
- "No lease agreements, everything is month to month."[7]
- "I have never received any purchase orders."[8]
- "Invoicing was done with a template. Each succeeding invoice would over-write previous invoice. That invoice was then sent to the customer."[9]
- "When a payment was received, a deposit was made. The deposited check went to bank. I do not have any of those checks or any copies of such checks."[10]

## ORDER

**IT IS HEREBY ORDERED that Clear One's Cross-Motion[11] to Compel Donald Bowers's Compliance with the Court's October 29, 2009 Discovery Order is GRANTED IN PART.**

**IT IS FURTHER ORDERED:**

1. **On or before Tuesday May 25, 2010**,
   a. Donald Bowers shall file a signed declaration stating whether he will be appearing personally at the hearing May 27, 2010, to, among other things, be subject to cross-examination on his disclosures.

2. **On or before Wednesday May 26, 2010**, Donald Bowers:
   a. shall produce a printed and native format copy of the invoice template, and last invoice, identified in his affidavit dated May 14, 2010;
   b. shall produce all records ordered to be produced in the October 29, 2009 Discovery Order, including:

---

[4] *Id.* at 11.
[5] *Id.* at 12.
[6] *Id.*
[7] *Id.* at 13.
[8] Affidavit of Donald Bowers ¶4, attached as Exhibit C to Response to Plaintiff's Cross Motion to Compel Compliance with the Court's 10/29/2009 , Discovery Order, docket no. 2182, filed May 14, 2010.
[9] *Id.* ¶5.
[10] *Id.* ¶6.
[11] Docket no. 2177, filed May 10, 2010.

   i. Sales records from customers or distributors, including the purchase orders from the customers, the invoices to the customers, and any other documents that reflect the products sold, and who to whom they were sold.
   ii. Deposit and other records from his bank(s), including the checks from the customers that were deposited into the bank.
   iii. E-mail and other communications, in particular any e-mail sent to or from WideBand Georgia and/or Dial HD, including any e-mail communications with Kelly Anton, Robert Gotch, Mark Zenick, and/or Lonny Bowers.
 c. A declaration stating the efforts which he has made to retrieve records ordered to be produced by this order and the October 29, 2009 Discovery Order, including copies of all requests and responses from persons or entities who would have possession of the records.

**Failure to comply with this order may be found to be a contempt of court, and/or result in significant penalties for any who fail to comply.**

Dated this 21st day of May, 2010.

              BY THE COURT

              _____
              David Nuffer
              U. S. Magistrate Judge