IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br><br>ANDREW CHIANG; JUN YANG; LONNY BOWERS; WIDEBAND SOLUTIONS, INC.; VERSATILE DSP, INC.; and BIAMP SYSTEMS CORPORATION, <br><br>　　　　　Defendants, and <br><br><br>DONALD BOWERS, <br><br>　　　　　Interested Third-Party. | **SECOND AMENDED PERMANENT INJUNCTION**[1] <br><br><br>Case No. 2:07-CV-37-TC |

　　　　Based on authority granted by the Utah Uniform Trade Secrets Act, Utah Code Ann. § 13-24-3 (2008), Federal Rule of Civil Procedure 65, evidence adduced during trial in the above-captioned matter, evidence adduced during the contempt hearings of July 31, 2009, November 9, 2009, and May 27, 2010, and other facts established in the record, the court hereby enters the following Second Amended Permanent Injunction against all of the Defendants in this case as well as interested third-party contemnor Donald Bowers. Specifically, the court ORDERS as follows:

---

　　　　[1]This injunction is amended to include Donald Bowers as one of the enjoined parties, as was set forth in the court's August 13, 2010 Civil Contempt Order & Memorandum Decision in this case.

## The WideBand Defendants and Donald Bowers

The WideBand Defendants—Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc. ("WideBand"), and Versatile DSP, Inc.— and third-party contemnor Donald Bowers (collectively "the parties") are hereby permanently enjoined from disclosing, using or transferring in any way the trade secret owned by Plaintiff ClearOne Communications, Inc., called the Honeybee Code (including its unique algorithms or sub-algorithms that are not in the public domain), whether in the form of source code, object code, or any other form, and any code or product substantially derived from the Honeybee Code.

The Honeybee Code (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and (b) is the combination of those characteristics and components of the Honeybee Code that are in the public domain, but which as a unified process, design and operation of which in unique combination is not generally known and differs significantly from other processes, designs or operations that are generally known.

Each of the parties is also permanently enjoined from disclosing, using, or transferring in any way the product development documentation for the Honeybee Code or any other documentation that reveals the contents of the Honeybee Code.

Because the following "Infringing Products" contain or are substantially derived from the Honeybee Code, they are also subject to the permanent injunction: the AEC2W object code licensed to Biamp Systems Corporation (the Biamp Code); the computer code licensed to

Harman Music Group, Inc. that was the subject of the October 30, 2007 Preliminary Injunction Order (the Harman Code); WideBand's FC101 product; WideBand's WC301 product; WideBand's WC301A product; WideBand's Simphonix product; DialHD, Inc.'s products sometimes identified as the "AEC4," the "Mix-4" or "Automixer," and the HD4551; and the Longoo ACON1001.

The restrictions listed above include, without limitation, a restriction upon any further marketing, selling, manufacturing, development, modification, duplication, or transport or delivery of technology containing the Honeybee Code or any product substantially derived from the Honeybee Code. These restrictions also include, without limitation, a restriction upon any further marketing, selling, delivery, and/or use of technology or products containing the Honeybee Code to service any past or existing customers.

The restrictions set forth immediately above apply not only to each of the WideBand Defendants and to Donald Bowers, but also to each of their agents, servants, officers, employees, entities, and those acting in concert with them (including, but not limited to, DialHD, Inc. and Longoo in China, as represented by the website www.longoocn.com), and/or those acting under their direction or control, to the fullest extent allowed by law.

**Defendant Biamp Systems Corporation**

Defendant Biamp Systems Corporation is hereby permanently enjoined from using, disclosing, or transferring the object code licensed to it by WideBand for use in its "AEC2W" cards (the "AEC2W Object Code"), including use of such code to service any past or existing customers. If Biamp discovers one or more copies of the AEC2W Object Code on its archived back-up media while in the process of restoring computer files after a catastrophic system failure,

Biamp shall destroy any such archived copies of the AEC2W Object Code and shall not restore such code to Biamp company computers.

The restrictions set forth immediately above apply not only to Biamp but also to its agents, servants, officers, employees, entities, and those acting in concert with them, and/or those acting under their direction or control, to the fullest extent allowed by law.

DATED this 13th day of August, 2010.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge