# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REGARDING HEARINGS NOVEMBER 22, 2010 and DECEMBER 1, 2010<br><br><br>Civil No. 2:07-cv-037 TC-DN<br><br>Honorable Tena Campbell<br><br>Magistrate David Nuffer |

A status conference and hearing was held on Monday, November 22, 2010, with the objectives of

1. creating a common understanding as to:

    a. what materials were seized pursuant to an order entered September 1, 2010 (the "Seizure Order")[1] and

    b. what analyses have been performed on such materials to date,

2. defining the process for moving forward in the most efficient and expeditious manner to:

    a. protect ClearOne Communication, Inc.'s "Confidential" and "Highly Confidential" information produced and or disclosed in this litigation, or information derived from this information (collectively, "Protected Information"), by divesting the same from Lonny Bowers and the other

---

[1] The Seizure Order was filed September 1, 2010 under seal as docket no. 2251 and a redacted version was filed October 8, 2010, as docket no. 2306.

                    WideBand Defendants[2] and related third parties;

      b.     protect any information in the seized materials which is the subject of attorney-client privilege held by Lonny Bowers and the other WideBand Defendants and/or Biamp; and

      c.     return to Lonny Bowers information contained in the seized materials which is not Protected Information.

James Magleby and Jennifer Fraser Parrish of Magleby & Greenwood P.C. appeared on behalf of Plaintiff. Jennifer Fitzgerald of Freeborn & Peters LLP appeared on behalf of Defendant Biamp Systems Corporation. Randolph Frails of Randolph Frails & Associates PC appeared on behalf of the WideBand Defendants and interested third parties David Sullivan and Dial HD, Inc.

At the hearing, counsel and the Court reviewed the November 3, 2010, Order Regarding Seized Property;[3] discussed the status of counsel in order to identify which of the WideBand Defendants and interested third parties are represented by Mr. Frails and which are currently unrepresented and appearing *pro se*; reviewed the Report of Deliveries[4] and discussed what materials submitted under seal may be unsealed; discussed the Seizure Reports[5] and in particular, the onsite inventories of the seized materials and how the same were created and how they relate to the evidence naming convention used by Computer Forensics Associates ("CFA"); received evidence and heard testimony from CFA's analyst, Donna Eno, including explanation of the status of the seized materials and the analysis results obtained from the media labeled CF8097-1-

---

[2] The WideBand Defendants are Defendants Lonny Bowers, Andrew Chiang, Jun Yang, WideBand Solutions, Inc., and Versatile DSP, Inc., collectively.

[3] Order Regarding Seized Property, docket no. 2338, filed November 3, 2010.

[4] Report of Deliveries Pursuant to Order Regarding Seized Property, Docket No. 2338, docket no. 2344, filed November 15, 2010.

[5] Notice of Report in Compliance with Paragraph 11 of the Amended Rule 65 Order Granting Ex Parte Order to Enforce Confidentiality Orders and Preserve Evidence (September 9 Report), docket no. 2256, filed September 9, 2010; Report in Compliance with Docket Text Order No. 2257 (September 17 Report), docket no. 2267, filed September 17, 2010.

Box_CD (as an example of how the Hit Reports were delivered by CFA to the Court and to ClearOne's counsel); discussed ClearOne's concerns and recommendations;[6] heard argument from Defendants' respective counsel regarding the outstanding motions for protection of privileged information;[7] discussed some of the materials claimed by Lonny Bowers to have been taken during the seizure;[8] and heard other argument and discussion from all of the parties on how to proceed.

### Identification of Seized Materials

When the seizure was made at the Office and Storage Unit, all items seized were inventoried and identified by the Computer Forensic Associates Case Number (CFA 8079) as well as a Location Letter ("O" for Office and "S" for Storage Unit), followed by an alphabetic designator corresponding to a label affixed to the seized material.[9] As ordered, a report and inventory was filed shortly after the seizure.

