IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | THIRD ORDER REGARDING REVIEW PROTOCOL FOR SEIZED ELECTRONIC MEDIA<br><br><br>Civil No. 2:07-cv-037 TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

    The magistrate judge is continuing review of the electronic material seized pursuant to an order entered September 1, 2010 (the Seizure Order).[1] The purpose of the review is to remove all of ClearOne Communication, Inc.'s Confidential and Highly Confidential information (Protected Information) found in that media and return the balance of the data to Mr. Lonny Bowers from whose possession it was seized.

    Two prior orders[2] on this subject have issued which should be read to understand this order in context. Essentially, the magistrate judge is seeking to determine the best way to review the electronic media. The sheer volume of this material is very daunting. At this stage, there has been no determination that Protected Information does or does not reside in any of the media.

---

[1] The Seizure Order was filed September 1, 2010 under seal as docket no. 2251 and a redacted version was filed October 8, 2010, as docket no. 2306.

[2] Order Regarding Review Protocol for Seized Electronic Data (First Media Protocol Order 2419), docket no. 2419, filed February 8, 2011; Second Order Regarding Review Protocol for Seized Electronic Data (Second Media Protocol Order 2436), docket no. 2436, filed February 16 2011.

The review of the paper documents has concluded, finding that about 7.5% of the documents seized were Protected Information.[3] The other papers are available for return to Wideband Defendants through Mr. Silvestrini.[4] Somehow, the electronic media needs to be brought to the same point, and as yet ClearOne has not demonstrated a clear procedure. ClearOne has shown that the forensic work to date has been very expensive and that the keyword searching has been inconclusive.[5] As an alternative, the magistrate judge is examining the use of the Excel spreadsheet tool. The current investigation of the Excel spreadsheet tool is drawing to a close. A clear, feasible protocol needs to be established.

In First Media Protocol Order 2419, the magistrate judge directed that counsel for WideBand Defendants review certain directory materials related to an imaged hard drive. The materials included a massive Excel spreadsheet directory prepared by Computer Forensics Associates;[6] a subsidiary Excel spreadsheet containing a limited extract from the directory of the hard drive; and two summary excerpt sheets in PDF format, one listing documents on the hard drive in Microsoft Word (DOC and DOCX) format and the other listing documents on the hard drive in Adobe PDF format.[7] Counsel for Wideband Defendants were directed to respond to the proposed use of these materials to separate Protected Information from other information, and advised that the magistrate judge intended to delivery "materials (possibly including the Excel spreadsheet, excerpt sheets and subsidiary Excel spreadsheet) to ClearOne for its review and

---

[3] Page Count of Documents Retained by Court After Final Review at 8, attached to Order Regarding ClearOne Communication, Inc.'s, Objections after Review of Seized Boxes of Papers and Order Returning Seized Papers . . . at 2, docket no. 2432, filed February 11, 2011.

[4] Order Regarding ClearOne Communication, Inc.'s, Objections after Review of Seized Boxes of Papers and Order Returning Seized Papers . . . at 2, docket no. 2432, filed February 11, 2011.

[5] Recommendation of ClearOne Communications, Inc. for Handling Seized Property at 2-3, filed under seal November 16, 2010, docket no. 2351.

[6] Email Donna Eno to David Nuffer, January 28, 2011, filed February 8, 2011 as docket no. 2418.

[7] These were accessed via instructions contained in an email from the magistrate judge to counsel dated February 8, 2011 lodged as docket no. 2420.

similar responses."[8]  Counsel for Wideband Defendants were specifically advised to review "what file types or file locations could be used in a narrowed file review in a search for Protected Information and which file locations or directories should not be subject to examination by ClearOne."[9]

A telephone hearing was held Thursday February 16, 2011[10] where representatives of Computer Forensics Associates answered questions from the magistrate judge and counsel regarding the electronic media and the Excel spreadsheet, subsidiary Excel spreadsheet, and PDF summary excerpt sheets.

Both counsel for Wideband Defendants (Jeffery Silvestrini[11] and Randolph Frails[12]) filed responses.  Mr. Silvestrini's response stated that the massive spreadsheet was so large that meaningful review was impossible.[13]  This is consistent with the sense of the magistrate judge that led to creation of the subsidiary Excel spreadsheet and PDF excerpt summary sheets.  Mr. Silvestrini stated that he could not "determine which documents may be privileged or private" from the information in the subsidiary Excel spreadsheet.[14]  He filed a list of specific documents which might be privileged or private[15] and objected "to releasing the electronic files referenced in the spreadsheet to any other party."[16]

---

[8] First Media Protocol Order 2419 at 5.

[9] *Id.*

[10] Minute Entry, docket no. 2435 filed February 16, 2011.

[11] Wideband Defendants' Amended Objections to the Spreadsheet Provided by the Court on February 8, 2011 (Response 2439); docket no. 2439, filed February 18, 2011 (amending Wideband Defendants' Objections to the Excerpted Spreadsheet Provided by the Court on February 8, 2011; docket no. 2434, filed February 16, 2011);

[12] Defendants' Response to Order Regarding Review Protocol for Seized Electronic Media (Response 2440), docket no. 2440, filed February 18, 2011.

[13] Response 2439 at 2.

[14] *Id.* at 3.

[15] Supplemental Exhibit A to Response 2439.

[16] Response 2439 at 2.

Mr. Frails's response stated many objections of a general nature,[17] but also specifically responded to the First Media Protocol Order 2419. He "concluded that it is possible that tools similar to the excerpt and subsidiary sheets might be able to facilitate segregation of items which do and do not contain "protected information.""[18] He also said that "Defendants also cannot arrive at any other suggestions for review of the electronic media."[19]

Since Wideband Defendants have stated no objection to providing the Excel spreadsheet, subsidiary Excel spreadsheet and PDF summary excerpt sheets to other counsel, those items will be provided to counsel for ClearOne and Biamp for their comments on use of the Excel spreadsheet tool or derivatives, as well as the best recommended procedure for segregation of Protected Information from the media.[20] Consistent with Mr. Silvestrini's response the magistrate judge will not at this time "releas[e] the electronic files referenced in the spreadsheet to any other party."[21]

---

[17] Response 2440 at 2-11.

[18] *Id.* at 11.

[19] *Id.* at 12.

[20] As was done for counsel for Wideband Defendants (docket no. 2420), the magistrate judge will email counsel for ClearOne and Biamp instructions for access to the Excel spreadsheet, excerpt sheets and subsidiary Excel spreadsheet.

[21] Response 2439 at 2.

**ORDER**

THEREFORE IT IS HEREBY ORDERED that on or before March 4, 2011 counsel for Biamp and ClearOne shall:[22]

a. review the Excel spreadsheet to assess what file types or file locations could be used in a narrowed file review or which file locations or directories could be used in a narrowed file review in a search for Protected Information;

b. review the subsidiary Excel spreadsheet and PDF excerpt sheets to determine whether similar tools can better allow segregation of items which do and do not contain Protected Information;

c. other suggestions for review of the electronic media; and

d. file a response to the preceding subparagraphs.

Dated February 22, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[22] The magistrate judge will send counsel for Biamp and ClearOne the PDF excerpt sheets and subsidiary Excel spreadsheet.