# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>Defendants. | MEMORANDUM DECISION and ORDER GRANTING MOTIONS RELATED TO SEALED DOCKET ENTRIES<br><br>Civil No. 2:07-cv-037 TC-DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

WideBand Defendants,[1] Biamp Systems Corporation (Biamp) and Interested Party Donald Bowers have made various requests to access the sealed docket entries in this case.[2] Many "court user only" entries have not appeared on the public docket because they are administrative in nature (such as information on service by mail or email, transcript orders, or notes about docket corrections), make the public docket harder to read, and result in added PACER charges for persons downloading the public docket. On November 3, 2010, the

---

[1] The WideBand Defendants are Defendants Lonny Bowers, Andrew Chiang, Jun Yang, WideBand Solutions, Inc., and Versatile DSP, Inc., collectively.

[2] *See* Biamp Systems Corporation, Inc.'s Emergency Motion for Access to Docket Items and Protection for Information Protected by the Common-Interest and /or Joint-Defense Privileges, docket no. 2258, filed Sept. 10, 2010; WideBand Defendants' and Interested Non-Party Litigants/ Emergency Motion for Access to Docket Items and Protection for Information Protected by the Common Interest, Work Product and/or Joint Defense Privileges, docket no. 2280, filed Sept. 24, 2010; Biamp Systems Corporation, Inc.'s Motion for Clarification Regarding Order Regarding Sealed Documents [Docket No. 2339] (Motion for Clarification), docket no. 2340, filed Nov. 11, 2010; Emergency Motion for Access to "Court Only User Docket" (Motion for Access 2454), docket no. 2454, filed Mar. 3, 2011; Emergency Motion for Access to "Court Only User Docket" (Motion for Access 2463), docket no. 2463, filed Mar. 11, 2011.

magistrate judge issued an order[3] explaining that some documents related to the Seizure Order[4] were filed under seal because they contained information protected under the Confidentiality Order[5] and that later, redacted versions of the sealed documents were filed. The order went on to unseal other sealed docket entries and documents related to the Seizure Order.[6]

Subsequently, Biamp moved for clarification of the Order Regarding Sealed Documents seeking to gain access to all past docket entries and all docket entries "on a go-forward basis."[7] The magistrate judge took the motion for clarification under advisement and emailed a print-out of the entries listed in Biamp's motion "to counsel for the parties who have access to attorneys' eyes only information."[8] After reviewing this information, Biamp filed a supplemental memorandum asking the court to "fully populate the docket in this case."[9] Plaintiff ClearOne objects to fully populating the docket entries because many of "the docket entries indicate that the underlying documents contain information protected by the Confidentiality Order in this case."[10] But ClearOne states that it "has no objection to Biamp having access to these docket

---

[3] Order Regarding Sealed Documents, docket no. 2339, filed Nov. 3, 2010.

[4] Seizure Order, docket no. 2251, filed under seal Sept. 1, 2010; docket no. 2306, redacted version filed Oct. 8, 2010.

[5] Confidentiality Order, docket no. 74, filed Mar. 9, 2007.

[6] *See* Order Regarding Sealed Documents at 3.

[7] Motion for Clarification at 3.

[8] Docket Text Order, docket no. 2426, filed Feb. 11, 2011; *see also* Memorandum Decision and Order Granting Motion for Protective Order, docket 1923, filed Sept. 14, 2009 (denying Attorney Frails access to protected information).

[9] Biamp Systems Corporation, Inc.'s Supplemental Memorandum in Support of Its Motions for Access to Missing Docket Items and Pursuant to Docket Order 2426 (Supplemental Memo) at 2, docket no. 2444, filed under seal on Feb. 25, 2011.

[10] Response to Biamp Systems Corporation's Supplemental Memorandum Pursuant to Docket Text Order No. 2426 (Response) at 2, docket no. 2459, filed Mar. 8, 2011 (citing Confidentiality Order, docket no. 74).

entries under a "Highly Confidential" or "attorneys' eyes only" designation – if the Court deems it appropriate."[11]

Biamp argues that the docket entries must be unsealed because "in even those limited situations where secrecy [of docket entries] has been permitted, a showing of absolute 'compelling reasons' for the secrecy is required."[12] Many of the documents in this case are sealed for "compelling reasons" because they contain protected, proprietary or trade secret information.[13] But according to the authority Biamp cites, the "compelling reasons" standard only applies to entries and documents that are related to dispositive motions, while a "good cause" showing is sufficient to seal other documents under Rule 26(c).[14] The *Kamakana* court stated that it had previously reasoned "that when a district court grants a protective order to seal documents during discovery, 'it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'"[15] There was "good cause" to seal the documents in this case that were filed under the confidentiality order.

Yet, after a complete review of the docket in this case,[16] the magistrate judge finds that making all the docket entries public would not reveal any protected information, except for one sealed minute entry, docket no. 277, which may contain proprietary information. Further, it appears there are means of ensuring trade secret and proprietary information is protected without sealing so many documents in their entirety.

---

[11] *Id.* (noting that it may not be appropriate for the court to release "Court Notes" or internal communications noted on the docket).

[12] *Id.* at 4 (citing *Kamakana v. City & County of Honolulu,* 447 F. 3d 1172, 1180 (9th Cir. 2006).

[13] *See id.* at 1179.

[14] *Id*. at 1179-80.

[15] *Id.* (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

[16] The docket in this case now contains over 2500 docket entries.

**ORDER**

IT IS HEREBY ORDERED that Biamp's Motion for Clarification[17] and WideBand Defendants' Emergency Motion for Access 2454[18] are GRANTED. The relief requested on this subject in Biamp's Emergency Motion for Access to Docket Items,[19] Donald Bowers's and WideBand Defendants' Emergency Motion for Access[20] (which is all that remains in those motions as the protection of private and privileged information has been accomplished) and WideBand Defendant's Motion for Joinder[21] is GRANTED. Donald Bowers's Motion for Access 2463[22] is GRANTED IN PART because the remainder of his requested relief is unsupported. WideBand Defendants' and Interested Non-Party Litigants' Motion to Expedite[23] is now MOOT.

IT IS FURTHER ORDERED that all the docket entries on this case docket except docket no. 277 will be made public after 14 days from the date of this order, unless any party objects as to a specified docket entry within that time, stating specific reasons the docket entry should not be part of the public docket. After reviewing any objections, the court will issue an order

---

[17] Biamp Systems Corporation, Inc.'s Motion for Clarification Regarding Order Regarding Sealed Documents [Docket No. 2339] (Motion for Clarification), docket no. 2340, filed Nov. 11, 2010.

[18] Emergency Motion for Access to "Court Only User Docket" (Motion for Access 2454), docket no. 2454, filed Mar. 3, 2011.

[19] Biamp Systems Corporation, Inc.'s Emergency Motion for Access to Docket Items and Protection for Information Protected by the Common-Interest and /or Joint-Defense Privileges, docket no. 2258, filed Sept. 10, 2010.

[20] WideBand Defendants' and Interested Non-Party Litigants/ Emergency Motion for Access to Docket Items and Protection for Information Protected by the Common Interest, Work Product and/or Joint Defense Privileges, docket no. 2280, filed Sept. 24, 2010.

[21] The WideBand Defendants' Notice of Joinder for Access to Hidden Docket Items, docket no. 2373, filed Dec. 8, 2010.

[22] Emergency Motion for Access to "Court Only User Docket" (Motion for Access 2463), docket no. 2463, filed Mar. 11, 2011.

[23] WideBand Defendants' and Interested Non-Party Litigants' Motion to Expedite Emergency Motion for Access to Docket Items and Protection for Information Protected by the Common Interest, Work Product and/or Joint Defense Privileges, docket no. 2281, filed Sept. 24, 2010.

unsealing docket entries. The documents associated with the currently sealed docket entries will, however, remain sealed at that time.

IT IS FURTHER ORDERED that any party which desires that a specific sealed document in this case file remain sealed must file within 60 days of this order, as to each such document, (a) a redacted version of such document attached to a "Notice of Filing Redacted Version of Sealed Document" identifying the sealed document to which the redacted version relates or (b) a statement of facts justifying that a specific document should remain sealed in its entirety and contains no content which can be made public. Those parties that are not electronic filers will provide the Notice and redacted version or statement of facts on a CD, in PDF format accompanied by a paper copy. Sixty days after entry of this order, the magistrate judge will enter an order unsealing documents in this case.

IT IS FURTHER ORDERED that from this date forward, any party that files a document designated to be filed under seal, must do so by providing it to the clerk on a CD in PDF format, accompanied by the paper copy. Registered electronic filers shall also electronically file on the public docket (a) a redacted version or (b) statement of facts justifying that the document should remain sealed in its entirety and contains no content which can be made public.

Dated June 13, 2011

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge