IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING CLEARONE ATTORNEYS' FEES AND COSTS INCURRED IN RELATION TO THE COURT'S CIVIL CONTEMPT ORDER AGAINST DONALD BOWERS**<br><br><br>Civil No. 2:07-cv-037 TC-DN<br>District Judge Tena Campbell<br>Magistrate Judge David Nuffer |

On August 13, 2010, District Judge Tena Campbell issued a Memorandum Decision and Order finding Donald Bowers in Contempt of Court (Contempt Order).[1] As part of the Contempt Order, Judge Campbell found that ClearOne was "entitled to receive its reasonable attorneys' fees and costs incurred in pursuing the latest order to show cause against Donald Bowers," and instructed ClearOne to submit and affidavit and documentation of the costs so that the Magistrate Judge could issue a ruling awarding the "costs and fees reasonably incurred in relation to the court's April 7, 2010 [Order to Show Cause]."[2]

---

[1] Civil Contempt Order and Memorandum Decision (Contempt Order), docket no. 2234, filed August 13, 2010.
[2] *Id*. at 24.

## Adjudication of Donald Bowers's Contempt

The court's April 7, 2010 Order to Show Cause[3] against Donald Bowers was heard May 27, 2010.[4] The purpose of the hearing was to determine whether Donald Bowers was in contempt of the court's prior orders. As to other defendants, an order finding contempt was entered November 19, 2009.[5] Donald Bowers's contempt was not adjudicated that day because he filed for bankruptcy September 17, 2009.[6] The bankruptcy stay was lifted December 29, 2009.[7] On May 27, 2010, the district judge determined Donald Bowers was in contempt and that he committed fraud on the court.[8] As noted, that same order directed ClearOne to submit its claim for fees incurred.

## Claim for Attorneys' Fees

ClearOne submitted the required documents to claim the fee award,[9] after which Donald Bowers filed an objection.[10] Donald Bowers argues that he cannot be jointly and severally liable, along with the WideBand defendants,[11] for the $184,506.52 attorneys' fees accrued in relation to the proceeding of November 19, 2009 because he was protected at that time by the automatic stay in his bankruptcy case[12] and did not participate in those proceedings.[13]

---

[3] Docket no. 2146, filed April 7, 2010.

[4] Minute Entry, docket no. 2209, filed May 27, 2010.

[5] Memorandum Decision and Order of Contempt, docket no. 2009, filed November 19, 2009.

[6] Opposition to Award of Attorneys' Fees and Costs (Opposition) at 2, docket no. 2300, filed September 28, 2010.

[7] *Id.*

[8] Contempt Order at 2-3.

[9] Declaration of Jennifer Fraser Parrish in Support of Award of Attorneys' Fees and Costs Incurred in Relation to the Court's April 7, 2010, Order to Show Cause Against Donald Bowers, docket no. 2266, filed September 17, 2010; and Exhibit B, docket no. 2270, filed under seal on September 17, 2010.

[10] Opposition.

[11] The WideBand Defendants are, collectively, Lonny Bowers, Jun Yang, Andrew Chiang, WideBand Solutions, Inc. (a Massachusetts corporation), and Versatile DSP, Inc.

[12] *See In re Donald D.* Bowers, Case no. 1:09-BK-12301 (Bankr. S.D. Ga. 2009).

[13] Opposition at 2.

However, much of the the attorneys' work leading up to the November 2009 proceeding occurred well before Donald Bowers filed for bankruptcy. And the development of evidence against the other contemnor defendants was fundamentally intertwined with adjudication of Donald Bowers's contempt. Judge Campbell clearly explained in her Contempt Order that "Donald Bowers [was] to answer for similar, if not the same, acts and behavior for which the court has already held that his co-conspirators are in contempt."[14] Judge Campbell explained further that

> Before Mr. Bowers filed for bankruptcy, the court found him in contempt for the separate, but related, post-verdict act of filing a UCC financing statement encumbering WideBand Massachusetts' assets. (See Sept. 3, 2009 Mem. Decision & Order of Contempt (Docket No. 1902).) In its order of contempt, the court required Donald Bowers to take actions to assure the court that no encumbrances on WideBand Massachusetts's assets existed and to pay ClearOne's attorneys' fees and costs. Instead of paying the fees and costs, Donald Bowers filed a personal bankruptcy petition in Georgia on September 17, 2009, the same day that ClearOne submitted its application for fees and costs awarded by the court for Donald Bowers's contempt. See In re Donald D. Bowers, Case No. 1:09-BK-12301 (United States Bankruptcy Court for the Southern District of Georgia). The automatic stay barred ClearOne from collecting on the contempt judgment for fees and costs and prevented the court's consideration of ClearOne's subsequent allegations that Donald Bowers was committing other contemptuous acts.[15]

The bankruptcy stay was just a brief interlude in ClearOne's concerted actions to obtain compliance with the court's orders. ClearOne's efforts before the bankruptcy was filed and in connection with the contempt order against the other defendants all are embraced in the disputed $184, 506.52 fees. Therefore, it is just that Donald Bowers is jointly and severally liable with the WideBand defendants for the 184, 506.52 in fees and costs incurred in connection with the November 19, 2009 order.

---

[14] Contempt Order at 4.

[15] *Id.* at 4 n.8.

After a complete review of the documentation submitted by ClearOne in this matter,[16] the magistrate judge finds that all the documented costs and fees were reasonably incurred "in bringing the actions for the contemnor [Donald Bowers] to the attention of the court and obtaining the relief granted."[17] Therefore the magistrate judge awards them in compliance with the order of the district judge.

## ORDER

IT IS HEREBY ORDERED that Donald Bowers is liable to ClearOne for costs and fees totaling $207,250.40, which includes:

1. $22,743.88 individually; plus

2. $184,506.52 jointly and severally with the WideBand Contemnors.[18]

Dated August 29, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[16] *See* docket nos. 2266 and 2270.

[17] Contempt Order at 35.

[18] *See* Memorandum Decision and Order Granting Award if Attorneys' Fees and Expenses, docket no. 2097, filed Janurary, 29, 2010.