IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>     Defendants. | MEMORANDUM DECISION and ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ACCESS TO TRANSCRIPT AND SEALED DOCUMENTS<br><br>Civil No. 2:07-cv-037 TC-DN<br><br>District Judge David Nuffer |

Interested Party Donald Bowers (Bowers) filed a motion for access to the transcript for the July 14, 2009 hearing and other sealed documents filed on the docket.[1]  ClearOne does not oppose allowing Bowers access to some of the identified sealed documents, but does oppose Bowers's "*unrestricted* access to the motion filed before the hearing (Docket No. 1742) and the hearing transcript itself, including because the motion contains, and the transcript may contain, the confidential and/or trade secret information of ClearOne."[2]

---

[1] Emergency Ex Parte Motion for Access to the Transcript for the July 14, 2009 Hearing Noted in Docket No. 2008 (Motion), docket no. 2685, filed Feb. 29, 2012.

[2] Partial Opposition to Donald Bowers' Emergency Ex Parte Motion for Access to the Transcript for the July 14,2009 Hearing Noted in Docket No. 2008 [2685] (Opposition), docket no. 2696, filed Mar. 14, 2012.

1.  **The July 14, 2009 Hearing Transcript**

ClearOne does not have the July 14, 2009 hearing transcript and therefore, is unable to determine if it includes any protected information.  Consequently, ClearOne does not object to Bowers requesting this transcript, "<u>so long as</u> ClearOne is first given the opportunity to review the transcript for its protected information, and if it does contain such information, to subsequently provide the transcript to Bowers in redacted form."[3]  Accordingly, Donald Bowers may request and purchase the transcript under the usual procedure and conditions for such requests.  But before that transcript is provided to Bowers or filed on the docket, it must first be provided to ClearOne to review and redact any protected information.  After review and redaction by ClearOne, only the redacted version of the transcript will be provided to Bowers and filed on the docket.

2.  **All Underlying Documents Related to the July 14, 2009 Hearing**

The only other documents related to the July 14, 2009 hearing are docket numbers 1739,[4] 1742,[5] and 1743.[6]  ClearOne does not object to unsealing the orders found at docket numbers 1739 and 1743, and those sealed orders will be unsealed.  But ClearOne does oppose completely unsealing the motion in docket number 1742 because it contains protected information and "discloses certain information related to the algorithms at issue in this case."[7]  However, ClearOne does not oppose allowing Bowers access to this document in redacted form.  Accordingly, the motion contained in docket number 1742 shall be redacted by ClearOne and filed unsealed in redacted form referencing the original docket number 1742.

---

[3] Opposition at 3.

[4] Corrected Sealed Order, filed July 14, 2009.

[5] Sealed Ex Parte Motion to Enforce Permanent Injunction and to Preserve Evidence, filed July 15, 2009.

[6] Order (Sealed) Denying Sealed Ex Parte Motion, filed July 15, 2009.

[7] Opposition at 3.

## ORDER

IT IS HEREBY ORDERED that Donald Bowers may request and purchase the transcript for the July 14, 2009 hearing under the usual procedure and conditions for such requests.  But before that transcript is provided to Bowers or filed on the docket, it must first be provided to ClearOne to review and redact any protected information.  After review and redaction by ClearOne, *only* the redacted version of the transcript will be provided to Bowers and filed on the docket.

IT IS FURTHER ORDERED that the sealed orders found at docket numbers 1739 and 1743 will be unsealed.

IT IS FURTHER ORDERED that ClearOne will redact the motion contained in docket number 1742 and file the motion in redacted form referencing the original docket number 1742.

Dated August 29, 2012.

BY THE COURT:

David Nuffer
United States District Judge

3