IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>　　　　Defendants. | MEMORANDUM DECISION and ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ACCESS TO TRANSCRIPT AND SEALED DOCUMENTS<br><br>Civil No. 2:07-cv-037-DN<br><br>District Judge David Nuffer |

　　Defendant Lonny Bowers (Bowers) filed a motion for access to the transcript for the July 14, 2009 hearing and other sealed documents filed on the docket.[1] ClearOne does not oppose allowing Bowers access to some of the identified sealed documents, but does oppose Bowers's "*unrestricted* access to these documents, including because they contain (or in the case of the July 14, 2009, hearing transcript, may contain) the confidential and/or trade secret information of ClearOne."[2]

---

[1] Motion for Access to Docket Nos. 2254, 2255, 2274 and the July 14, 2009 Hearing Transcript (Motion), docket no. 2680, filed Feb. 22, 2012.

[2] Partial Opposition to Lonny Bowers' Motion for Access to Docket Nos. 2254, 2255, 2247 and the July 14, 2009 Hearing Transcript [2680] (Opposition) at 2, docket no. 2690, filed March 7, 2012.

### 1. The July 14, 2009 Hearing Transcript

ClearOne does not have the July 14, 2009 hearing transcript and therefore, is unable to determine if it includes any protected information. Consequently, ClearOne does not object to Bowers requesting this transcript, "so long as ClearOne is first given the opportunity to review the transcript for its protected information, and if it does contain such information, to subsequently provide the transcript to Bowers in redacted form."[3] Accordingly, Lonny Bowers may request and purchase the transcript under the usual procedure and conditions for such requests. But before that transcript is provided to Bowers or filed on the docket, it must first be provided to ClearOne to review and redact any protected information. After review and redaction by ClearOne, only the redacted version of the transcript will be provided to Bowers and filed on the docket.

### 2. Access to Docket Number 2247[4]

Docket number 2247 is a Sealed Ex Parte Motion filed by ClearOne.[5] Everything contained in docket number 2247 has been already been provided in appropriately redacted form in publicly filed docket number 2316.[6] Docket number 2316 contains exactly the same documents filed as docket number 2247, with "only minor redactions on page 8 of Exhibit 2, wherein certain search protocol terms listed in sections 3(a)(b) through 3(a)(i) disclose confidential and/or trade

---

[3] *Id.* at 8.

[4] Bowers originally listed this as docket number 2274 in the caption of his motion. However, docket number 2247 is the actual filing at issue in his motion.

[5] Second Motion for Clarification and Modification of Rule 65 Order Granting *Ex Parte* Order to Enforce Confidentiality Orders and Preserve Evidence, docket no. 2247, filed ex parte and under seal on August 31, 2010.

[6] Redaction of and Sealed Motion for Clarification and Modification of Rule 65 Order Granting Ex Parte Order to Enforce Confidentiality Orders and Preserve Evidence, docket no. 2316, filed October 11, 2010.

secret information about ClearOne's algorithm."[7]  Accordingly, Bowers already has full access to docket number 2247 in redacted form as filed in docket number 2316.  Bowers is not permitted to have this document in completely unredacted form.[8]

### 3.  Access to Docket Numbers 2254 and 2255

Docket numbers 2254 and 2255 are docket entries titled Chambers Notes.  Chambers notes are used by court staff to make and store notes on the docket.  These kind of docket entries are restricted to court users only and not available for use by the parties or the public.[9]  Chambers notes are just that:  notations by chambers on the docket, but the notes are not part of the official docket or filings in the case.  Consequently, because these chambers notes are not part of the public docket, Bowers will not have access to them.  No party has access to them.  The documents in the chambers notes are generally courtesy copies provided to the court of sealed filings, all of which have been filed on the docket in both sealed and readacted form.  Bowers has access to the documents in redacted form.  The chambers notes entries are "intended for court personnel only."[10]

## ORDER

IT IS HEREBY ORDERED that Lonny Bowers may request and purchase the transcript for the July 14, 2009 hearing under the usual procedure and conditions for such requests.  But before that transcript is provided to Bowers or filed on the docket, it must first be provided to ClearOne to review and redact any protected information.  After review and redaction by ClearOne, *only* the redacted version of the transcript will be provided to Bowers and filed on the docket.

---

[7] Opposition at 3.

[8] *See* Confidentiality Order, docket no. 74, filed March 9, 2007.

[9] *ClearOne Commc'ns v. Bowers*, 643 F.3d 735, 782 (10th Cir. 2011).

[10] *Id.*

IT IS FURTHER ORDERED that Bowers's request for access to sealed docket number 2247 is DENIED. He already has access to this document in redacted form at docket number 2316.

IT IS FURTHER ORDERED that Bowers's request to access Chambers Notes at docket numbers 2254 and 2255 is DENIED. Chambers Notes are for the use of court personnel only.

Dated August 31, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge