IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECUSE**<br><br>Civil No. 2:07-cv-037-DN<br><br>District Judge David Nuffer |

Donald Bowers filed a pro se motion to recuse Judge David Nuffer because of bias and prejudice.[1] Because Bowers is a pro se litigant, his pleadings are liberally construed, but "he nevertheless must follow the same rules of procedure that govern other litigants."[2]

## Discussion

Bowers claims that while gathering documents he needed to comply with the court's May 8, 2014 Order, he "found a letter that he sent to Senators Orrin Hatch and Amy Klobuchar on January 16, 2012" opposing Judge Nuffer's appointment as a District Judge.[3] Bowers asserts because of this letter, Judge Nuffer has shown "incidents of bias" against him.[4]

---

[1] Motion to Recuse, docket no. 2986, filed under seal on May 28, 2014.

[2] *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992).

[3] Motion to Recuse at 2.

[4] *Id.* at 3.

"The decision to recuse is committed to the sound discretion of the district court."[5] "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[6] Judicial disqualification and recusal are governed by 28 U.S.C. sections 144 and 455.

1. **Recusal Under Section 144**

To disqualify a judge under section 144, a party must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."[7] "The affidavit must state the facts and the reasons for the belief that bias or prejudice exists."[8] To be timely, the affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."[9] "Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification."[10] "If properly pleaded, all of the factual allegations in the affidavit must be taken as true for purposes of the motion under § 144, and the court decides only whether the affidavit is timely and legally sufficient."[11]

The affidavit submitted by Bowers is neither timely nor sufficient under section 144. Bowers wrote the letter he claims gives rise to judicial bias over two years ago. Bowers began appearing before Judge Nuffer in the ongoing civil contempt in this case in June 2013 after

---

[5] *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992).
[6] *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987).
[7] 28 U.S.C. § 144.
[8] *Id.*
[9] *Id.*
[10] *Burger,* 964 F.2d at 1070 (citations omitted).
[11] *Salt Lake Tribune Pub. Co., LLC v AT & T Corp.,* 353 F.Supp.2d 1160, 1172-73 (D.Utah 2005).

criminal contempt charges were filed in the District of Utah. Bowers did not file a motion to recuse at that time. He claims that he had forgotten about the letter until he uncovered it when going through some documents last month. This does not amount to good cause for failure to file the motion and affidavit sooner.

The affidavit is legally insufficient because it does not "state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."[12] There is no reference in the affidavit to anything Judge Nuffer said or did to form a basis for disqualification.

### 2. Recusal Under Section 455

Under section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[13] A judge must also disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[14]

> Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality. There must be a reasonable factual basis to question the judge's impartiality. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.[15]

Bowers makes many assumptions about the judge's beliefs in this case, but does not raise any facts to provide a valid basis for his motion. Bowers claims instances of bias based on adverse rulings by the court. "However, adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification."[16] Bowers also argues that Judge Nuffer is

---

[12] *Hinman,* 831 F.2d at 939.

[13] 28 U.S.C. § 455(a).

[14] *Id.* § 455(b)(1).

[15] *In re McCarthey*, 368 F.3d 1266, 1269-70 (10th Cir. 2004) (citations omitted).

[16] *Green,* 969 F.2d at 919.

biased because he refused to appoint counsel for Bowers this civil proceeding when he has been appointed counsel in the criminal matter. But Bowers's motion for appointment of counsel[17] has not been denied. The court has taken his motion under advisement[18] pending the outcome of the review of the documents provided under the court's May 8, 2014 Order. Finally, Bowers claims that Judge Nuffer should recuse in this case because he "recused from the parallel criminal proceeding."[19] It is reasonable to assume, however, that after several years of judicial involvement in this case, Judge Nuffer recused when the newly filed criminal case was randomly assigned to him because he may have had "personal knowledge of disputed evidentiary facts concerning the proceeding."[20] His recusal in the criminal matter does not require him to recuse here.

## ORDER

IT IS HEREBY ORDERED that the Motion to Recuse[21] is DENIED.

Dated June 4, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[17] Emergency Motion to Request the Appointment of Counsel, docket no. 2942, filed March 25, 2014.

[18] Order from the April 21, 2014 Hearing at 2, docket no. 2972, filed May 8, 2014.

[19] Motion to Recuse at 13.

[20] 28 U.S.C. § 455(b)(1).

[21] Docket no. 2986.