IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CHIANG, an individual, JUN YANG, an individual, LONNY BOWERS, an individual, WIDEBAND SOLUTIONS, INC., a Massachusetts corporation, VERSATILE DSP, INC., a Massachusetts corporation, and BIAMP SYSTEMS CORPORATION, an Oregon corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY PENDING APPEAL<br><br>Civil No. 2:07-cv-037-DN<br><br>District Judge David Nuffer |

Donald Bowers moves, under Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure,[1] for a stay pending appeal[2] of the court's order entered on May 8, 2014.[3] The Order from which Bowers seeks to appeal is a post-judgment order denying Bowers's motion to stay the civil contempt proceedings pending the outcome of the criminal contempt case against him. The Order also provides another opportunity for Donald Bowers to purge his civil contempt as previously determined by the court[4] by providing to ClearOne "a written response, item by item, to the items enumerated in the Exhibit A to the Court's January 8, 2010, Order of Contempt

---

[1] "A party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A).

[2] Emergency Motion for Stay and Notice of Compliance (Motion), docket no. 2983, filed under seal on May 23, 2014.

[3] Order from the April 21, 2014 Hearing (Order), docket no. 2972, field May 8, 2014.

[4] *See* Ci**v**il Contempt Order and Memorandum Decision, docket no. 2234, filed August 13, 2010; Order at 3, docket no. 2319, filed October 14, 2010 ("Until Donald Bowers has purged himself of contempt, a finding which must be made by this court, it is hereby ordered that he shall be incarcerated.").

[Docket No. 2071], under oath and with supporting documents and materials ("Responses").[5] ClearOne will review the responses and provide commentary on the adequacy and completeness of each response.[6] The court will then carefully review the filed responses for accuracy and completeness, "and if found to be deficient, the full powers of the court to enforce its orders may be employed."[7]

Bowers requests the court to stay the order so that he will not be required "to provide ClearOne, and more specifically its attorney, James Magleby, with information and documents that are subject to the corresponding [simultaneous] criminal contempt proceedings [Case No. 2: 13 -cr-413-DB-BCW] pending appeal."[8] Bowers argues that Mr. Magleby was a grand jury witness in the current criminal contempt case and "[t]he information and documents being provided to James Magleby, through these civil proceedings, can only and obviously assist him and the government in the corresponding criminal matter."[9] Bowers was advised during the hearing[10] that his production of documents is governed by the protective order[11] entered in this case and the documents would not be provided to the government.

> To obtain a stay pending appeal, 10th Cir. R. 8.1 requires an applicant to address the following four factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.[12]

---

[5] Order at 1-2 (footnote omitted).

[6] *Id.* at 2.

[7] *Id.*

[8] Motion at 1.

[9] *Id.* at 2.

[10] Minute Order, docket no. 2963, filed April 21, 2014 ("Mr. Donald Bowers argued that he is not subject to the protective order (doc. 74). Discussion heard. Court instructed that the protective order applies to the case, all parties and non-parties.").

[11] Order Granting in Part Motions for Confidentiality Order, docket no. 74, filed March 9, 2007.

[12] *Spain v. Podrebarac*, 68 F.3d 1246, 1247 (10th Cir. 1995).

Bowers does not address the likelihood of success on appeal and the court does believe this factor lends any weight in his favor. The Order is not a final judgment, but a post-judgment order denying a motion to stay the civil proceedings and providing Bowers an additional opportunity avoid incarceration by purging his civil contempt as found by the court years earlier. Further, Bowers attached the required information to his motion to show that the requested stay was not for purposes of delay.[13] A stay at this point would only delay ClearOne's receipt and analysis of the submitted documents and further delay the court ruling on whether Bowers has purged his contempt. The likelihood of success on appeal appears low.

Bowers claims if the stay is not granted his "4th Amendment and his 6th Amendment rights will be removed and he will suffer irreparable harm."[14] Bowers does provide any explanation how a failure to stay the order will harm him or affect his rights. Contrary to Bowers's position, the Order actually provides him another chance to purge his civil contempt after the court has already determined he failed to do so years earlier. The threat of irreparable harm if the stay is not granted is low.

Bowers argues that ClearOne would not be harmed by the stay because "[t]his case has been closed for five (5) years" and the communications equipment companies formerly controlled by Bowers are no longer in business.[15] Yet since at least the time the contempt orders were entered in 2010, ClearOne has had a strong interest in Bowers purging his contempt to insure that its protected information is returned to its sole control and is not being used in other products. ClearOne has waited long enough to have Bowers

---

[13] Motion at 5.
[14] *Id.* at 4.
[15] *Id.*

provide the court ordered information. A stay of the Order will only cause more delay, which ultimately harms ClearOne.

Finally, Bowers argues that a stay in this matter would serve the public interest because "[t]he public interest is best served when any citizen's individual rights are recognized and preserved."[16] This argument does not show that a stay is necessary to protect any risk of harm to the public interest.

After careful review of the factors considered when a stay requested, none of the factors weigh in favor of a stay.

## ORDER

IT IS HEREBY ORDERED that the Emergency Motion for Stay[17] is DENIED.

IT IS FURTHER ORDERED that Donald Bowers shall immediately provide the documents attached to his motion to stay to ClearOne as previously ordered.

Dated June 5, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[16] *Id.* at 5.

[17] Docket no. 2983.