IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>      Plaintiff,<br>v.<br><br>LONNY BOWERS and DONALD BOWERS,<br><br>      Defendants. | ORDER GRANTING MOTION TO EXECUTE BENCH WARRANTS and DENYING PENDING MOTIONS FILED BY DONALD BOWERS<br><br>Case No. 2:07-cv-37-DN<br><br>District Judge David Nuffer |

At the March 31, 2016 hearing to resolve pending motions filed by Plaintiff ClearOne Communications, Inc. (ClearOne) and Donald Bowers, James Magleby and Jennifer Frazier Parrish appeared for ClearOne, Robb Jones appeared for Lonny Bowers, and Donald Bowers appeared pro se and participated via telephone conference call from the federal prison camp where he is currently incarcerated. Due to the federal correctional facility's time constraints on the call, the hearing proceeded without argument from the parties.

After a complete review of the papers filed in support of the motions filed by Donald Bowers,[1] both motions are denied because they are entirely without merit.

The record regarding the civil warrants was summarized and clarified in order to address ClearOne's motion for an order executing the bench warrants against Donald Bowers and Lonny Bowers.[2] At a hearing on July 17th, 2013, Lonny Bowers's motion to recall the civil warrant[3] was denied, but the effect of the warrant was stayed based on Lonny Bower's agreement to

---

[1] Motion Requesting the Appointment of Counsel, docket no. 3108, filed January 11, 2016; Motion for Sanctions Pursuant to 28 U.S.C. § 1927, docket no. 3114, filed January 21, 2016.

[2] Ex Parte Emergency Motion for Order Executing the Bench Warrants Against Donald Bowers and Lonny Bowers (Motion), docket no. 3105, filed December 31, 2015.

[3] Bench Warrant for Lonny Bowers, docket no. 2073, filed January 8, 2010.

appear as all civil hearings as a condition of his criminal pretrial release.[4] Donald Bowers's civil warrant[5] was executed[6] while he was detained in the criminal matter, and he appeared on August 12, 2013 hearing regarding that warrant.[7] At the hearing, Donald Bowers also agreed to appear at all civil hearings as an additional condition of his criminal pretrial release.[8] Therefore, the custodial status operation of the civil warrant was suspended pending resolution of the criminal case, but the warrant was executed and remained in effect.[9]

Donald Bowers's objections[10] to the Motion have been carefully reviewed. He first claims that additional incarceration will not provide information or remediate the contempt relief that ClearOne seeks.[11] But that has not been established. When the operation of custodial status of the civil warrants was suspended, essentially staying the proceedings on civil warrants, there was a concern about the interrelationship of the civil warrants with the criminal case. The concern was that even if Donald or Lonny Bowers took action to remediate their contempt it might incriminate them in the criminal case and show that they had the ability to comply. There is no such fear now. They have been adjudicated in the criminal case.

Donald Bowers also claims is that neither he nor Lonny Bowers have the code and that only Jun Yang has the code. There has been an entirely weak and insufficient demonstration of

---

[4] Minute Order, docket no. 2841, filed July 17, 2013.

[5] Bench Warrant for Donald Bowers, docket no. 2321, filed October 13, 2010.

[6] Bench Warrant Return, docket no. 2843, filed July 18, 2013.

[7] Minute Entry, docket no. 2849, filed August 12, 2013.

[8] *Id*.

[9] *Id*.

[10] Reply to ClearOne's Ex Parte Motion for Order Executing the Bench Warrants Against Donald Bowers and Lonny Bowers (Opposition), docket no. 3107, filed January 8, 2016.

[11] *Id*. 2-4.

any efforts to get Mr. Yang to comply with the court's orders that would relieve Donald or Lonny Bowers of their contempt.

Donald Bowers cites extensively to Judge Benson's comments from the December 2015 sentencing in the criminal case regarding the return of ClearOne's code.[12] What Donald Bowers fails to cite is that Judge Benson said that he thought Donald and Lonny Bowers "committed perjury" and that "their conduct [was] deplorable."[13] He noted how they have been abusive of the system[14] and abusive of ClearOne and its intellectual property.[15]

Throughout the history of this case, the Bowerses continued product sales in an evasive manner. They have demonstrated their intention to protect themselves at the expense of others. But now the criminal case is no longer awaiting trial. All due process and Fifth Amendment barriers to this proceeding are gone. Donald and Lonny Bowers are serving a term of incarceration. Incarceration may make it difficult for them to locate and procure Mr. Yang's compliance to return and verify that he is no longer in possession of the code. But that is the current situation and it is their problem to overcome.

## ORDER

IT IS HEREBY ORDERED that ClearOne's Motion[16] is GRANTED. Any stay of the effect of the warrants imposed in July and August of 2013 is now lifted. The warrants are in full effect. Donald Bowers and Lonny Bowers shall remain incarcerated until purged of contempt.

---

[12] *Id.*

[13] Sentencing Tr. 45:2-5, Case no. 2:13-cr-413-DB-BCW, docket no. 339-5, filed March 3, 2016.

[14] Sentencing Tr. 44:17-45:15.

[15] Sentencing Tr. 45:16-46:17.

[16] Docket no. 3105, filed December 31, 2015.

Copies of the warrants are attached to this order. At the end of their term of their imprisonment, these civil warrants will be upheld and both defendants will be brought to the District of Utah where they will be further incarcerated.

IT IS FURTHER ORDERED that the pending motions[17] and the motion filed by Donald Bowers after the hearing for a stay or preliminary injunction on enforcement of the civil warrant[18] are DENIED.

Signed May 4, 2016.

BY THE COURT

District Judge David Nuffer

---

[17] Docket nos. 3108 and 3114.

[18] Emergency Motion to Request Stay or Preliminary Injunction of Enforcement of the Civil Warrant, Until 60 Days After Completion of Movant's Criminal Contempt Sentence, docket no. 3126, filed April 7, 2016.

4

United States District Court
for the
District of Utah
May 4, 2016

******MAILING CERTIFICATE OF THE CLERK******

RE: ClearOne Communications v. Chiang et al
2:07cv37 DN

Jeffrey L. Silvestrini (Terminated)   jeff@cohnekinghorn.com, clarson@cohnekinghorn.com

Mark M. Bettilyon   mark.bettilyon@tnw.com, alexandra.thomas@tnw.com, litigation@tnw.com

E. Scott Savage   ssavage@sywlaw.com

James E. Magleby   magleby@mcgiplaw.com, gibson@mcgiplaw.com, kidd@mcgiplaw.com

Amy F. Sorenson (Terminated)   docket_slc@swlaw.com

Samuel C. Straight   sstraight@rqn.com, bsears@rqn.com, docket@rqn.com

Christine T. Greenwood   greenwood@mcgiplaw.com, bilginsoy@mcgiplaw.com, gibson@mcgiplaw.com, kidd@mcgiplaw.com

Jason A. McNeill   mcneill@mcgiplaw.com, gibson@mcgiplaw.com, kidd@mcgiplaw.com

Ryan B. Bell   rbell@rqn.com, bsears@rqn.com, docket@rqn.com

Christopher M. Von Maack   vonmaack@mcgiplaw.com, gibson@mcgiplaw.com, kidd@mcgiplaw.com

Benjamin W. Lieberman   ben@bwllaw.com

Jennifer F. Parrish   parrish@mcgiplaw.com, gibson@mcgiplaw.com, kidd@mcgiplaw.com, wayment@mcgiplaw.com

Jacob D. Koering   koering@millercanfield.com, fenlon@millercanfield.com

Jennifer L. Fitzgerald   jfitzgerald@freebornpeters.com

Robb B. Jones   robb.jones1980@gmail.com

Andrew Chiang
563 MARRETT RD
LEXINGTON, MA 02421

Randolph Frails
211 PLEASANT HOME RD STE A-1
AUGUSTA, GA 30907

Donald D. Bowers
18153-021
USP LEWISBERG – CAMP
UNIT 1
US PENITENTIARY
INMATE MAIL/PARCELS
PO BOX 2000
LEWISBERG, PA 17837

Lonny Bowers, Reg. No. 21811-014
MDC BROOKLYN
METROPOLITAN DETENTION CENTER
PO BOX 329002
BROOKLYN, NY 11232

Jun Yang
1 TEABERRY LN
ANDOVER, MA 01810

_____

Aimee Trujillo