IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>    Plaintiff,<br>v.<br><br>DONALD BOWERS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER OF INCARCERATION FOR CIVIL CONTEMPT<br><br>Case No. 2:07-cv-37-DN<br><br>District Judge David Nuffer |

In August 2010, Donald Bowers was found in contempt of court in an order[1] issued after an order to show cause[2] and contempt hearing.[3] The Contempt Order incorporated an earlier contempt order[4] against other defendants which included findings as to Donald Bowers but did not apply to him at the time because he was under the protection of the automatic stay in his Chapter 7 bankruptcy filing.[5] The Contempt Order provided Donald Bowers with another opportunity to purge his contempt, listing what he needed to do, and set a hearing on October 13, 2010 to determine if he had complied.[6] Donald Bowers was ordered to appear in person at the hearing.[7]

Donald Bowers failed to appear for the October 13 hearing. The court order found that "Mr. Bowers has made no meaningful effort to purge himself of contempt. Instead, he adamantly

---

[1] Civil Contempt Order and Memorandum Decision (Contempt Order), docket no. 2234, filed August 13, 2010.

[2] Order to Show Cause, docket no. 2146, filed April 7, 2010.

[3] Minute Entry, docket no. 2209, filed May 27, 2010.

[4] Memorandum Decision and Order of Contempt, docket no. 2009, filed November 19, 2009.

[5] *In re Donald D. Bowers*, Case No. 1:09-BK-12301 (Bankr. S.D. Ga. 2009).

[6] Contempt Order at 34-35.

[7] *Id.*

refuses to recognize his own obligations and responsibilities."[8] The order concluded that "[u]ntil Donald Bowers has purged himself of contempt, a finding which must be made by this court, it is hereby ordered that he shall be incarcerated."[9] A civil bench warrant was issued to arrest Donald Bowers for contempt and failure to appear.[10] Because Donald Bowers lived in Georgia, the civil warrant could not be executed on him until he returned to Utah.[11]

Almost three years later, Donald Bowers was indicted on two counts of criminal contempt arising from his civil contempt in this case.[12] Donald Bowers was arrested on the criminal warrant and returned to Utah for the criminal case.[13] Once in Utah, Donald Bowers was served with the outstanding civil contempt warrant[14] and at a hearing where he agreed to certain conditions, the custodial status operation of the civil warrant was suspended pending resolution of the criminal case, but the executed warrant remained in effect.[15] The operation of custodial status of the civil warrant was suspended, essentially staying the proceedings on civil warrants, because there was a concern about the interrelationship of the civil warrants with the criminal case. The stay recognized that Donald Bowers's action to remediate the civil contempt might incriminate him in the criminal case and clearly demonstrate that he had the ability to comply.[16]

---

[8] Order at 2, docket no. 2319, filed October 14, 2010.

[9] *Id.* at 3.

[10] Bench Warrant, docket no. 2321, filed October 13, 2010.

[11] *See* Fed. R. Civ. P. 4.1(b) ("Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.").

[12] *United States v. Bowers*, Case No. 2:13-cr-413-DB-BCW, docket number 1, filed June 5, 2013.

[13] *Id.* at docket number 9.

[14] Bench Warrant Returned, docket no. 2843, filed July 18, 2013.

[15] Minute Entry, docket no. 2849, filed August 12, 2013.

[16] *See* Order Granting Motion to Execute Bench Warrant and Denying Pending Motions Filed by Donald Bowers (Order to Execute Bench Warrants) at 2, docket no. 3134, filed May 4, 2016.

At a hearing in April 2014, Donald Bowers was given yet another opportunity to purge his contempt.[17] Donald Bowers was ordered to provide "a written response, item by item, to the item enumerated in the Exhibit A[18] to the Court's January 8, 2010, Order of Contempt [Docket No. 2071], under oath and with supporting documents and materials ("Responses")."[19] After filing several motion contesting the order and seeking extensions, ClearOne received Donald Bowers's responses on August 27, 2014.[20] ClearOne provided the court with a point by point analysis of the information it received from Donald Bowers.[21] Although ClearOne notes that Donald Bowers provided some new documentation which he had claimed did not exist,[22] his response was "simply a re-argument of things already rejected by Judge Campbell when the Contempt Orders were issued."[23]

As a result of the criminal trial in September 2015, Donald Bowers was found guilty of two counts of criminal contempt.[24] He was sentenced to 15 months in prison to be followed by 36 months of supervised release.[25]

Another hearing on the civil contempt was held after the resolution of the criminal case.[26] At that hearing, the court found that Donald Bowers had shown "an entirely weak and

---

[17] Minute Order, docket no. 2963, filed April 21, 2014.

[18] Docket no. 2071-1.

[19] Order from the April 21, 2014, Hearing, docket no. 2972, filed May 8, 2014.

[20] Notice Pursuant to Orders, Docket Nos. 2997 and 3039, docket no. 3044, filed August 27, 2014.

[21] Response to Donald Bowers' May 22, 2014, Submission (Received August 27, 2014) and Motion to Enforce the Court's Previous Order that Donald Bowers be Incarcerated Until His Contempt is Purged, docket no. 3079, filed under seal on September 24, 2014.

[22] *Id*. at 6 n.3.

[23] *Id*. at 6.

[24] Jury Verdict in *United States v. Bowers*, Case No. 2:13-cr-413-DB-BCW, docket number 301, filed October 7, 2015 (rendered on September 25, 2015).

[25] *United States v. Bowers*, Case No. 2:13-cr-413-DB-BCW, Minute Entry, docket number 318, filed December 10, 2015; Amended Judgment, docket number 345, filed March 28, 2016.

[26] Minute Order, docket no. 3124, filed March 31, 2016.

insufficient demonstration of efforts" to purge his contempt,[27] and stated that "[a]ny stay of the effect of the warrants imposed in July and August of 2013 is now lifted. The warrants are in full effect. Donald Bowers and Lonny Bowers shall remain incarcerated until purged of contempt."[28] Because Donald Bowers was currently incarcerated under the criminal sentence, he was ordered to be brought to Utah at the end of his term of imprisonment to be further incarcerated on the civil contempt.[29]

Another hearing was scheduled as the end Donald Bowers's term of imprisonment approached.[30] Donald Bowers appeared at the hearing in USMS custody and was again served with the civil warrant so that there was no question that the warrant was executed and in full effect.[31] ClearOne explained that it still needed full and complete answers in all areas of Exhibit A and information on its misappropriated technology and that it had not received any information since the last hearing in March 2016. Donald Bowers was allowed to explain any actions he has taken to purge his contempt, but he provided no specifics or documentation.[32] Based on the authority of *Application of U.S. Senate Permanent Subcommittee on Investigations*,[33] Donald Bowers was placed in the custody of the USMS to be incarcerated for civil contempt, deferring completion of his criminal incarceration. Orders from the case file were delivered to him to clarify the actions needed to cure his contempt.

---

[27] Order to Execute Bench Warrants at 2.

[28] *Id.* at 3.

[29] *Id.* at 4.

[30] Notice of Hearing: Contempt Status Conference, docket no. 3146, filed September 29, 2016.

[31] Warrant Returned Executed, docket no. 3154, filed October 12, 2016.

[32] Minute Entry, docket no. 3153. Filed October 12, 2016.

[33] 655 F.2d 1232, 1239 & n.33 (D.C. Cir. 1981) (permitting a civil contempt sentence to interrupt a criminal sentence previously imposed and citing seven other circuits that have adopted the same rule with "no circuit which has addressed the issue has held otherwise.").

## ORDER OF INCARCERATION FOR CIVIL CONTEMPT

Donald Bowers shall be immediately placed in USMS custody and incarcerated on civil contempt. The civil contempt sentence shall interrupt his previously imposed criminal sentence,[34] and Donald Bowers shall remain incarcerated under the contempt order of this court[35] until he has purged his contempt. Donald Bowers must file written documentation of any actions taken to cure his contempt, return misappropriated technology to ClearOne, or provide any information that would assist ClearOne in determining the disposition of the Honeybee Code and ClearOne's trade secrets and confidential information.

Signed October 14, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[34] *Id.*

[35] Order, docket no. 2319, filed October 14, 2010.