IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah corporation,<br><br>      Plaintiff,<br>v.<br><br>DONALD BOWERS,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION FOR APPOINTMENT OF COUNSEL**<br><br>Case No. 2:07-cv-37<br><br>District Judge David Nuffer |

Donald Bowers requests reconsideration of his earlier motion to appoint him counsel because he is incarcerated until he purges his civil contempt.[1] At the court's request,[2] ClearOne filed a response.[3]

There is no constitutional right to counsel in civil cases.[4] The court may, at its discretion, "request an attorney to represent any person unable to afford counsel."[5] The applicant has the burden of convincing the court that his claim has enough merit to justify the appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims,

---

[1] Request for Reconsideration of Motion Requesting the Appointment of Counsel (DE 3108) (Motion), docket no. 3158, filed October 24, 2016.

[2] Docket Text Order, docket no. 3167, filed November 7, 2016.

[3] Response to [3158] Motion to Appoint Counsel (Response), docket no. 3181, filed November 23, 2016.

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *see also Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994) ("The Sixth Amendment right to counsel does not attach until the initiation of formal adversary criminal proceedings whether by way of formal charge, indictment, information, or arraignment.").

[5] 28 U.S.C. § 1915(e)(1).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[7]

Here the legal issues here are not complex and Donald Bowers has demonstrated that he is able to adequately file documents and argue his position, so he is not in need of procedural assistance. Donald Bowers has already been found in contempt of court[8] and ordered incarcerated until he purges his contempt.[9] The Order of Incarceration for Civil Contempt[10] stated that to purge his contempt "Donald Bowers must file written documentation of any actions taken to cure his contempt, return misappropriated technology to ClearOne, or provide any information that would assist ClearOne in determining the disposition of the Honeybee Code and ClearOne's trade secrets and confidential information."[11] The only issue remaining is Donald Bowers's attempts to purge his contempt with written documentation or a timeline of his involvement in the misappropriation of ClearOne's trade secrets or confidential information. This is factual information and activity within his control. Thus, appointment of counsel is not necessary under the factors set forth by the Tenth Circuit and the motion to reconsider appointment of counsel[12] is DENIED.

Signed December 7, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[7] *Long v. Schillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[8] Civil Contempt Order and Memorandum Decision (Contempt Order), docket no. 2234, filed August 13, 2010.

[9] *See* Memorandum Decision and Order of Incarceration for Civil Contempt, docket no. 3155, filed October 14, 2016 (outlining the history of finding Donald Bowers in contempt and the numerous opportunities provided to him to purge the contempt short of incarceration).

[10] *Id*.

[11] *Id*. at 5.

[12] Docket no. 3158.