Later reports on the seizure have used these same designators and have updated the progress of the forensic examination.[10] The computers, hard drives, and other electronic media identified in items are presently held by Computer Forensics Associates, 237 North Second

---

[6] ClearOne's recommendations were principally the same as those contained in Recommendation of ClearOne Communications, Inc. for Handling Seized Property, Pursuant to Docket No. 2338 (ClearOne Recommendation), docket no. 2351, filed under seal November 16, 2010.

[7] [Biamps'] Emergency Motion for Access to Docket Items and Protection For Privileged Information Protected By the Common-Interest and/or Joint-Defense Privileges, docket no. 2258, filed September 10, 2010; Wideband Defendants and Interested Non-Party Litigants Emergency Motion for Access to Docket Items and Protection for Privileged Information Protected by the Common Interest, Work Product, and/or Joint Defense Privileges, docket no. 2280, filed September 24, 2010; and [Donald Bowers's] Motion for Protection of Privileged Information and Confidential Material[s] seized by ClearOne . . . , docket no. 2298, filed September 24, 2010.

[8] Included in the Affidavit of Lonny Bowers filed as docket no. 2297-1, attached as Exhibit A to Reply in Compliance with the Order set forth in Docket No. 2273 and to ClearOne's Statement, docket no. 2297, filed September 28, 2010.

[9] Inventory Listings at pages 9-12 of Exhibit A to September 9 Report.

[10] September 17 Report; Summary of Priority Hits and Files - ClearOne v. WideBand at 2, part of Exhibit A to Report of Deliveries, docket no. 2346, filed November 16, 2010.

Street, Hamilton, Montana 59840.[11] The paper documents seized are currently at Storage Solutions, c/o Jim Hartzell, 4545 Majestic Drive, Missoula, Montana, 59808.[12]

## Forensic Reporting

The protocols used have ensured that no original seized materials were altered or commingled in the forensic examination of the seized materials. Electronic stored media was accessed with write-blocker tools to prevent any modification of the data (including metadata) and images of the media were created. Forensic reporting was done from the media images. Paper documents were scanned and forensic reporting was done from images of the paper documents.

## Protected Information Found

Forensic reports using the limited key word search authorized by the Seizure Order (only designed to find materials used by Lonny Bowers in public filings)[13] have been conducted, but only limited review of the Priority Files has been conducted due to the suspected presence of privileged information in the Priority Files. However, from the limited review it is clear that Protected Information was in possession of Lonny Bowers.[14]

For example, on the Toshiba Laptop (CF8097-O-A-1) the limited keyword search revealed 421 files with potentially Protected Information. Only 18 of these files were reviewed but significant Protected Information was found.[15]

> Protected Information was also in plain view at the time of the seizure which was NOT within the scope of the keyword search terms. For example, during the inspection and seizure on September 2, 2010, at Mr. Bowers' office, a declaration

---

[11] Exhibit A to September 9 Report at 7.

[12] *Id.* at 8.

[13] Exhibit A to Seizure Order at 2-3.

[14] Summary of Review of CFA Reports-ClearOne v. WideBand, part of Exhibit A to Report of Deliveries (ClearOne Review), docket no. 2346, filed November 16, 2010.

[15] ClearOne Review at 1.

of ClearOne's Tracy Bathurst, clearly marked as "Confidential" and with additional hand writing denoting that the same was "Filed under Seal," was literally lying on Mr. Bowers' desk, right next to his computer:[16]



The fact that the forensic keyword search did not capture this document (due to the narrowness of the search) indicates that the scope of any future keyword searching would need to be considerably expanded to ensure isolation of Protected Material.

The forensic process has established that some of the seized materials are not Protected Information. These materials should be returned to Lonny Bowers.

**Further Forensic Work Needed**

As just noted, the forensic work to date is not adequate to identify all Protected Information in Lonny Bowers's possession because the keyword search was designed only to identify documents used publicly by Bowers in violation of the court's orders. It is apparent that much more Protected Information is in his possession. More keyword searching would be needed to identify more Protected Information and to segregate it from information which should be returned to Mr. Lonny Bowers.

---

[16] September 17 Report at 6-7.

In addition, the forensic work to date has not identified all Protected Information because many of the items seized, particularly those within the office area and in apparent areas of daily use, are encrypted and cannot be examined without reinstallation of the storage media in the appropriate computer; insertion of a key encryption disk (which appears to be in the seized materials as CF8097-O-R Bob, CF8097-O-R-1 UBCD, CF8097-O-S, CF8097-O-P, and CF8097-O-Q); and use of a login and/or password. Any such logins are not available except to Bowers.

The forensic work to date has been very expensive, costing nearly $150,000.[17] The seizure and imaging has been completed, but the cost of further forensic work would be considerable. Further forensic work would create delay in (a) isolating Protected Information and (b) returning other information to Lonny Bowers.

## Privilege Review and Protected Information

The process of isolating the Protected Information and protecting privilege is substantially complicated by the fact that no party in this case may perform an unfettered review of the documents and information seized because:

    a.    ClearOne should not have access to information which is subject to any privilege held by the WideBand Defendants and/or Biamp separately or jointly;

    b.    Biamp should not have access to information which is privileged by any privilege held by the WideBand Defendants; and

    c.    WideBand Defendants should not have access to Protected Information.

---

[17] ClearOne Recommendation at 2-3.

## Future Processing of Seized Information

ClearOne has suggested that Mr. Lonny Bowers be required to identify data he desires to receive to avoid extensive and expensive forensic work and the responsiveness and privilege review, and the logistical problem of such review. Donna Eno, from CFA, suggested that a directory of the data could enable Mr. Lonny Bowers to identify files which could be extracted and returned to him. Further information is needed to evaluate the viability of this option.

## Bowers's Claims of Wrongfully Taken Items

Lonny Bowers claims that considerable information which is not Protected Information was seized, including his passport, bank statements, personal tax returns and drafts of documents for legal cases he is pursuing.[18] These tangible materials would be in the boxes of papers seized. There are four cartons of materials seized, divided into six major segments:

> Box #1 A  "on Top of Corner Gray Cabinet"
> Box #1 B  "on Top of Corner Gray Cabinet"
> Box #2 "Top Drawer Corner Gray Cabinet"
> Box #3 "Bottom Drawer Gray Cabinet"
> Box #4 "Desk"
> Notebooks

Mr. Bowers also claims that $300 cash was in the sleeve of the iPad, which Mr. Frails indicated was Mr. Lonny Bowers top priority for return to him. This device is, however, not accessible by standard forensic tools and ClearOne indicates the sleeve was not seized.

Therefore, following the hearing, the magistrate judge directed the forensic expert to specify methods for examination of the ipad device,[19] and has inquired as to the best method to review the boxed material.[20] In a telephone hearing December 1, 2010, the magistrate judge determined that the boxes of tangible materials seized and CDs containing TIFF and PDF images

---

[18] Affidavit of Lonny Bowers at 3.

[19] Docket no. 2361, filed November 22, 2010.

[20] Minute Entry for Telephone Hearing, docket no. 2370, filed December 1, 2010.

with software-enabled access should be sent to the court for in camera review.[21]

## ORDER

After considering all of the filings, hearing argument and discussion from counsel for all of the parties, considering the Court's prior orders, and for good cause shown,

IT IS HEREBY ORDERED that:

1. The record should be clarified that Randolph Frails and Jeffery Silvestrini represent the WideBand Defendants in this matter, in addition to interested parties Dial HD, Inc. and David Sullivan, and the minute entry of the hearing held on May 27, 2010 and case information regarding service requirements for Lonny Bowers, Jun Yang, Andrew Chiang, and David Sullivan shall be corrected accordingly.

2. Mr. Frails's oral request at the hearing to withdraw as counsel for the individual WideBand Defendants and David Sullivan is denied, because the District Judge has ruled on a similar motion and no such motion was pending. Thus the request was beyond the scope of the hearing. However, Mr. Frails may file a new motion.

3. The September 14, 2009, Memorandum Decision and Order Granting Motion for Protective Order[22] (the "Frails Protective Order") prohibiting Mr. Frails from access to Protected Information remains in full force and effect. At the hearing, Mr. Frails did not dispute that the Frails Protective Order has remained in full force and effect since it was issued, and expressed a desire that the Protective Order continue to remain in full force and effect.

---

[21] *Id.*

[22] Memorandum decision and Order Granting Motion for Protective Order, docket no. 1923, filed September 14, 2009.

4. To enable as full a public record as possible without compromising Protected Information, the contents of the compact disk filed under seal as Exhibit A to the Report of Deliveries[23] may be made available for public access except for the "HIGHLY CONFIDENTIAL Memo to File re 9-2-2010 Seizure of L. Bowers Office_ClearOne v. WideBand.pdf" and the "JFP Audio File – ClearOne v. WideBand.wav" files, which are to remain under seal and to be treated by the parties as "Confidential" under the Confidentiality Order[24] entered in this matter. Because the files on the sealed compact disk have not been filed separately, because two of the files remain under seal, and because the disk contains file formats that cannot be traditionally filed (i.e., the .wav audio file), the disk shall remain in the Court's archive under seal, and ClearOne shall publicly file in PDF format, on or before December 10, 2010, the following unsealed documents contained on the sealed Exhibit A to the Report of Deliveries:

    a. A PDF document containing all photograph images contained in the folders labeled "9-2-10 CT Pictures (CFA)," "9-2-10 CT Pictures (JEM)," and "9-2-10 CT Pictures (JFP);"

    b. "Explanation of CFA Files-ClearOne v. WideBand.pdf;"

    c. "REDACTED Computer Forensics Reports – ClearOne v. WideBand.pdf;"

    d. "Summary of Priority Hits and Files-ClearOne v. WideBand.pdf;" and

    e. "Summary of Review of CFA Reports-ClearOne v. WideBand.pdf."

5. CFA shall, within a reasonable time, return the following seized materials to the office of Mr. Lonny Bowers's counsel of record, Mr. Frails, at 211 Pleasant Home Road, Suite A-1, Augusta, Georgia 30907, via Federal Express, UPS, or other reliable courier:

---

[23] Sealed Exhibit A to Notice of Report of Deliveries, docket no. 2346.
[24] Order Granting in Part Motion for Protective Order, docket no. 74, filed March 9, 2007.

a. The compact disks labeled as
   (i) "CF8097-1-Box_CD;"
   (ii) "CF8097-O-Y;"
   (iii) "CF8097-O-AF;"
   (iv) "CF8097-O-AG;"
   (v) "CF8097-O-AH;"
   (vi) "CF8097-O-AK;" and
   (vii) "CF8097-O-AT;"

b. The laptop hard drive labeled as "CF8097-S-B-1;" and

c. The hard drive labeled as "CF8097-S-C-1."

6. ClearOne's counsel shall file with the Court an updated version of the summary spreadsheet of the seized materials found on the second and third pages of Hearing Exhibit 5, including by adding computer names, a legend for the color code used, and identifying returned items, on or before December 10, 2010.

7. ClearOne's counsel shall not perform any further review of the Hit Reports received from CFA until further order of the Court.

8. Donna Eno of CFA shall provide an affidavit to the Court as to the current state and location of the computers and associated hard drives seized pursuant to the Seizure Order on or before December 10, 2010, and the steps necessary to restore the drives to the computers and access the encrypted information, including information needed such login and/or password information or association of encryption CDs with specific computers.

9. Ms. Eno shall also provide the Court, on or before December 10, 2010, an outline of the capabilities available create directory listings of the electronic data seized to allow Mr. Lonny Bowers the opportunity to tag data and information on a directory listing (showing source location, file name, file type, etc.) in order to allow him to designate potential files and information from the seized materials for return and to designate items which might contain privileged information and Protected Information. In addition, Ms. Eno shall also include a

description of the work and costs associated with the creation of such directory listings for Mr. Lonny Bowers.

10. Computer Forensic Associates shall send the cartons of papers and associated CD images to the magistrate judge for in camera review.

11. Any person having knowledge of the seizure of the iPad shall file a declaration describing any sleeve or case and whether it was seized.

Dated December 2, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge